IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-20251

Judge _____

FONTAINEBLEAU FLORIDA HOTEL,
LLC d/b/a FONTAINEBLEAU MIAMI
BEACH, a foreign limited liability
company,

Plaintiff.

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," an individual,
and JOHN DOES 1-10,

Defendants.

_____/

**DEFENDANT, JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH'S,"**
**NOTICE OF REMOVAL**

DEFENDANT, JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH",

(hereinafter "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove Case No.:

2024-024127-CA-01, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-

Dade County, Florida, in which the action is now pending, to the United States District Court for

the Southern District of Florida, Miami Division, and states:

1

**BACKGROUND**

1.      This case is properly removable due to complete diversity of citizenship.

2.      Venue is proper in the Miami Division of the United States District Court for the Southern District of Florida because Plaintiff filed this case in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* 28 U.S.C. § 1441(a).

3.      Pursuant to 28 U.S.C. § 1446(a) and the Southern District's Civil Filing Requirements, attached as composite "Exhibit A" is a copy of all pleadings and papers filed and/or served in the state court.

4.      There only pending motion in the state court is Defendant's Motion for Extension of Time to Respond to Complaint.

5.      Attached as "Exhibit B" is a copy of the JS 44 Civil Cover Sheet.

**I.      The Notice of Removal is Timely.**

6.      Plaintiff filed this action on December 19, 2024, seeking monetary and injunctive relief arising from Defendant's social media posts following an incident in the lobby of the Fontainebleau Miami Beach hotel wherein a registered guest threatened and harassed Defendant based on Defendant's religious beliefs. *See generally* Compl.

7.      Plaintiff claims to have served Defendant with the lawsuit on December 19, 2024, through an attorney who never formally represented Defendant and who did not have the authority to accept service.

8.      Regardless, the undersigned counsel entered a Notice of Appearance on January 2, 2025.

9.     Accordingly, pursuant to 28 U.S.C. §§ 1446(b), this Petition is timely, as it is within thirty (30) days of the alleged service of the Summons and Complaint *and* Defendant's appearance in the litigation.

10.     Pursuant to § 28 U.S.C. 1446(d), Defendants will serve Plaintiff with written notice of the filing of this Notice of Removal and will also file a notice with the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A copy of such notice to be filed is attached as "Exhibit C."

**II.     There is Complete Diversity of Citizenship.**

11.     Plaintiff is a Delaware limited liability company with its principal place of business in Miami Beach, Florida. *See* Compl. at ¶17 and Entity Deatil from Sunbiz.org, which is attached hereto as "Exhibit D."

12.     On the date this lawsuit was filed, Defendant was a resident and citizen of the State of New Jersey. *See* Declaration of Defendant attached hereto as "Exhibit E."

13.     Defendant currently lives and resides in New Jersey. Ex. E.

14.     While Plaintiff has also sued "JOHN DOES 1-10," "[t]he presence of John Does does not destroy diversity jurisdiction in cases removed to federal court." *Walker v. CSX Transp., Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011).

15.     Accordingly, there is complete diversity among the parties.

**III.     Plaintiff is Seeking Damages in Excess of $75,000.00.**

16.     When determining the amount in controversy, a district court may make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin*

*N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).

17.     "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

18.     "When a complaint does not allege a specific number of damages, '[a] defendant seeking removal must establish by a preponderance of evidence that the amount in controversy exceeds the jurisdictional minimum.'" *Hadder v. Qbe Specialty Ins. Co., No. 22-62304-CIV-MARTINEZ*, 2023 U.S. Dist. LEXIS 238307, at *4 (S.D. Fla. Aug. 3, 2023) (quoting **S**. *Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

19.     Here, Plaintiff has filed two counts against Defendant. Count I for Defamation and Count II for Tortious Interference with Business Relationships.

20.     Each count seeks monetary and injunctive relief based on "hundreds of cancellations" and damage to Plaintiff's reputation and business relationships.

21.     The allegations in the Complaint plainly establish that Plaintiff is seeking more than $50,000, the jurisdictional minimum for Circuit Civil courts in Florida. *See* Compl. at ¶20.

22.     The allegations further demonstrate that Plaintiff is seeking damages in excess of $75,000, the jurisdictional minimum for this Court.

23.     For example, according to the Complaint Plaintiff has suffered harm to its "sales, reputation, customer relationships, and business goodwill." *See* Compl. at ¶76.

24.     The Complaint further avers that "the Hotel has suffered damages with respect to its business relationships" and that hundreds of guests cancelled reservations. *See* Compl. at ¶¶ 52, 92.

25.     The Complaint further seeks to enjoin Defendant from exercising his right to free speech by limiting or prohibiting him from discussing certain topics or posting to his social media accounts and "hundreds of thousands of followers."

26.     Plaintiff also intends to seek "uncapped punitive damages" from Defendant. *See* Compl. at ¶62.

27.     Finally, Plaintiff filed a Civil Cover Sheet with the Miami-Dade Clerk of Court indicating that it was seeking over $100,000. *See* Civil Cover Sheet attached hereto as Exhibit F.

28.     Based on the foregoing, it is reasonable to conclude that the amount in controversy exceeds   this Court's   $75,000 jurisdictional threshold.

29.     Accordingly, the District Courts of the United States have original jurisdiction of this civil action as provided in 28 U.S.C. § 1332 because this lawsuit presents complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that Case No.: 2024-024127-CA-01, now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, be removed to the United States District Court, Southern District of Florida, Miami Division.

[THIS PORTION INTENTIONALLY LEFT BLANK]

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on **January 16, 2025,** I electronically filed the foregoing by using the CM/ECF system, which will serve an electronic copy on the following: **Sean A. Burstyn, Esquire** (sean.burstyn@burstynlaw.com) Burstyn Law PLLC, 1101 Brickell Avenue, Suite S700, Miami, FL 33131, *Attorneys for Plaintiff.*

*/s/John Y. Benford*
John Y. Benford, Esquire
Florida Bar No. 51950
john.benford@wilsonelser.com
alyssa.heitman@wilsonelser.com
Jacqueline M. Bertelsen, Esquire
Florida Bar No. 123747
jacqueline.bertelsen@wilsonelser.com
daniela.ezeta@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 N. Orange Avenue, Suite 1200
Orlando, FL 32801
Telephone:  407-203-7599
Facsimile:  407-648-1376
Counsel for Defendant, Jacob Shmuel Botach