**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Fontainebleau Florida Hotel, LLC, Fontainebleau Miami Beach</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>Jacob Shmuel Botach, Shmuley Boteach</u>
Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

## III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☒ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>4</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Sean A. Burstyn</u>      Fla. Bar # <u>1028778</u>
      Attorney or party           (Bar # if attorney)

<u>Sean A. Burstyn</u>          <u>12/19/2024</u>
 (type or print name)        Date

IN THE CIRCUIT COURT OF THE 11ᵀᴴ JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

FONTAINEBLEAU FLORIDA HOTEL,
LLC d/b/a FONTAINEBLEAU MIAMI
BEACH, *a foreign limited liability
company*,

      *Plaintiff*,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," *an individual*,
and John Does 1-10,

      *Defendants*.

_____/

CASE NO. _____


**COMPLAINT**


**BURSTYN LAW PLLC**

Sean A. Burstyn
Florida Bar No. 1028778
1101 Brickell Avenue, Suite S700
Miami, FL 33131

*Counsel for Plaintiff*
*The Fontainebleau Miami Beach*

## INTRODUCTION

1.   In every context imaginable, reasonable people would call the actions of Defendant Jacob Shmuel Botach a/k/a "Shmuley Boteach" a "shakedown."

2.   The social media influencer and rabbi has been on a multi-week assault on the Fontainebleau Miami Beach,[1] its personnel, and representatives—creating AI videos purporting to show them celebrating antisemitism, comparing them to Nazi collaborators, falsely accusing them of banning Jews from the property, and fabricating statements that they embraced a policy of Judenrein, *i.e.*, the extermination of six million Jews.

3.   In addition to these defamatory and harassing statements made by Defendant Boteach, Defendant Boteach has also explicitly threatened the Hotel, and its personnel and representatives, with violence and harm. He has threatened to "uproot" them as "traitors" to their people, vowed to "fight" them "completely," and warned they have "no idea what's in store for them." In a video about the Hotel's outside counsel, he spoke of the "lessons" of a historical figure who "went after" traitorous Jews and killed them.

4.   This is not the Hotel's first such experience with Defendant Boteach. Less than two years ago, Defendant Boteach again recorded a verbal altercation in the lobby of the Hotel, then approached Hotel management seeking compensation to calm the outrage that would follow a social media campaign amplifying the video recording.

5.   While Defendant Boteach publicly claims that in 2023 he proposed aligning with the Hotel in exchange for a commitment to retrain security (which was already provided by the Hotel), Defendant Boteach omits that he also demanded personal lifetime access to the swimming pool and gym at the Hotel (the same place he says is unsafe). Ultimately, Defendant Boteach accepted a free dinner at the Hotel and moved on.

---

[1] Plaintiff Fontainebleau Florida Hotel, LLC d/b/a Fontainebleau Miami Beach ("Fontainebleau" or "Hotel").

6.    Now he's back again, with a promise to "de-escalate" his campaign of harassment in exchange for a $1 million "donation" to his organization, World Values Network.

7.    After the Hotel declined to cower to his extortion, Defendant Boteach intensified his calls for the public to boycott the Hotel on the basis of his categorically false statements that the Hotel obstructed a police investigation into heinous statements hurled at him by a third party unaffiliated with the Hotel on December 2, 2024.[2] Defendant Boteach's targeted harassment of innocent Hotel personnel is a harmful and misdirected response to the serious scourge of antisemitism, which the Hotel *again* condemns in no uncertain terms.

8.    Defendant Boteach's conduct is malicious, illegal, intentional, and wildly out of control. In fact, he went through three law firms in the first 10 days since the Incident—a law firm attrition rate of approximately one firm every three days.

9.    Defendant Boteach has posted information about the Hotel's financial transactions in connection with a demand that the Hotel pay him *$100 million*, which is outrageous on its face and designed to interfere with the Hotel's business relationships. Defendant Boteach's continued false statements that the Hotel affirmatively supports antisemitism are defamatory, unrelenting, and have forced the Hotel to commence litigation to end Defendant Boteach's extortion and remedy the damages caused by his misconduct.

10.  Following the Incident and the Hotel's decision not to agree to his demand for $100 million, Defendant Boteach made multiple false and damaging statements about the Hotel, including by way of example:

      a.   Defendant Boteach deliberately distorted a statement of the Hotel, deleting a portion that made clear it declined entry to persons threatening litigation against the Hotel, so

---

[2] The attack is described herein as the "Incident," the same word Defendant Boteach used to describe it.

as to create the false appearance that he was told that the Hotel enacted a policy to ban Jews.

b. Defendant Boteach falsely stated that the Hotel "denie[d]" he was subject to antisemitism and that he could not go to the Hotel because he is "too Jewish."

c. Defendant Boteach falsely claimed that the Hotel stated that he was "equally responsible" for the attack upon him.

d. Defendant Boteach posted a video falsely accusing the Hotel of unqualifiedly refusing to cooperate with law enforcement in its investigation and omitting material information that he knew.

e. Defendant Boteach published several AI-generated videos of persons affiliated with the Hotel in which he purports to quote them apologizing (*i.e.*, admitting misconduct) and denying the wrongfulness of antisemitism.

f. Defendant Boteach published a false statement that Hotel leadership hugged a "radical Islamist thug," furthering his false claims that the Hotel supports antisemitism and stating his counsel was preparing "the most devastating lawsuit from which I hope the rancid hotel will never recover."

g. Defendant Boteach posted "ANY JEW STILL STAYING AT THE [HOTEL] . . . OBVIOUSLY HAS A DEATH WISH. **THIS WILL HAPPEN TO YOU AND THERE WILL BE NOONE** [sic] **TO SAVE YOU**. #BOYCOTTFONTAINBLEAUNOW!!" (Emphasis added.)

11. While Defendant Boteach lionized himself as a hero to hundreds of thousands of social media followers, what he did not share with his followers is that he was simultaneously trying to negotiate for money from the Hotel—money he would only accept if it went to a "charity" controlled by him.

12. At all hours of the day and night, Defendant Boteach proceeded to harass the Hotel and its

representatives. For example, he posted a "headshot" photograph of the head of the Hotel's outside counsel with the words "DIGITALLY DECAPITATED" and later, at 3:49 am, menacingly threatened that counsel was "about to have a really interesting Shabbat" when he arrived at his synagogue, which Defendant Boteach identified by name and location. Defendant Boteach directly contacted counsel's clergy and posted harassing images of them.

