**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-20251-MOORE/Elfenbein

**FONTAINEBLEAU FLORIDA HOTEL, LLC**,

Plaintiff,

v.

**JACOB SHMUEL BOTACH** and **JOHN DOE**,

Defendants.
______________________________________/

**STIPULATED PROTECTIVE ORDER**

**THIS CAUSE** is before the Court on the Joint Motion for Entry of Protective Order Governing the Protection and Use of Confidential Information (the "Motion"), ECF No. [31]. In the Motion, Plaintiff Fontainebleau Florida Hotel, LLC and Defendant Jacob Shmuel Botach (collectively, the "Parties," and individually, a "Party") move the Court to enter their "Stipulated Protective Order" "jointly agreed to by the Parties." *Id.* The proposed Stipulated Protective Order is attached to the Motion as Exhibit A. *See* ECF No. [31-1]. Upon consideration of the Motion and the Parties' stipulation, the Court finds good cause for the entry of a protective order governing the procedures to protect against the disclosure of confidential information during the course of discovery in the instant action, as set forth in this Stipulated Protective Order (the "Protective Order" or "Order). Fed. R. Civ. P. 26(c)(1)(G). Accordingly, the Motion, **ECF No. [31]**, is **GRANTED** as follows:

1. This Order shall apply to any material produced, filed, or served by any Party or person—including all documents, items, or other information, regardless of medium or manner

generated, stored, or maintained—during discovery in this Action, or any information included in any such material ("Discovery Material"). Such material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or person (whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, or otherwise), and responses to requests for admission. Such Discovery Material produced, exchanged, or disclosed in this Action shall be used only for the purposes of this Action, and not for any other proceeding, business, competitive, personal, private, public, or other purpose.

**DEFINITIONS**

2. The term "**Party**," for purposes of this Order, shall mean any party in this Action, including all of its officers, directors, principals, employees, Consultants, Experts, and Outside Counsel, as defined below.

3. The term "**documents**," for purposes of this Order, shall mean any hard copy documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound or other recordings, images, electronic mail ("e-mail"), text messages, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the Responding Party (as defined below) into a reasonably usable form, or other media (including any form of optical or magnetic storage media), and any information in the formats outlined in the accompanying ESI Protocol, and information revealed during a deposition, in response to a subpoena, or in an interrogatory answer or an admission.

4. The term "**Confidential**," for purposes of this Order, shall mean any information, document, or thing so designated by any Party to this litigation or any non-party producing information, documents, or things in this litigation, including (without limitation) documents,

information contained in documents. The designation of "Confidential" may be placed on documents and information which contain: (a) non-public information; (b) trade secret or other confidential research or business development information; (c) material or information in possession of a Party or person that is nonpublic or concerning which said Party or person has an independent obligation of confidentiality to a non-Party or person; (d) nonpublic or identifying information of the Parties, their personnel, affiliates, guests, visitors, patrons, or relationships; or (e) information kept confidential pursuant to law or regulation.

5. The term "**Highly Confidential**," for purposes of this Order, shall mean any information, document, or thing so designated by any Party to this litigation or any third-party producing information, documents, or things in this litigation, including (without limitation) documents, information contained in documents. The designation of "Highly Confidential" may be placed on documents and information which the Designating Party reasonably and in good faith believes is "Confidential" as set forth above and are: (a) sensitive financial or strategic commercial information; or (b) an individual's family, financial, medical, personnel records, or other highly-sensitive or personally identifying information.

6. The term "**Outside Counsel Eyes Only**," for purposes of this Order, shall mean any information, document, or thing so designated by any Party to this litigation or any non- party producing information, documents, or things in this litigation, including (without limitation) documents, or information contained in documents. The designation of "Outside Counsel Eyes Only" may be placed on documents and information which the Designating Party reasonably and in good faith believes is "Confidential" and "Highly Confidential" as set forth above and: (a) are trade secrets; (b) contain information, the disclosure of which is likely to have a significant effect on current or future (i) business strategies or decisions, (ii) product plans or development, (iii)

pricing; or (c) identify Party personnel, guests, patrons, visitors, or relationships. The Parties intend that the "Outside Counsel Eyes Only" designation will be used only under these limited circumstances.

7. The term "**Outside Counsel**," for purposes of this Order, shall mean attorneys, as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators, who are not employees of a Party but who are retained to represent or advise a Party.

