IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-20251-KMM

FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, a foreign limited liability company,

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," an individual, and John Does 1-10,

Defendants.

_____________________________________/

**DEFENDANT JACOB SHMUEL BOTACH'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, JACOB SHMUEL BOTACH ("Defendant"), hereby responds to the Plaintiff's First Amended Complaint and asserts affirmative defenses, as follows:

**INTRODUCTION**

1. Defendant denies the allegations in paragraph 1.

2. Defendant denies the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

4. Defendant admits that he was the subject of an antisemitic attack at Plaintiff's Hotel two years ago but denies the remainder of the allegations in paragraph 4.

5. Defendant admits that he discussed retraining of hotel security with representatives of Plaintiff's Hotel after the attack two years before the incident that is the subject of this lawsuit.

Defendant also admits that The Hotel permitted him and his family access to the swimming pool and gym but denies that such access was provided in compensation for the attack. Defendant denies the remainder of the allegations in paragraph 5 as phrased.

6. Defendant denies the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10 and its subsections as phrased.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant admits that Plaintiff is attempting to recover damages but otherwise denies the allegations in paragraph 16.

**PARTIES, JURISDICTION AND VENUE**

17. Defendant admits the allegations in paragraph 17 for jurisdictional purposes.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits that the proper venue is the Federal Court for the Southern District of Florida but otherwise denies the allegations in paragraph 19.

20. Defendant admits that Plaintiff is seeking an amount that exceeds the jurisdictional limits of this Court but denies that Plaintiff suffered damages in excess of the jurisdictional limits of this Court.

## GENERAL ALLEGATIONS

21. Defendant admits that he is a fighter of antisemitism but denies the remainder of the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant admits that he is sometimes referred to as "America's Rabbi." Defendant also admits that he is an author, Oxford lecturer, and frequent guest on various television programs, some of which involve debates related to Judaism and antisemitism. Defendant denies Plaintiff's sardonic characterization of his work and the remainder of the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies that he has engaged in the conduct described in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant admits that he was confronted and attacked by a guest of Plaintiff who hurled antisemitic insults and threats, and that Defendant verbally defended himself from the attack. Defendant denies the remaining allegations in paragraph 28 as phrased.

29. Defendant admits that he posted a cell phone video of Plaintiff's guest attacking him and hurling antisemitic insults and threats. Defendant further admits that Plaintiff's security personnel intervened. Defendant denies the remaining allegations in paragraph 29.

30. Defendant admits that Plaintiff's guest who attacked Defendant first approached Defendant in the lobby to confront Defendant about Defendant's opinions on Israel prior to returning and violently threatening Defendant. Defendant otherwise denies the allegations in paragraph 30, as phrased.

31. Defendant is without knowledge as to what Plaintiff's guest claims to have seen and is therefore unable to admit or deny allegations related to Plaintiff's guest's perspective. Defendant denies the remainder of the allegations in paragraph 31.

32. Defendant admits that he did not appreciate that Plaintiff's guest approached him again and hurled antisemitic insults and threats at him but otherwise denies the remaining allegations in paragraph 32.

33. Defendant admits that Plaintiff's security intervened in the attack and that Plaintiff's guest and Plaintiff's security officer locked hands and embraced. Defendant further admits that it was his opinion that the Security guard did not properly respond to the attack as antisemitic. Defendant denies the remaining allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35 as phrased.

36. Defendant denies the allegations in paragraph 36.

**A. The Incident**

37. Defendant admits that shortly after 12:00 am on Monday, December 2, 2024, Plaintiff's guest shouted antisemitic threats, insults, and obscenities at Defendant and that Defendant used his cellphone to video the encounter. Defendant denies the remaining allegations.