13. Defendant Boteach's conduct is malicious and illegal. He has engaged in extortion against the Hotel. Indeed, he has replaced his civil litigation team and is now personally represented by criminal defense counsel. It is unclear if Defendant Boteach's actions in selecting his current counsel are motivated by the fact that the Hotel has not only been working closely with the Miami Beach Police Department and local prosecutors since the night of the Incident, but also working closely with federal authorities in investigating the Incident and the conduct surrounding the Incident.

14. The Hotel will seek to recover all of the damages Defendant Boteach has caused. These unwarranted attacks against a Florida hospitality institution have been unrelenting and have forced litigation. Since 1954, guests of all backgrounds have traveled the world to enjoy the iconic Fontainebleau Hotel in Miami Beach. Defendant Boteach's false statements about the Hotel cannot be tolerated.

15. Plaintiff will seek an order requiring Defendant Boteach to pay all of the damages that he has caused the Fontainebleau, including uncapped punitive damages upon entry of an order granting leave for same because his conduct is financially motivated, and a restraining order against Defendant Boteach from continuing his unlawful conduct, including his scurrilous campaign of defamation, threats, and attempted character assassination.

16. A composite of just some of the dozens of defamatory statements made by Defendant Boteach appears at Composite Exhibit A.

## PARTIES, JURISDICTION AND VENUE

17. Plaintiff is a foreign limited liability company with a principal place of business at 4441 Collins Avenue, Miami Beach, Florida 33140.

18. Defendant Boteach is an individual above the age of 18 who resides in Miami Beach, Florida.

19. Pursuant to Fla. Stat. § 47.051, venue is proper in this Court because the causes of action accrued against each Defendant in Miami-Dade County.

20. The amount in controversy exceeds the jurisdictional limit of this Court.

## GENERAL ALLEGATIONS

21. Defendant Boteach champions himself as a fighter of antisemitism and utilizes his social media accounts in a quixotic manner wherein he is always the hero fighting not just antisemites, but also anyone whom he falsely claims to be antisemitic, such as Plaintiff and its representatives.

22. However, unlike the character Don Quixote who delusionally tilted at windmills, Defendant Boteach is calculated, and *every single demand he has made upon Plaintiff has included a demand for money to compensate him for harm that Plaintiff did not cause*. Defendant Boteach is out to pad his bank account no matter if it means spewing falsehoods to burn well-earned good reputations. Defendant Boteach has a long history of similar behavior as evidenced by his own social media and public news coverage of him.

23. Defendant Boteach's actions in this matter began on the evening of December 1, 2024, while he was loitering in the lobby of the Fontainebleau Miami Beach. After more than an hour of loitering in the Hotel lobby, Defendant Boteach engaged in an uneventful conversation with a registered guest of the Hotel and the two parted ways. More than an hour later (after midnight on Sunday, December 2, 2024), Defendant Boteach was in a verbal altercation with the same registered guest wherein the guest and Defendant Boteach exchanged hateful words at each other. The guest used language that was heinous and accused Defendant Boteach of being a "baby killer" and other words that are easily

interpreted as antisemitic. Defendant Boteach, in turn, hurled anti-Islamic words at the registered guest and repeatedly shouted, "Allahu Akbar? Are you going to blow yourself up or something? … he uses the expressions of, like, suicide bombers."

24. Within hours, Defendant Boteach posted an edited video of the exchange on Instagram and began his campaign of threats against the Hotel, its ownership, its outside lawyer, and its employees—who had _nothing_ to do with the altercation except that Hotel security de-escalated and ended it.

25. Upon information and belief, during the first conversation between the guest and Defendant Boteach prior to the Incident, they exchanged their views on events in the Middle East since the October 7, 2023 terrorist attack on Israel and the ongoing conflict. Upon further information and belief, Defendant Boteach and the guest never agreed, but the conversation remained civil and the two parted ways.

26. Upon additional information and belief, the Incident began when the guest glanced at Defendant Boteach's computer as he was passing by and realized that Defendant Boteach was checking the comments and ratings on his social media postings. Upon information and belief, the guest then confronted Defendant Boteach and accused Defendant Boteach of having false intentions and acting solely out of an intention to drive views and hits to his social media accounts by posting about feigned outrage and false interactions.

27. It appears that Defendant Boteach did not appreciate having his integrity questioned by the guest and the Incident commenced.

28. During the Incident, Hotel security standing nearby noticed the two men and intervened, separating the two using de-escalation techniques commonly employed by well-trained law enforcement and security professionals. These techniques resulted in the separation of Defendant Boteach and the guest by security and prevented escalation of the Incident. During their efforts to de-escalate the Incident, one of the security officers made a de-escalation gesture in response to which

the guest took the security officer's hand and initiated an embrace that was not reciprocated by the security officer. The security officer's physical intervention was a technique that was intended to (and in fact did) shield Defendant Boteach from any danger, should such danger arise. In Defendant Boteach's edited video, Defendant Boteach can be heard shouting that the security team is condoning antisemitism and supporting attacks on people of the Jewish faith.

29. Notably, in Defendant Boteach's edited video, the Incident appears to be a loud event that disrupted the entire lobby. In fact, during the Incident, almost no one in the Hotel lobby even turned their heads with the exception of the Hotel security team, which was standing nearby and intervened.

30. Since the Incident, Defendant Boteach has called on people who only had his distorted narratives to demand the immediate dismissal of the very same employees that de-escalated the Incident and he claims that the Hotel's decision not to act as Defendant Boteach demands is "proof" of antisemitism at the Hotel.

31. As noted herein, Defendant Boteach has gone so far as to carefully choose words threatening harm and inciting hatred and violence against the employees and owner of the Hotel and its outside legal counsel.

## A. The Incident

32. Shortly after 12:00 am on Monday, December 2, 2024, a guest at the Hotel encountered Defendant Boteach in the lobby and an edited cellphone video that begins after their encounter commenced shows the guest shouting obscenities at Defendant Boteach.

33. Within approximately two minutes, Hotel security interceded, de-escalated, and separated the guest and Defendant Boteach. The Hotel thereafter barred the guest from the premises.

34. The Incident was deplorable and has been repeatedly condemned by the Hotel as antisemitic.[3]

---

[3] In a December 6, 2024 letter to Defendant Boteach's counsel, the Fontainebleau stated:

It was also an isolated event that could happen anywhere.