8. The term "**In-House Counsel**," for purposes of this Order, shall mean attorneys and other personnel employed by or on behalf of a Party to perform legal functions as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators.

9. The term "**Counsel**" (without qualifier), for purposes of this Order, shall mean Outside Counsel and In House Counsel.

10. The term "**Expert**" and/or "**Consultant**," for purposes of this Order, shall mean a person with specialized knowledge or experience in a matter pertinent to this Action and/or a Jury Consultant, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant, and who is not a current employee of a Party.

11. The term "**Professional Vendors**," for purposes of this Order, shall mean persons or entities that provide litigation support services (e.g., copying, organizing, filing, coding, converting, storing, retrieving data in any form or media or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system, etc.) who have been retained by a Party or its Counsel to provide litigation

support services in this Action, and who are not current employees of a Party and their employees and subcontractors.

12. The term "**Producing Party**," for purposes of this Order, shall mean a Party or non-party that produces Discovery Material.

13. The term "**Receiving Party**," for purposes of this Order, shall mean a Party that receives Discovery Material from a Producing Party.

14. The term "**Designating Party**," for purposes of this Order, shall mean a Party or non-party that designates information or items that it or another Party or non-party produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY."

15. The term "**Witnesses**," for purposes of this Order, shall mean those individuals that, during depositions or testimony at trial or any hearing, are witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge.

16. The terms "**Authors of the Document**" or "**Recipients of the Document**," for purposes of this Order, shall mean the author or recipient of the document (not including a person who received the document solely in the course of litigation).

17. The term "**Identified Persons**," for purposes of this Order, shall mean any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge.

**CONFIDENTIALITY DESIGNATIONS**

18. Each Party and any non-Party shall have the right to designate any material produced in discovery that contains that Party's confidential information as confidential and subject to this Order, by marking such material as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" in accordance with this Order. It shall be the duty of the Party or non-party who seeks to invoke protection under this Order to give notice, as set forth below, of the material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY." The duty of the Parties and of all other persons bound by this Order to maintain the designated confidentiality of the material shall commence with such notice.

19. Notwithstanding the foregoing, all material produced by a non-party at any time during the pendency of this Action shall be automatically designated "OUTSIDE COUNSEL EYES ONLY" for a period of thirty days from the date of production and delivery to each Party to allow the Parties to make designations as to such productions. The Parties shall treat so-designated materials in accordance with such designations. Absent any separate designation(s) made by either Party during the thirty-day period, materials produced by a non-party shall be reduced to a designation of "CONFIDENTIAL" at the expiration of the thirty-day period.

20. Written information or documents, or any portion thereof, shall be designated as "Confidential" by placing on each page a stamp or notice stating "CONFIDENTIAL" in a manner that will not interfere with the legibility of the written information.

21. Written information or documents, or any portion thereof, shall be designated as "Highly Confidential" by placing on each page a stamp or notice stating "HIGHLY CONFIDENTIAL" in a manner that will not interfere with the legibility of the written information.

22. Written information or documents, or any portion thereof, shall be designated as "Outside Counsel Eyes Only" by placing on each page a stamp or notice stating "OUTSIDE COUNSEL EYES ONLY" in a manner that will not interfere with the legibility of the written information.

23. Interrogatory responses containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" information shall be set forth on separate pages from interrogatory responses which do not contain such information and all pages of interrogatory responses containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" shall be produced in a separate package from interrogatory responses which do not contain such information.

24. Documents produced, filed, or served by a Party and designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" shall be so marked by such Party prior to or at the time they are produced, filed, or served. Documents produced by a non-party as to which a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" designation is claimed by any person shall be so designated within fourteen (14) days after they are produced, and shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" during the intervening time.

25. Information disclosed at a deposition may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" by a statement on the record that the testimony, or part of the testimony, is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" and subject to the provisions of this Order. In addition, the transcript of such a deposition and all information exchanged in such a deposition shall be considered "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or

"OUTSIDE COUNSEL EYES ONLY" for a period of twenty (20) days after receipt of the deposition transcript. During those twenty (20) days, any Party may designate any additional portion or the entire transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" and all other persons given notice of the designation shall treat the information accordingly.