38. Defendant admits that Plaintiff's security intervened in the attack by Plaintiff's guest within a few minutes and that he and Plaintiff's guest were eventually separated. Defendant also admits that Plaintiff banned Defendant from the Hotel afterwards. Defendant is without knowledge as to whether or when Plaintiff's guest was banned from the hotel. Defendant denies the remaining allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant admits that Plaintiff's security intervened but otherwise denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

**B. The Response Following the Incident: Defendant Boteach Falsely States That the Hotel IS Racist and Obstructing Law Enforcement**

44. Defendant denies the allegations in paragraph 44.

45. Defendant admits that he feared for his own safety but denies the remaining allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant admits that it is his opinion that Plaintiff did not disavow the attack as antisemitic. Defendant denies that he has subjected Plaintiff to malicious and false statements at all hours of the day and night or that he accused Plaintiff of obstructing a law enforcement investigation. Defendant denies the remaining allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49 as phrased.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph. 52.

**C. Defendant Openly Declares, Malice, Causation, and Damages**

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54 as phrased.

55. Defendant admits that Defendant posted to "X" on December 9, 2024, but denies that the image shown accurately portrays the post. Defendant, therefore, denies the allegations in paragraph

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

## COUNT I
## DEFAMATION PER SE
## (Against Defendant Boteach)

65. Defendant repeats and realleges his responses to the allegations in paragraphs 1 through 64 as if fully set forth herein.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

**COUNT II**
**ORDINARY DEFAMATION**
**(Against Defendant Boteach)**

83. Defendant repeats and realleges his responses to the allegations in paragraphs 1 through 64 as if fully set forth herein.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

92. Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

99. Defendant denies the allegations in paragraph 99.

100. Defendant denies the allegations in paragraph 100.

101. Defendant denies the allegations in paragraph 101.

## COUNT III
## AIDING AND ABETTING DEFAMATION
**(Against Defendant John Doe)**

102. The allegations in paragraph 102 are not directed toward this Defendant.

103. The allegations in paragraph 103 are not directed toward this Defendant.

104. The allegations in paragraph 104 are not directed toward this Defendant.

105. The allegations in paragraph 105 are not directed toward this Defendant.

106. The allegations in paragraph 106 are not directed toward this Defendant.

107. The allegations in paragraph 107 are not directed toward this Defendant.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
**(Against Defendant Boteach)**

108. Defendant repeats and realleges his responses to the allegations in paragraphs 1 through 64 as if fully set forth herein.

109. Defendant is without knowledge as to the allegations in paragraph 109 and denies same.

110. Defendant denies the allegations in paragraph 110.

111. Defendant denies the allegations in paragraph 111.

112. Defendant denies the allegations in paragraph 112.

113. Defendant denies the allegations in paragraph 113.

114. Defendant denies the allegations in paragraph 114.

115. Defendant denies the allegations in paragraph 115.

116. Defendant denies the allegations in paragraph 116.

**COUNT V**
**AIDING AND ABETTING TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**
**(Against Defendant John Doe)**

117. The allegations in paragraph 117 are not directed toward this Defendant.

118. The allegations in paragraph 118 are not directed toward this Defendant.

119. The allegations in paragraph 119 are not directed toward this Defendant.

120. The allegations in paragraph 120 are not directed toward this Defendant.

121. The allegations in paragraph 121 are not directed toward this Defendant.

122. The allegations in paragraph 122 are not directed toward this Defendant.

**AFFIRMATIVE DEFENSES**

1. As his First Affirmative Defense, Defense Defendant asserts that Plaintiff's claims for Ordinary Defamation and Defamation Per Se are barred because Plaintiff failed to comply with Florida's statutory pre-suit notice requirements. *See, e.g., Plant Food Sys. v. Irey*, 165 So. 3d 859, 860–61 (Fla. 5th DCA 2015); *Comins v. VanVoorhis*, 135 So. 3d 545, (Fla. 5th DCA 2014). "Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory." Fla. Stat. § 770.01.

2. As his Second Affirmative Defense, Defendant asserts that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages. Plaintiff's claimed damages

could have been avoided with reasonable efforts and Plaintiff did not take reasonable steps to avoid harm. Specifically, Plaintiff is seeking costs to remediate harm that it did not suffer.

3. As his Third Affirmative Defense, Defendant asserts that the allegedly defamatory statements, to the extent they are statements of fact (as opposed to opinion), are true.