35. Additionally, the Incident ended when the Hotel's professional security staff responded within mere minutes, stood between the two individuals, and de-escalated. Upon his arrival, the security guard—*who did not hear the words uttered in the cellphone recording before his arrival*—initiated his interaction by de-escalating and saying "I want to help you guys" to both Defendant Boteach and the guest, and physically distanced the guest from Defendant Boteach by fully extending his arm to the guest's shoulder. Once the two men were distanced, the security guard lowered his hand from the guest's shoulder at which point *the guest* shook the guard's hand as the guard offered assistance to Defendant Boteach. With one hand in his pocket and the other shaken by the guest, the claim that the security guard was "hugging" the guest is false.

36. Defendant Boteach has since responded with relentless vitriol, malice, and harassment against the Hotel and its representatives.

37. Hotel security did not endorse *any* viewpoint in the Incident. Indeed, the majority of the statements Defendant Boteach complains of were made *before Hotel security even arrived*.

---

There can be no serious doubt that **the Fontainebleau unequivocally condemns antisemitism.** Fontainebleau Miami Beach has a rich history of its support of all people of the world, especially the Jewish community.

Shortly after the Incident, the Fontainebleau issued the following public statement:

A verbal altercation occurred over the weekend between two individuals in the lobby of our hotel. During this isolated incident, one of the individuals used abhorrent language, **which we find horrific and will not be tolerated on our property**.

Our security team prioritized de-escalating the incident to prevent any physical altercation, and once the individuals left on their own accords, **we proactively engaged with the Miami Beach Police Department**.

We sincerely apologize to those impacted by this individual's words, **which in no way represent our company's views**.

38. Ultimately, Hotel security achieved its goal of de-escalation, separation, avoiding conflict, and maintaining the safety of all Hotel guests.

### B. The Response Following the Incident: Defendant Boteach Falsely States that the Hotel is Racist and Obstructing Law Enforcement

39. Defendant Boteach's gross mischaracterization of the Hotel security guard's successful de-escalation unfairly **and falsely** scapegoats an entirely innocent security guard as supportive of the detestable conduct during the Incident.

40. If Defendant Boteach believes, as he says he does, that he truly was 'nearly annihilated' during the verbal altercation that he chose not to withdraw from, it was no one other than the guard who saved him.

41. In a video posted several days later, Defendant Boteach asks a person who was not present at the Incident to agree that, had he been present during the Incident, he would have physically intimidated and threatened the guest.

42. The person disagreed and expressly stated that he would de-escalate the situation.

43. Defendant Boteach, deflated by that response, prodded. The person maintained that he would de-escalate and did not budge in the face of Defendant Boteach's incitement.

44. Defendant Boteach pivoted to calling the Fontainebleau and its representatives racists.

45. In the aftermath of Hotel security ensuring Defendant Boteach's safety, he openly admits that he is on an intentional campaign to cause harm to the Hotel—a campaign to "Raise Hell and Bankrupt" the Hotel. To that end, he has falsely accused Plaintiff of engaging in "bigotry, racism, and antisemitism" and threatened to specifically target high-traffic Jewish events at the Hotel with his falsehoods.

46. As stated above, Defendant Boteach has subject the Hotel to an incessant bombardment of hateful, false accusations at all hours of the day and night. He falsely accused the Hotel of affirmatively denying antisemitism, actually supporting antisemitism, acting in a manner consistent

9

with Nazi collaborators and embracing Jewish genocide, and obstructing a law enforcement investigation.

47. These false statements taken on their own, and together, expressly and falsely communicate to the public that the Hotel is a dangerous place because it supports discrimination, and that its security supports racists.

48. Defendant Boteach knew the falsity of his statements because, in fact, it was Hotel security that intervened, de-escalated, and successfully ended the Incident. Defendant Boteach's true purpose in the loud and crowded lobby of the Hotel on Saturday night and after midnight remains unclear—Defendant Boteach claims Jews are unsafe at the Hotel, yet at the same time frequents it regularly and complains that he's not allowed back in.

49. Defendant Boteach's statements are false and harmfully create the misimpression that the premises are unsafe.

## C. Defendant Openly Declares Malice, Causation, and Damages

50. Defendant Boteach admits he has caused the Hotel damage by falsely accusing the Hotel of endorsing antisemitism.

51. For example, on December 9, 2024, he cheered that the Hotel was "UTTERLY DESTROYED BY THOUSANDS" and urged his hundreds of thousands of followers to "KEEP ON POSTING." By "posting" he was referring to negative comments on the Hotel's social media pages that he amplified.

52. Also on December 9, 2024, Defendant Boteach published the following statement on X with the commentary that "hundreds cancel their reservations":



53. Defendant Boteach's false statements have foreseeably subjected Plaintiff to hatred, distrust, ridicule, contempt, and disgrace.

54. Defendant Boteach's false statement that Plaintiff denied him access to the premises on the basis of his religion had an obvious effect—many individuals now believe his lie that Plaintiff denies access to patrons on the basis of their religion and condones antisemitism on its premises.

55. Defendant Boteach caused that misperception through his false and misleading social media posts, and then amplified it through X's repost feature.

56. Moreover, while he was "negotiating" for a "donation," he tried upping the pressure by organizing a "GIANT RALLY" outside the Hotel, purportedly against antisemitism. Defendant Boteach has repeatedly postponed that "rally" as he has solicited payments from the Hotel behind the scenes of his otherwise public attacks on the Hotel. Upon information and belief, Defendant Boteach is using the rally as a threat for his extortionate scheme, delaying it and keeping it lingering over the Hotel.

57. Upon information and belief, Defendant Boteach has used the Incident and others to raise funds for organizations that he controls. He is further actively seeking donations from individuals to

11

attend his rally even though it will be on public property.

58. Upon information and belief, some of the earnings of purportedly charitable 501(c)(3) organizations that he controls inure to his personal benefit.

59. For example, of all the many charitable organizations that exist in the world, Defendant Boteach insisted that he would only settle if the Fontainebleau paid $1 million to *his* "charitable" organization without any transparent explanation as to the use of those funds, except vague references to supporting the IDF notwithstanding the existence of countless capable charities for such causes that are not controlled by him.

60. Upon information and belief, Defendant Boteach has attempted to extort his own family with threats of criminal complaints to leverage concessions from them and has exhibited a pattern of threats to third parties designed to enrich himself and live a lavish lifestyle.

61. Upon information and belief, Defendant Boteach has previously lied about being sued in connection with efforts to raise money. Now, he vows to "file a lawsuit in a Florida court," merely upping the ante with his threats against a business that did nothing wrong.