26. For information or material produced in some form other than written information or documents, and for any other tangible items such as recordings, magnetic media, photographs, and things, the Producing Party shall affix in a prominent place a legend substantially in the above form to the information or material, or a container for it, or in the electronic file name, in any suitable and readily viewable manner.

**DISCLOSURE AND USE OF CONFIDENTIAL MATERIAL**

27. Discovery Material produced or otherwise provided by a Party or non-party shall be used solely for purposes of this Action. Such Discovery Material shall not be used for any other purpose, including, without limitation, any business or commercial purpose, unless and until agreed to in writing by all Parties to this Action or authorized by order of this Court or other court of competent jurisdiction. The attorneys of record for the Parties shall exercise reasonable care to ensure that the information and documents governed by this Order are (a) used only for the purposes specified herein, and (b) disclosed only to persons authorized under this Order.

28. Documents and/or information designated as "**CONFIDENTIAL**" may be disclosed only to the following persons:

a. Any officer, director, or employee of a Party who is required in good faith to provide material assistance in the conduct of this Action;

b. Parties, but only to the extent they are individuals;

c. Parties' In House Counsel;

d. Outside Counsel for the Parties;

e. This Court, or any other court exercising jurisdiction with respect to this Action;

f. Any mediator, arbitrator, or special master engaged by the Parties or authorized by the Court for purposes of mediation, arbitration, other dispute resolution, or discovery regarding issues arising in this Action;

g. Experts or Consultants (as defined above) retained by the Parties to provide services in this Action, provided that they execute Attachment 1;

h. Professional Vendors (as defined above) retained by the Parties to provide services in this Action;

i. Associated personnel of any person within categories (a) through (h) for whom access to Confidential information is necessary to assist such persons in the Action, including any Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, stenographers, or other persons involved in taking or transcribing testimony in this Action, and principals and employees of the firm with which Experts or Consultants are associated;

j. Witnesses (as described above), who shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony that are designated as Confidential Information pursuant to Paragraph 4 may not be disclosed to anyone except as permitted under this Order;

k. Authors or Recipients of Documents (as described above);

l. Identified Persons (as described above), who disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and such person has completed the certification contained in Attachment 1 to this Order; and

m. Others as to whom the Designating Party has agreed (or in the case of CONFIDENTIAL Discovery Material for which there are multiple Designating Parties, all Designating Parties have agreed) in writing or on the record.

29. Only Outside Counsel of record in this Action may authorize the access to or disclosure of any documents or information designated as "CONFIDENTIAL" to any person authorized to have access to such information pursuant to the terms of this Order, and each such person to whom any such information is disclosed or made available may be permitted by their counsel to view documents marked by a Designating Party as "CONFIDENTIAL" only in connection with, preparation for, or at a discovery matter, deposition, hearing, trial, litigation related matter, appeal matter or settlement conference. All confidentiality obligations as set forth in this Order are to persist even after the Action has ended.

30. The obligations set forth herein extend to, but are not limited to, copies, summaries, extracts, paraphrases, and notes made by any person to whom such documents designated as "CONFIDENTIAL" are disclosed pursuant to this Order.

31. Documents and/or information designated as "HIGHLY CONFIDENTIAL" may be disclosed only to those persons described in Paragraph 27(b)-(m).

32. Only Outside Counsel of record in this Action may authorize the access to or

disclosure of any documents or information designated as "HIGHLY CONFIDENTIAL" to any person authorized to have access to such information pursuant to the terms of this Order, and each such person to whom any such information is disclosed or made available may be permitted by their counsel to view documents marked by a Designating Party as "HIGHLY CONFIDENTIAL" only in connection with preparation for or at a discovery matter, deposition, hearing, trial, litigation related matter, appeal matter, or settlement conference. These individuals shall not be permitted to retain a copy of any such document or information at the conclusion of the litigation, including any copies or notes regarding such documents or information, and during the pendency of this litigation, the documents shall be viewed and information used for purposes of this litigation only.

33. The obligations set forth herein extend to, but are not limited to, copies, summaries, extracts, paraphrases, and notes made by any person to whom such documents designated as "HIGHLY CONFIDENTIAL" are disclosed pursuant to this Order. Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential or Highly Confidential Information.

34. Documents and/or information designated as "OUTSIDE COUNSEL EYES ONLY" shall be used only for purposes of preparing for and conducting the Action, including any appeals therefrom, and shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following: those persons described in Paragraph 27(c)-(m).