4. As his Fourth Affirmative Defenses, Defendant asserts that Plaintiff's claims violate Florida's single publication/single action rule. Pursuant to the rule, a Plaintiff cannot maintain or recover for concurrent related torts based on the same publication and underlying facts. *See Klayman*, 22 F. Supp. 3d at 1256; *see Ortega Trujillo*, 17 F. Supp. 2d at 1339-40 (dismissing false light privacy claim arising from same allegedly defamatory publication). Count I for defamation *per se*, Count II for ordinary defamation, and Count IV for tortious interference with business relationships are all based on the same factual allegations.

5. As his Fifth Affirmative Defense, Defendant asserts that the statements identified in Plaintiff's First Amended Complaint are not actionable because they are hyperbolic statements of opinion. *See, e.g.*, *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018); *Frank v. Fine*, No. 6:23-cv-2043, 2024 U.S. Dist. LEXIS 2891, 2024 WL 473718, at *3 (M.D. Fla. Jan. 5, 2024) (citing *Buckley v. Littell*, 539 F.2d 882, 893 (2d Circ. 1976), applying Florida law, and finding that "being called a Nazi or coward are not verifiable statements of fact that would support a defamation claim" because they are statements of opinion); *see also Ozyesilpinar v. Reach PLC*, 365 So. 3d 453, 460 (Fla. 3d DCA 2023) ("[C]ommentary or *opinion* based on facts that are set forth in the subject publication or which are otherwise known or available to the reader or listener do not constitute libel."); *Seropian v. Forman*, 652 So. 2d 490, 495 (Fla. 4th DCA 1995) (concluding that the words "influence peddling" in context were not defamatory); *Horsley v. Rivera*, 292 F.3d 695, 701 (11th Cir. 2002); *Murray v. Pronto Installations, Inc.*, No. 8:20-cr-824-T24AEP, 2020 U.S.

Dist. LEXIS 213494, at *12-17 (M.D. Fla. Nov. 16, 2020) (social media posts about a Defendant's boss after being fired without notice were non-actionable hyperbole because "a reasonable reader ... would have known that the statements were 'emotionally charged rhetoric'" by a frustrated employee).

6. As his Sixth Affirmative Defense, Defendant asserts that Plaintiff's claims for Tortious Interference fail as a matter of law because The First Amended Complaint fails to identify any actual business or contractual relationships with which Defendant interfered.

7. As his Seventh Affirmative Defense, Defendant asserts that Plaintiff is not entitled to Injunctive Relief as a matter of law. "Injunctive relief is not available to prohibit the making of defamatory or libelous statements." *Chevaldina v. R.K./FL Mgmt.*, 133 So. 3d 1086, 1090 (Fla. 3d DCA 2014).

8. As his Eighth Affirmative Defense, Defendant asserts that conduct by Plaintiff's employees or agents when responding to the Incident described in the Amended Complaint and during the investigation by law enforcement caused or contributed to Plaintiff's claimed damages.

9. As his Ninth Affirmative Defense, Defendant asserts that Faiz Akbar, not Defendant, caused or contributed to the damages alleged by Plaintiff.

10. As his Tenth Affirmative Defense, Defendant asserts that Plaintiff's claims for tortious interference fail as a matter of law because Defendant's alleged conduct was justified in light of the threats made against him while on Plaintiff's property.

**DEMAND OR JURY TRIAL**

Defendant demands a trial by jury on all issues.

*/s/ John Y. Benford*
John Y. Benford, Esquire
Florida Bar No. 51950
john.benford@wilsonelser.com
alyssa.heitman@wilsonelser.com
Jacqueline M. Bertelsen, Esquire
Florida Bar No. 123747
jacqueline.bertelsen@wilsonelser.com
daniela.ezeta@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 N. Orange Avenue, Suite 1200
Orlando, FL 32801
Telephone: 407-203-7599
Counsel for Defendant, Jacob Shmuel Botach

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2025, the foregoing document was filed using the CM/ECF system for the United States District Court, Southern District of Florida, which will send electronic notice of the foregoing to all counsel of record.

*/s/ John Y. Benford*
John Y. Benford, Esquire