62. Defendant Boteach's campaign to defame the Hotel is intentionally false, or made at least with reckless disregard for the truth, and motivated by unreasonable financial gain. Moreover, he engaged in this conduct with specific intent to harm Plaintiff and did in fact harm Plaintiff. Thus, Plaintiff will pursue through trial and appeal an award of uncapped punitive damages against Defendant Boteach.

63. All allegations herein with respect to third parties are made upon information and belief.

## COUNT I
## DEFAMATION
### (Against Defendant Boteach)

64. Plaintiff repeats and realleges every allegation preceding Count I as if fully set forth herein.

65. Defendant Boteach published, or caused to be published, defamatory statements with reckless disregard for their falsity, resulting in actual harm to Plaintiff.

66. Since at least December 2, 2024, Defendant Boteach has knowingly published false statements concerning Plaintiff and its representatives, attributing the statements of the latter to the former.

67. The defamatory statements were published on Instagram, Facebook, and X, and in fact reached and were accessed by thousands of members of the public. For example, the defamatory publications were "liked," shared, and commented on hundreds or thousands of times by the public. Upon information and belief, the statements were also published by Defendant Boteach in text message group chats.

68. As set forth in greater detail above, examples of Defendant Boteach's false statements about Plaintiff include, but are not limited to, stating that he was denied entry to the Hotel because the Hotel determined he was "too Jewish," stating that the Hotel is itself antisemitic and supports antisemitism, stating that the Hotel is desirous of antisemites (a claim Defendant Boteach maintains even after the Fontainebleau publicly declared it would not tolerate the behavior exhibited during the Incident), and stating that the Hotel refused to cooperate with a law enforcement investigation into the Incident.

69. Defendant Boteach knew that the statements were false or at least recklessly disregarded their falsity.

70. Defendant Boteach knew that he was disseminating false statements because, in all or at least several instances, *he made them up completely*. For example, Defendant Boteach edited a letter that stated he was trespassed because of his threats of litigation by misleadingly deleting from that letter the basis of the trespass (*i.e.*, his threats of litigation) and then he claimed the Hotel trespassed him because he is Jewish.

71. The public did not know the truth (and that Defendant Boteach was lying) about the reason he was trespassed because Defendant Boteach deleted the truth, replaced it with a lie, and then published his lie as though it was the truth. Defendant Boteach's campaign of misinformation is inexcusable and harmful.

72. Defendant Boteach knew the statements were false, or at a minimum, was negligent in publishing the statements, because he continued to publish them even after he was notified that Plaintiff had in fact cooperated with law enforcement.

73. Plaintiff never "refused" to cooperate with law enforcement, as Defendant falsely claimed.

74. Defendant Boteach knew that the false statements were harmful. Indeed, he used his false statements to support his calls for a boycott of Plaintiff and published statements that guests had canceled plans and numerous reservations with the Hotel.

75. Defendant Boteach's compulsive defamatory statements and demands for third parties to "repudiate" Plaintiff's personnel demonstrate that his behavior was animated by actual malice.

76. These statements naturally and proximately resulted in injury to Plaintiff. For example, Defendant Boteach's false statements have in fact harmed Plaintiff's sales, reputation, customer relationships, and business goodwill.

77. Defendant Boteach's false statements were culpably published by him and third parties, and they have damaged Plaintiff.

78. Several individuals on social media sites including Instagram, X, and Facebook have written that their perception of Plaintiff has been negatively influenced Defendant Boteach's false statements about Plaintiff's response to the Incident.

79. Wherefore, Plaintiff demands judgment against Defendant Boteach, an award of damages in an amount to be determined at trial, injunctive relief, and such other relief as the Court deems just and proper.

**COUNT II**
**AIDING AND ABETTING DEFAMATION**
**(Against Defendant John Doe 1-10)**

80. Plaintiff repeats and realleges every allegation preceding Count I as if fully set forth herein.

81. The allegations with respect to the John Doe Defendants are made upon information and belief

as their identities will be determined through the course of discovery.

82. Defendant Boteach is the primary wrongdoer who committed the tort of defamation as set forth in Count I, *supra*.

83. The John Doe Defendants, who discovery will reveal to be family members, staff, or others, rendered substantial assistance to Defendant Boteach's commission of the tort of defamation against Plaintiff.

84. The John Doe Defendants knew that Defendant Boteach was publishing the defamatory statements about Plaintiff and rendered substantial assistance in defaming Plaintiff by manufacturing graphics containing statements that falsely attributed harmful statements to individuals purporting, in those graphics, to articulate the views of Plaintiff and its representatives. The John Doe Defendants also recorded, edited, and published the defamatory statements with reckless disregard for their falsity.

85. Wherefore, Plaintiff demands judgment against Defendants John Doe 1-10, an award of damages in an amount to be determined at trial, injunctive relief, and such other relief as the Court deems just and proper.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
### (Against Defendant Boteach)

86. Plaintiff repeats and realleges every allegation preceding Count I as if fully set forth herein.

87. The Hotel has various business relationships pursuant to which it has legal rights, including with respect to hotel guests.

88. Defendant Boteach knew Plaintiff has business relationships with guests who patronize the Hotel's services. Indeed, Defendant Boteach specifically urged guests to terminate their contractual relationships with Plaintiff.

89. Throughout his intentional interference with these relationships, Defendant Boteach *never*

publicly communicated that he was seeking a personal donation to his "charity." His interference with these relationships was unjustified because it was driven by a personal profit-interest and based on falsehoods.

90. Defendant Boteach intentionally interfered with Plaintiff's business relationships with its guests by, *inter alia*, publishing numerous defamatory statements accusing the Hotel of engaging in and/or supporting antisemitism. Defendant Boteach's actions were intentionally designed to cause and result in harm to those business relationships. Defendant Boteach urged customers of the Hotel[4] to stop doing business with the Hotel and, specifically, to "cancel" any reservations at the Hotel. Defendant's own words leave no room for doubt that he deliberately and tortiously interfered with business relationships.

91. Defendant Boteach's interference was unjustified because, *inter alia*, Defendant Boteach published defamatory statements that were false and designed to conjure outrage, disgust, and vitriol against the Hotel in furtherance of Defendant Boteach's scheme to coerce the Hotel into paying Defendant Boteach money.

92. As a direct and proximate cause of Defendant Boteach's misconduct, the Hotel has suffered damages with respect to its business relationships.

93. Indeed, Defendant Boteach published statements gleefully reporting about hundreds of cancellations by guests at the Hotel.