35. Only Outside Counsel of record in this Action may authorize the access to or disclosure of any documents or information designated as "OUTSIDE COUNSEL EYES ONLY" to any person authorized to have access to such information pursuant to the terms of this Order, and each such person to whom any such information is disclosed or made available may be

permitted by their counsel to view documents marked by a Designating Party as "OUTSIDE COUNSEL EYES ONLY" only in connection with preparation for or at a discovery matter, deposition, hearing, trial, litigation related matter, appeal matter or settlement conference. These individuals shall not be permitted to retain a copy of any such document or information at the conclusion of the litigation, including any copies or notes regarding such documents or information, and during the pendency of this litigation, the documents shall be viewed and information used for purposes of this litigation only.

36. The obligations set forth herein extend to, but are not limited to, copies, summaries, extracts, paraphrases and notes made by any person to whom such documents designated as "OUTSIDE COUNSEL EYES ONLY" are disclosed pursuant to this Order.

37. Prior to the disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" materials and/or information to any of the enumerated individuals listed in the respective paragraphs above, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as **Attachment 1**.

## INADVERTENT DISCLOSURE

38. To the extent that any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" documents and/or information are produced without being designated as such, that disclosure shall be deemed an inadvertent disclosure. Upon the request of any Party for proper designation of an improperly designated or non-designated document, all copies of the document shall be marked with the proper designation and the document shall be retrieved by outside counsel from any person who would not have been allowed access to the document if it had been properly designated.

39. If a Producing Party becomes aware that it has inadvertently produced materials that reasonably appear to be subject to an attorney-client privilege, the common interest privilege, work product protection, or otherwise protected by a discovery privilege or immunity ("Disclosed Protected Information"), the Producing Party will promptly notify each Receiving Party in writing of the inadvertent production. Within fourteen (14) days of receipt of such notice, each Party to which such notice is directed: (a) must return, sequester, or destroy the Disclosed Protected Information and any copies; (b) must not use or disclose the Disclosed Protected Information until the claim is resolved; (c) must take reasonable steps to recall the Disclosed Protected Information if the Party disclosed it before being notified; and (d) must provide a written certification of counsel that all such Disclosed Protected Information has been returned, sequestered, or destroyed. Any notes or summaries referring or relating to any such Disclosed Protected Information shall be destroyed or sequestered within the fourteen (14) days provided for.

40. If a Receiving Party receives Disclosed Protected Information the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material. Within fourteen (14) days of the notification that such Disclosed Protected Information has been returned, sequestered, or destroyed, the Party asserting privilege shall produce a privilege log with respect to the Disclosed Protected Information setting forth all of the information required under Fed. R. Civ. P. 26(b)(5)(A)(ii). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. If the underlying claim of privilege or protection is contested, the Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B) and the Receiving Party may promptly seek a judicial determination of the matter pursuant to that rule (a "Privilege Motion"). Any Privilege Motion shall not assert as a ground for granting the motion

the fact or circumstance of the production in this Action of the Discovery Material claimed to be privileged.

41. The Party asserting privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in this Order shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information.

**CHALLENGING DESIGNATIONS**

42. No Party concedes that any document or information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" by any other person does in fact contain or reflect confidential, sensitive, or proprietary business or personal information, or has been properly designated.

43. A Party shall not be obligated to challenge the propriety of the designation of documents or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" at the time such designation is made, or at any other time, and failure to do so shall not preclude a subsequent challenge thereof.

44. Any Party may move for a ruling that a document or category of documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" is or is not entitled to such status and protection, but the document or category of documents shall be treated as so designated until such time as the Designating Party may agree otherwise, or as the Court may otherwise order. The Party who designated the document or category of documents as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" shall bear the burden of showing that the designation is warranted. The party challenging a designation ("Challenging Party") shall provide written notice to the Designating Party, identifying the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR

"OUTSIDE COUNSEL EYES ONLY" Discovery Material whose designation it challenges and setting forth the basis for the challenge. The Challenging Party shall bear the burden of showing that the designation is not warranted. Within fourteen (14) days of receipt of written notice of the challenge to its designation, the Designating Party shall meet and confer with the Challenging Party and these Parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation. If the Parties fail to resolve any such dispute, the Challenging Party may seek relief from the Court in accordance with the Court's Order Setting Discovery Procedures, ECF No [7], the Local Rules, and Federal Rules of Civil Procedure.