94. Wherefore, Plaintiff demands judgment against Defendant Boteach, an award of damages in

---

[4] Upon information and belief, Plaintiff is not the only person or business Defendant Boteach has harassed or against whom he has incited hate and violence. He has posted many videos on social media showing him physically pursuing people while claiming they are putting him in fear for his life. Upon information and belief, while loitering alone in the Hotel lobby after midnight on a Sunday night, he sought to call attention to himself and escalate the Incident. Defendant Boteach's own social media accounts provide clear evidence that he uses escalation tactics in public places where he believes large numbers of Jewish people visit, including, but not limited to, the Hotel on a previous occasion when he chased purported assailants through the halls of the Hotel while filming them.

an amount to be determined at trial, injunctive relief, and such other relief as the Court deems just and proper.

<div align="center">

**COUNT IV**
**AIDING AND ABETTING TORTIOUS INTERFERENCE**
**WITH BUSINESS RELATIONSHIPS**
**(Against Defendant John Doe 1-10)**

</div>

95. Plaintiff repeats and realleges every allegation preceding Count I as if fully set forth herein.

96. The allegations with respect to the John Doe Defendants are made upon information and belief as their identities will be determined through the course of discovery.

97. Defendant Boteach is the primary wrongdoer who tortiously interfered with Plaintiff's business relationships as set forth in Count III, *supra*.

98. The John Doe Defendants, who discovery will reveal to be family members, staff, or others, rendered substantial assistance to Defendant Boteach's misconduct as alleged in Count IV.

99. The John Doe Defendants knew that Defendant Boteach was tortiously interfering with Plaintiff's business relationships, specifically threatening it with financial ruin through cancellations and organizing boycotts based on falsehoods, manufacturing graphics containing statements that falsely attributed harmful statements to individuals purporting, in those graphics, to articulate the views of Plaintiff and its representatives and target them towards guests with contracts with Plaintiff.

100.     Wherefore, Plaintiff demands judgment against Defendants John Doe 1-10, an award of damages in an amount to be determined at trial, injunctive relief, and such other relief as the Court deems just and proper.

<div align="center">

**DEMAND FOR JURY TRIAL**

</div>

Plaintiff demands a trial by jury for those issues that are so triable against the Defendants pursuant to Florida law.

Dated: December 19, 2024
        Miami, Florida

Respectfully submitted,

**BURSTYN LAW PLLC**

By: _/s/ Sean A. Burstyn_
Sean A. Burstyn
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
1101 Brickell Avenue, Suite S700
Miami, FL 33131

_Counsel for Plaintiff_
_The Fontainebleau Miami Beach_

# EXHIBIT A







**Rabbi Shmuley** ✓
@RabbiShmuley

Turns out that Disgusting Jewish billionaire Jeffrey Soffer, whose employees publicly hug dangerous antisemites, is already going bankrupt. Let's help him get there faster. I'm calling on all the orthodox Jewish families who have booked for Yeshiva week to cancel your reservations to protect your family safety. The hotel is an antisemitic sewer and you're not safe. Cancel now. #BoycottFountainebleau

THE REAL DEAL
REAL ESTATE NEWS

Subscribe

# Jeffrey Soffer's firm seeks $1.2B refi for Fontainebleau Miami Beach resort

Capital stack would come from $975M CMBS sale, $225M mezz loan

8:19 AM · Dec 11, 2024 · **6,115** Views

💬 45          ↻ 5          ♡ 26          🔖 2



Filing # 213307420 E-Filed 12/20/2024 02:38:10 PM

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHERS | **CIVIL ACTION SUMMONS (b)**<br>Form for Personal Services on a<br>Natural Person | **CASE NUMBER**<br>2024-024127-CA-01 |
|---|---|---|
| **PLAINTIFF(S)**<br>FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, a foreign limited liability company | **VS    DEFENDANT(S)**<br>JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," an individual, and John Does 1-10 | **CLOCK IN** |

**THE STATE OF FLORIDA:** TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br><br>JACOB SHMUEL BOTACH | Address:<br><br>4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |
|---|---|

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience.

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

### MIAMI-DADE COUNTY COURT LOCATIONS

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney SEAN A. BURSTYN, ESQ.<br><br>Florida Bar No.   1028778 | Address:<br><br>BURSTYN LAW PLLC, 1101 BRICKELL AVENUE, SUITE S-700, MIAMI FL 33131 |
|---|---|

| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | | **DATE ON:** |
|---|---|---|
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☑ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.

☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☑ CIVIL<br>☐ DISTRITO<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO<br>2024-024127-CA-01 |
|---|---|---|
| DEMANDANTE(S)<br>FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, a foreign limited liability company | VS.   DEMANDADO(S)<br>JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," an individual, and John Does 1-10 | HORA |

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagen entrega de esta notificación y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| A Demandado(s):<br><br>JACOB SHMUEL BOTACH | A Demandado(s):<br><br>4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |
|---|---|

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."

### LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICIO** |

| Demandante o Abogado del Demandante: SEAN A. BURSTYN, ESQ. 1028778<br>Número del Colegio de Abogados: | Dirección:<br><br>4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |
|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Secretario del Tribunal y Contralor** | **FECHA** |
| | COMO SECRETTARIO ADJUNTO |

### LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org  o Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☒ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.

☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVIZYON<br>☒ CIVILE<br>☐ DISTRICT<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CASO<br><br>2024-024127-CA-01 |
|---|---|---|
| **PLAINTE (S)**<br>FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, a foreign limited liability company | **VS.   CONTRE ACCUSE(S)**<br>JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," an individual, and John Does 1-10 | **HEURE IN** |

| **L'TAT DE LA FLORIDE:** A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus. |
|---|

| A (AUX) ACCUSE(S):<br><br>JACOB SHMUEL BOTACH | A (AUX) ACCUSE(S):<br><br>4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |
|---|---|

**IMPORTANT**

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalitte, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintif's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

**"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"**

**ADRESSES DES TRIBUNAUX EN MIAMI-DADE**

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **UN SERVICE** |

| Plainte/Avocat du Plainte<br><br>SEAN A. BURSTYN, ESQ. 1028778<br><br>Numero de barreau de la Floride: | Adresse :<br>4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |
|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Greffier du Tribunal**<br>et Contrôleur<br><br>COMME GREFFIER ADJOINT | DATE: |