45. Nothing in this Order shall prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, including to possible *in camera* review of any Discovery Material as appropriate.

**MISCELLANEOUS**

46. If a Party wishes to file any documents and/or information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" with the Court, it shall advise the Designating Party that it wishes to file said documents and shall comply with all requirements of Southern District of Florida Local Rule 5.4.

47. **Non-Party Information**. Discovery in this proceeding may involve disclosure by a non-party of CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSELEYES ONLY information. At the option of a non-Party, such information may be produced subject to the provisions of this Order and, in that event, shall provide the non-Party with all of the rights and obligations of a Party as created by this Order with respect to CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or OUTSIDE COUNSEL EYES ONLY information produced by such non-Party in connection with this Action.

48. Within sixty (60) days after the conclusion of this litigation, including all appeals, any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" documents and/or information, including copies and originals (except documents in the files of the Court, and except for documents retained in counsel's files, which will continue to be subject to the provisions of this Order, shall, at the election of the Party who designated the documents and/or information "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" be certified as destroyed, or returned to the Designating Party at the Designating Party's expense.

49. Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" documents and/or information shall relieve any person from the obligation of maintaining the confidentiality of such information and/or documents.

50. If, at any time, any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR"OUTSIDE COUNSEL EYES ONLY" Discovery Material in the possession, custody, or control of any Party or person other than the Designating Party is subpoenaed or requested by any court, administrative agency, legislative body, or other person or entity, before producing any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" Discovery Materials, the Party or person to whom the subpoena or request is directed shall provide prompt written notice to the original Designating Party. Should the Designating Party oppose the request for production of such documents or materials, the Party or person to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the Designating Party unless otherwise ordered by a court of competent jurisdiction. Other than the

obligation to comply with these requirements, this Order is not intended to affect a Party's obligation to respond to such a subpoena or request.

51. Nothing in this Order shall prohibit the use of, or reference to, any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" documents and/or information in Court or at trial; provided, however, that the Party using or planning to use such documents and/or information bring to the Court's attention the intention to disclose "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" documents and/or information in open court. Prior to trial of the Action, counsel for the Parties shall attempt to reach agreement on the handling of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" documents and/or information at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

52. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" documents and/or information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall only disclose "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "OUTSIDE COUNSEL EYES ONLY" documents and/or information as allowed under this Order.

53. Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Order.

54. Even after the termination of this Action, the confidentiality obligations imposed

by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

55. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

56. The terms of this Order shall be binding upon all current and future parties to this Action and their counsel; any party appearing in this Action following entry of this Order shall be deemed to have joined this Action subject to its provisions.

57. This Stipulated Protective Order shall not constitute a waiver of (a) any jurisdictional defenses that may be available; (b) any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, any defense listed in Rule 12(b) of the Federal Rules of Civil Procedure, or otherwise (including but not limited to any defense based on ineffective service), or (c) any other statutory or common law defenses that may be available to Defendants. Defendants expressly reserve their rights to raise these and any other defenses available to them.

58. The Court retains jurisdiction even after final disposition of this Action to enforce this Stipulation and Order by the sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Stipulation and Order in contempt and to make such amendments, modifications, deletions, and additions to this Stipulation and Order as the Court may from time to time deem appropriate.

59. This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation as among the executing parties immediately upon its execution by such executing parties.

**DONE and ORDERED** in Chambers in Miami, Florida on April 9, 2025.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

**ATTACHMENT 1**

I acknowledge that I have read the attached Protective Order in the action titled *Fontainebleau Florida Hotel, LLC d/b/a Fontainebleau Miami Beach v. Jacob Shmuel Botach a/k/a "Shmuley Boteach"*, Case No. 25-cv-20251-MOORE/Elfenbein and understand that I am authorized to receive Confidential Information subject to that Protective Order. I agree to abide by the obligations and conditions of that Protective Order. I agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for all disputes arising out of or relating to the Protective Order and/or the disclosure or receipt of Confidential Information under that Protective Order.

Dated this ___ day of __________, 2025.

Signature: ________________________________

Printed Name: _____________________________

Company: _________________________________

Title/Position: _____________________________