## ACT DE 1990 POUR AMERICAINS HANDICAPES
### AVIS DE l' ADA

" Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

| ☑ NAN TRIBINAL ITINERAN NAN ONZYÈM AWONDISMAN JIDISYÈ NAN E POU KONTE MIAMI-DADE, FLORIDA | | |
|---|---|---|
| ☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA | | |

| **DIVIZYON**<br>☑ SIVIL<br>☐ DISTRI<br>☐ LÒT | **KONVOKASYON POU KA SIVIL**<br>**(b) DELIVRE PERSONELMAN BAY YON MOUN** | **NIMEWO KA**<br>2024-024127-CA-01 |
|---|---|---|
| **PLENTIF (S)**<br>FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, a foreign limited liability company | **VS.   KONT AKIZE(S)**<br>JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," an individual, and John Does 1-10 | **LE** |

**ETA FLORIDA:** Pou Chak nan eta a yo odone ou pou bay akize a (yo), non I ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.:

| AKIZE: | ADRES:: |
|---|---|
| JACOB SHMUEL BOTACH | 4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |

**ENPOTAN**

Yo entre yon aksyon kont oumenm. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou m ete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

**"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."**

**ADRESSES DES TRIBUNAUX EN MIAMI-DADE**

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | UN SERVICE |

| Plainte/Avocat du Plainte<br>SEAN A. BURSTYN, ESQ, 1028778<br>Numéro de barreau de la Floride: | Nimewo manm avoka a.<br><br>Address:   4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Grefye Tribinal la ak Kontwolè** | | DATE: |
| | SEKRETE | |

**LWA 1990 POU AMERIKEN KI ENFIM**
**ANONS POU AMERIKEN KI ENFIM**
**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Aliean Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."**

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHERS | **CIVIL ACTION SUMMONS (b)**<br>Form for Personal Services on a<br>Natural Person | **CASE NUMBER**<br>2024-024127-CA-01 |
|---|---|---|
| **PLAINTIFF(S)**<br>FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, a foreign limited liability company | **VS     DEFENDANT(S)**<br>JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," an individual, and John Does 1-10 | **CLOCK IN** |

**THE STATE OF FLORIDA:** TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br><br>JACOB SHMUEL BOTACH | Address:<br><br>4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |
|---|---|

<u>**IMPORTANT**</u>

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience.

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

**MIAMI-DADE COUNTY COURT LOCATIONS**

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney SEAN A. BURSTYN, ESQ.<br><br>Florida Bar No.   1028778 | Address:<br><br>BURSTYN LAW PLLC, 1101 BRICKELL AVENUE, SUITE S-700, MIAMI FL 33131 |
|---|---|

| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** |  307965<br>DEPUTY CLERK | **DATE ON:**<br><br>12/23/2024 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☑ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.

☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☑ CIVIL<br>☐ DISTRITO<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO<br>2024-024127-CA-01 |
|---|---|---|
| DEMANDANTE(S)<br>FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, a foreign limited liability company | VS. DEMANDADO(S)<br>JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," an individual, and John Does 1-10 | HORA |

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagan entrega de esta notificación y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| A Demandado(s):<br>JACOB SHMUEL BOTACH | A Demandado(s):<br>4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |
|---|---|

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."

### LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICIO** |

| Demandante o Abogado del Demandante:<br>Número del Colegio de Abogados: | Dirección: | |
|---|---|---|
| SEAN A. BURSTYN, ESQ. 1028778 | 4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 | |
| **JUAN FERNANDEZ-BARQUIN**<br>**Secretario del Tribunal y**<br>**Contralor** | COMO SECRETTARIO ADJUNTO | **FECHA** |

### LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org o Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☑ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.

☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVIZYON<br>☑ CIVILE<br>☐ DISTRICT<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CASO<br><br>2024-024127-CA-01 |
|---|---|---|
| PLAINTE (S)<br>FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, a foreign limited liability company | VS. CONTRE ACCUSE(S)<br>JACOB SHMUEL BOTACH<br>a/k/a "SHMULEY BOTEACH,"<br>an individual, and John Does 1-10 | HEURE IN |

| L'TAT DE LA FLORIDE: A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus. ||

| A (AUX) ACCUSE(S):<br><br>JACOB SHMUEL BOTACH | A (AUX) ACCUSE(S):<br><br>4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |
|---|---|

**IMPORTANT**

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalitte, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintif's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

**"Pour ceux qui ne peuvent parer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"**

**ADRESSES DES TRIBUNAUX EN MIAMI-DADE**

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **UN SERVICE** |

| Plainte/Avocat du Plainte<br><br>SEAN A. BURSTYN, ESQ. 1028778<br><br>Numero de barreau de la Floride: | Adresse :<br>4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |
|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Greffier du Tribunal**<br>**et Contrôleur** | DATE: |
| | COMME GREFFIER ADJOINT |

# ACT DE 1990 POUR AMERICAINS HANDICAPES
## AVIS DE l' ADA

**" Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."**

☑ NAN TRIBINAL ITINERAN NAN ONZYÈM AWONDISMAN JIDISYÈ NAN E POU KONTE MIAMI-DADE, FLORIDA
☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA

| DIVIZYON<br>☑ SIVIL<br>☐ DISTRI<br>☐ LÒT | **KONVOKASYON POU KA SIVIL**<br>(b) DELIVRE PERSONELMAN BAY YON MOUN | **NIMEWO KA**<br>2024-024127-CA-01 |
|---|---|---|
| **PLENTIF (S)**<br>FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, a foreign limited liability company | **VS.    KONT AKIZE(S)**<br>JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," an individual, and John Does 1-10 | **LE** |

**ETA FLORIDA:** Pou Chak nan eta a yo odone ou pou bay akize a (yo), non I ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.:

| AKIZE:<br><br>JACOB SHMUEL BOTACH | ADRES::<br><br>4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 |
|---|---|

<div align="center">ENPOTAN</div>

Yo entre yon aksyon kont oumenm. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou m ete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou suppose en mem tan poste en mem tan poste en pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

**"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."**

<div align="center">ADRESSES DES TRIBUNAUX EN MIAMI-DADE</div>

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | UN SERVICE |

| Plainte/Avocat du Plainte<br>SEAN A. BURSTYN, ESQ, 1028778<br>Numéro de barreau de la Floride: | Nimewo manm avoka a.<br><br>Address:     4301 COLLINS AVE, UNIT 410, MIAMI BEACH, FL 33140 | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Grefye Tribinal la ak Kontwolè** | <br><br>SEKRETE | DATE: |

<div align="center">

**LWA 1990 POU AMERIKEN KI ENFIM**
**ANONS POU AMERIKEN KI ENFIM**

**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Aliean Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt  nan tribunal la, oubyen imedyatman  lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou  pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen  pale, rele 711."**

</div>

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

FONTAINEBLEAU FLORIDA HOTEL,
LLC d/b/a FONTAINEBLEAU MIAMI
BEACH, *a foreign limited liability*                CASE NO. 2024-024127-CA-01
*company*,

     *Plaintiff*,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," *an individual*,
and John Does 1-10,

     *Defendants*.

_____/

## PLAINTIFF'S NOTICE OF FILING

     TAKE NOTICE that Plaintiff, Fontainebleau Florida Hotel, LLC, by and through undersigned

counsel hereby files a copy of the email dated December 19, 2024, in which Defendant's Counsel

agreed to accept service of process via email on behalf of Defendant. See Exhibit A.

Dated: December 23, 2024
     Miami, Florida

                              Respectfully submitted,

                              **BURSTYN LAW PLLC**

                              By: */s/ Sean A. Burstyn*
                              Sean A. Burstyn
                              Florida Bar No. 1028778
                              sean.burstyn@burstynlaw.com
                              1101 Brickell Avenue, Suite S700
                              Miami, FL 33131

                              *Counsel for Plaintiff*
                              *Fontainebleau Miami Beach*

# EXHIBIT A

---------- Forwarded message ---------
From: **Benjamin Brafman** <BBrafman@braflaw.com>
Date: Thu, Dec 19, 2024 at 11:40 AM
Subject: Re: Service of Process. Fontainebleau v. Boteach
To: Sean Burstyn <sean.burstyn@burstynlaw.com>, Attorneys <attorneys@braflaw.com>, Alana Schrager <aschrager@braflaw.com>, Bruce Lehr <blehr@llmlawfirm.com>


Yes. Serve on me.

Benjamin Brafman
Brafman & Associates
256 Fifth Avenue
New York, NY 10001
Tel (212) 750-7800
Fax (212) 750-3906
Bbrafman@braflaw.com


This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by attorney-client privilege or work product protection. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

---

**From:** Sean Burstyn <sean.burstyn@burstynlaw.com>
**Sent:** Thursday, December 19, 2024 11:33:05 AM
**To:** Attorneys <attorneys@braflaw.com>; Alana Schrager <aschrager@braflaw.com>; Bruce Lehr <blehr@llmlawfirm.com>
**Subject:** Service of Process. Fontainebleau v. Boteach

Counsel:

Are you authorized to accept service of process via email on Defendant Boteach's behalf? The filed Complaint is attached.

He is urged to desist from harassment, cyberstalking, and the rest of his unlawful conduct. Your client has already been issued a preservation notice.

Finally, copying him in direct communications with me as opposing counsel is improper.

Regards,
Sean Burstyn

--
**Sean A. Burstyn**
**Burstyn Law PLLC**
**1101 Brickell Avenue, Suite S700, Miami, FL 33131**
BurstynLaw.com

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this

email in error please immediately notify me at 305.204.9808 and permanently delete the original email, as well as any attachments and copies.

--
**Sean A. Burstyn**
**Burstyn Law PLLC**
1101 Brickell Avenue, Suite S700, Miami, FL 33131
BurstynLaw.com | Sean.Burstyn@BurstynLaw.com
Direct: 305.204.9808

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at 305.204.9808 and permanently delete the original email, as well as any attachments and copies.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

FONTAINEBLEAU FLORIDA HOTEL,
LLC d/b/a FONTAINEBLEAU MIAMI
BEACH, a foreign limited liability
company,

        Plaintiff.                               CASE NO.: 2024-024127-CA-01

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," an individual,
and JOHN DOES 1-10,

        Defendants.
_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES

Please take notice that John Y. Benford, Esquire and Jacqueline M. Bertelsen, Esquire of

Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby enter their appearance as counsel for

Defendant, JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH."

They designate the following e-mail addresses, pursuant to Florida Rule of Judicial

Administration 2.516, for service of all documents required to be served in this proceeding:

**Primary E-mail Address:**    John Y. Benford, Esquire
                                   john.benford@wilsonelser.com

                                   Jacqueline M. Bertelsen, Esquire
                                   jacqueline.bertelsen@wilsonelser.com

**Secondary E-mail Address:**  Alyssa Heitman
                                   alyssa.heitman@wilsonelser.com

                                   Daniela Ezeta
                                   daniela.ezeta@wilsonelser.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **January 2, 2025,** I electronically filed the foregoing by using the

Florida Courts E-Filing Portal, which will serve an electronic copy on the following: **Sean A.**

**Burstyn, Esquire** (sean.burstyn@burstynlaw.com) Burstyn Law PLLC, 1101 Brickell Avenue,

Suite S700, Miami, FL 33131, *Attorneys for Plaintiff.*

<div style="margin-left:40%">

/s/ John Y. Benford
John Y. Benford, Esquire
Florida Bar No. 51950
john.benford@wilsonelser.com
alyssa.heitman@wilsonelser.com
Jacqueline M. Bertelsen, Esquire
Florida Bar No. 123747
jacqueline.bertelsen@wilsonelser.com
daniela.ezeta@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 N. Orange Avenue, Suite 1200
Orlando, FL 32801
Telephone:  407-203-7599
Facsimile:  407-648-1376
Counsel for Defendant, Jacob Shmuel Botach

</div>

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

FONTAINEBLEAU FLORIDA HOTEL,
LLC d/b/a FONTAINEBLEAU MIAMI
BEACH, a foreign limited liability
company,

      Plaintiff,                        CASE NO. 2024-024127-CA-01

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," an individual,
and John Does 1-10,

      Defendants.

_____/

**DEFENDANT, JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH'S,"**
**MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant, Jacob Shmuel Botach A/K/A "Shmuley Boteach" (hereinafter "Defendant"), by and through the undersigned counsel, and pursuant to Fla. R. Civ. P. 1.090, respectfully moves this Honorable Court for an order extending the deadline in which to respond to Plaintiff's Complaint to February 6, 2025, and states:

      1.      Plaintiff filed this action on December 19, 2024, seeking monetary and injunctive relief arising from Defendant's social media posts following an incident in the lobby of the Fontainebleau Miami Beach hotel wherein a registered guest threatened and harassed Defendant based on Defendant's religious beliefs. *See generally* Complaint.

      2.      Plaintiff claims to have served Defendant with the lawsuit on December 19, 2024, through an attorney who never made an appearance, never formally represented Defendant, and never had authority to accept service.

      3.      Regardless, the undersigned counsel entered a Notice of Appearance on January 2, 2025.

4.      Defendant's response is therefore due on either January 8, 2025, or January 22, 2025.

5.      Defendant intends to file a notice of removal with the U.S. District Court, Southern District of Florida, pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Pursuant to § 1446, the deadline to file the notice of removal is January 18, 2025, or 30 days after Plaintiff purports to have served process on Defendant.[1]

6.      Under Rule 1.090, Florida Rules of Civil Procedure, "[w]hen an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed…."

7.      Further, Section B(9) of the Florida Bar Guidelines on Professionalism state that "First requests for reasonable extensions of time to respond to litigation deadlines, whether relating to pleadings, discovery, or motions, ordinarily *should* be granted between counsel as a matter of courtesy unless time is of the essence." (emphasis added).

8.      Based on the forgoing, Defendant respectfully submits that cause clearly exists for this extension to February 6, 2025.

## **CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that this Honorable Court enter an order extending the deadline in which to respond to Plaintiff's Complaint to February 6, 2025.

---

[1] As stated *supra*, Defendant has a compelling argument that service did not occur on December 19, 2024. However, out of an abundance of caution, Defendant intends to use the December 19, 2024, as the date of service for purposes of removal.

Respectfully submitted this 8th day of January 2025.

/s/ John Y. Benford
John Y. Benford, Esquire
Florida Bar No. 51950
john.benford@wilsonelsr.com
alyssa.heitman@wilsonelser.com
Jacqueline M. Bertelsen, Esquire
Florida Bar No. 123747
jacqueline.bertelsen@wilsonelser.com
daniela.ezeta@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 N. Orange Avenue, Suite 1200
Orlando, FL 32801
Telephone: 407-203-7599
Counsel for Defendant, Jacob Shmuel Botach

**CERTIFICATE OF CONFERRAL**

Pursuant to Fla. R. Civ. P. 1.202, I hereby certify that prior to filing this motion, I discussed the relief requested in this motion with counsel for Plaintiff via email on January 3, 2025, January 6, 2025, and January 8, 2025, and the parties were unable to reach a resolution on these issues.

/s/ John Y. Benford
John Y. Benford, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2025, I electronically filed the foregoing by using the Florida Courts E-Filing Portal, which will serve an electronic copy on the following: Sean A. Burstyn, Esquire (sean.burstyn@burstynlaw.com) Burstyn Law PLLC, 1101 Brickell Avenue, Suite S700, Miami, FL 33131, Attorneys for Plaintiff.

/s/ John Y. Benford
John Y. Benford, Esquire

3



# JUAN FERNANDEZ-BARQUIN, ESQ.
## CLERK OF THE COURT AND COMPTROLLER
## OF MIAMI-DADE COUNTY

Contact Us     My Account     My Desk     

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

## FONTAINEBLEAU FLORIDA HOTEL, LLC VS JACOB SHMUEL BOTACH

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2024-024127-CA-01 | **Filing Date:** | 12/19/2024 |
| **State Case Number:** | 132024CA02412701GE01 | **Judicial Section:** | CA23 - Downtown Miami - Judge Perkins, Joseph D |
| **Consolidated Case No.:** | N/A | **Court Location:** | 73 West Flagler Street, Miami FL 33130 |
| **Case Status:** | OPEN | **Case Type:** | Libel / Slander |

### ☰ Related Cases
Total Of Related Cases: 0 ➕

### 👥 Parties
Total Of Parties: 4 ➖

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Fontainebleau Florida Hotel, LLC | **B#: (Bar Number)**1028778 <br> **N: (Attorney Name)**Burstyn, Sean A | |
| Plaintiff AKA | Fontainebleau Miami Beach | **B#: (Bar Number)**1028778 <br> **N: (Attorney Name)**Burstyn, Sean A | |
| Defendant | Botach, Jacob Shmuel | **B#: (Bar Number)**51950 <br> **N: (Attorney Name)**Benford, John Yates | **B#: (Bar Number)**123747 <br> **N: (Attorney Name)**Bertelsen, Jacqueline M., ESQ |
| Defendant AKA | Boteach, Shmuley | **B#: (Bar Number)**51950 <br> **N: (Attorney Name)**Benford, John Yates | **B#: (Bar Number)**123747 <br> **N: (Attorney Name)**Bertelsen, Jacqueline M., ESQ |

### 🔨 Hearing Details
Total Of Hearings: 0 ➖

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

### 🔊 Dockets
Total Of Dockets: 11 ➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 11 | 01/08/2025 | | Motion for Extension of Time | Event | Parties: Botach Jacob Shmuel; Boteach Shmuley |
| 📄 | 10 | 01/02/2025 | | Notice of Appearance | Event | Parties: Benford John Yates; Bertelsen Jacqueline M. ESQ; Botach Jacob Shmuel; Boteach Shmuley |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 8 | 12/24/2024 | | Receipt: | Event | **RECEIPT#:3140109 AMT PAID:$10.00 NAME:BURSTYN, SEAN A BURSTYN LAW PLLC 1101 BRICKELL AVE SUITE S-700 MIAMI FL 33131 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:12/24/2024 REGISTER#:314 CASHIER:EFILINGUSER** |
| 9 | 12/23/2024 | | Notice of Filing: | Event | **COPY OF THE EMAIL DATED DECEMBER 19, 2024** |
| 7 | 12/23/2024 | | Electronic Summons Email Notification Sent | Event | **SEAN A. BURSTYN** |
| | 12/23/2024 | | 20 Day Summons Issued | Service | |
| 6 | 12/23/2024 | | ESummons 20 Day Issued | Event | **RE: INDEX # 3.** Parties: Botach Jacob Shmuel |
| 5 | 12/21/2024 | | Receipt: | Event | **RECEIPT#:3200020 AMT PAID:$416.00 NAME:BURSTYN, SEAN A BURSTYN LAW PLLC 1101 BRICKELL AVE SUITE S-700 MIAMI FL 33131 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 3102-MULTIPLE DEFENDANT 1 $15.00 $15.00 TENDER TYPE:EFILINGS TENDER AMT:$416.00 RECEIPT DATE:12/21/2024 REGISTER#:320 CASHIER:EFILINGUSER** |
| 3 | 12/20/2024 | | (M) 20 Day (P) Summons (Sub) Received | Event | |
| 2 | 12/19/2024 | | Complaint | Event | |
| 1 | 12/19/2024 | | Civil Cover Sheet - Claim Amount | Event | |

◄◄ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

**General**

Online Case Home

Civil / Family Courts Information

Login

**Help and Support**

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



Juan Fernandez-Barquin, Esq.
Clerk of the Court and Comptroller
of Miami-Dade County

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2025 Clerk of the Court & Comptroller of Miami-Dade County. All rights reserved.