IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

FONTAINEBLEAU FLORIDA HOTEL,
LLC d/b/a FONTAINEBLEAU MIAMI
BEACH, *a foreign limited liability company*,

      Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," *an individual*,
and John Does 1-10,

      Defendants.
_____/

CASE NO. 1:25-cv-20251-KMM

## **PLAINTIFF FONTAINEBLEAU FLORIDA HOTEL, LLC'S MOTION TO STRIKE**

Plaintiff Fontainebleau Florida Hotel, LLC d/b/a Fontainebleau Miami Beach ("Plaintiff" or "Hotel") hereby files its Motion to Strike Defendant Botach's ("Botach") December 6, 2024 letter and references thereto (*see* ECF Nos. 40, 88, 88-3, 92).

## **INTRODUCTION**

Botach has recently resorted to publicly accusing Plaintiff's owner of using litigation tactics ***including judicial bribery*** apparently in retaliation for being confronted with his multiple false representations to the Court that a letter dated December 6, 2024 ("Botach's December 6 Letter" or the "Letter") was in fact transmitted to Plaintiff. (ECF Nos. 40 at ¶ 32, 88, 88-3, 92.) Botach's December 6 Letter purported to, *inter alia*, notify Plaintiff that he would be filing a lawsuit for civil rights violations, which is the basis of his Counterclaim's "retaliation" theory. Of course, Plaintiff could not possibly be charged with knowledge of the Letter's contents unless the Letter was actually sent to Plaintiff. But it wasn't sent to Plaintiff, yet Botach maintains in the record his false representations that it was sent to Plaintiff.

After over a month of demands from Plaintiff's counsel to Defendant's counsel for proof that Botach's December 6 Letter was actually transmitted to Plaintiff, Botach has come up with nothing. This is especially problematic because Botach has repeatedly and falsely claimed that the letter was sent to Plaintiff: First in his Counterclaim and again in his effort to avoid sanctions for violating the Court's Protective Order. *See* ECF No. 40, Counterclaim at ¶ 32 ("On December 6, 2024, Shmuley, through counsel, **_notified the Fontainebleau in writing of his intent to pursue litigation against the hotel_** . . . ."); ECF No. 88, Defendant's Response in Opposition to Plaintiff's Motion for Sanctions at 11 ("On December 6, 2024, just four days following the Incident, **_Rabbi Boteach's prior counsel sent_** a 'Notice to Preserve Evidence' to Plaintiff . . . .") (emphases added).

Botach's counsel does not dispute that the letter was never sent. The parties met and conferred and Plaintiff's counsel memorialized that Botach's counsel had "agreed that Botach will be withdrawing (1) paragraph 32 of Botach's counterclaim/third-party claim (DE 40), and (2) any other references to that 12/6/24 letter in any other filings made by Botach." *See* Exhibit 1. In response, Botach's counsel wrote on November 28, 2025, "Let me be clear: I am not at all walking back our agreement that, if the facts stand as you suggested, and I have only seen indications that you are CORRECT, the allegations about that letter, at least, must be withdrawn." *See* Exhibit 2. Botach's counsel also explained the delay: "I have not been paid for any of my work in this matter. I have outstanding questions to my team and other requests that must govern my treatment of these subpoints, if at all, should I continue in this representation." *Id*.

Plaintiff has waited over a month for answers and to allow Botach to file an appropriate notice or withdrawal of these false assertions so as to avoid seeking judicial involvement. However, Botach has not provided any clarity as to when, if ever, he and his counsel will withdraw their inaccurate assertions with respect to the Letter. Plaintiff files this Motion because allowing those assertions to remain on the docket runs the risk of inducing the Court into unknowingly

relying on misrepresentations.

Botach's willingness to make misrepresentations to the Court is outmatched only by his unwillingness to correct them when confronted with the facts—he never sent the Letter and refuses to withdraw it. This is only one example of Botach's disregard for the seriousness of the federal litigation process, which he himself chose to commence by removing the Complaint to this Court. *See also* ECF No. 61 (Pl.'s Mot. For Sanctions); ECF No. 96 (Pl.'s Reply in Support of Plaintiff's Motion to Dismiss the Counterclaim (discussing how Botach's Response in Opposition used fake caselaw)). Botach's ongoing online assault on the Hotel and persons associated with it, and elsewhere.

Botach's ongoing assault on the judicial proceedings reached a nadir this morning when he publicly implied that people like Plaintiff or its owner engage in judicial bribery. In a public video posted to his 228,000 followers about this litigation, Botach stated in relation to the last year of litigation that an owner of the Hotel, "Jeffrey Soffer" "this billionaire" "has thrown endless-- ***that's what billionaires do***, that's why there's such a backlash in America-- billionaires, they buy our politicians, ***they buy our courts***, they can afford the most expensive and best lawyers on Earth . . . ." *See* December 3, 2025 Post on X (formerly Twitter), https://x.com/RabbiShmuley/status/19961320504291778663 (last visited Dec. 3, 2025). Plaintiff's good faith effort to try to allow Botach to quietly clean up his papers is met not with evidence supporting his position, but an accusation of criminal corruption.

Having exhausted all paths to privately remedy Botach's misrepresentations, Plaintiff regrets that it must now seek entry of an order striking all allegations and references to Botach's December 6, 2024 Letter, as well as an order to show cause why sanctions should not issue, and any other relief the Court deems appropriate.

3

## **BACKGROUND**

1.        In his Counterclaims and Third Party Claims, Botach alleged that on December 6, 2024, his former counsel "notified [Plaintiff] in writing of his intent to pursue litigation against the hotel for, *inter alia*, 'discrimination in a public accommodation, and any other causes of action in State and Federal law uncovered.'" *See* ECF No. 40 at ¶ 32.

2.        Plaintiff has no record of receipt of the December 6, 2024 letter and requested a copy of the letter and its transmittal from Botach's counsel.

3.        On November 3, 2025, Botach's counsel provided Plaintiff's counsel with a copy of an email purporting to send the December 6, 2024 letter ("Transmittal"). *See* Exhibit 3.

4.        The Transmittal shows Botach's counsel sent the email to pas@fbdev.com,[1] but that is and always has been a non-existent email address.

5.        For example, emailing that email address will produce an automated error bounce back message. *See* Exhibit 4. In other words, the Letter was never actually sent to Plaintiff.

6.        The Letter referenced four addressees: an email address ("mpappas@fbdev.com"), and three mailing addresses corresponding to the Hotel, Fontainebleau Development, LLC ("FB Dev"), and CT Corporation System ("CT Corp."), the Hotel's registered agent.

7.        No one ever received the emailed Letter because the email address it was sent to was pas@fbdev.com (Exhibit 3), *not* the email typed on the letter itself ("mpappas@fbdev.com"), and pas@fbdev.com is an email address that never existed. (Exhibit 4.) None of the Hotel, FB Dev, or CT Corp have any record of ever receiving the Letter. (Exhibits 5 and 6.) As shown in the email correspondence between counsel for the parties, Botach has failed to show the Letter was ever transmitted.

---

[1] The pas@fbdev.com email address is similar to Plaintiff's in-house counsel's email address, mpappas@fbdev.com, which may explain who Botach's counsel intended to email.

4

8. On November 24, 2025, counsel for Plaintiff and Botach met and conferred on Plaintiff's request to strike all of Botach's allegations and references to the Letter it was never actually transmitted to Plaintiff.

9. Following the meet and confer, Plaintiff's counsel wrote Botach's counsel,

> As we discussed, **you agreed that Botach will be withdrawing (1) paragraph 32 of Botach's counterclaim/third-party claim (DE 40), and (2) any other references to that 12/6/24 letter in any other filings made by Botach.** We ask that you do so by the end of the day tomorrow. Please confirm by reply email. Thank you.

*See* Exhibit 1 (emphasis added).

10. Botach's counsel replied, "Good talk, yes, we'll figure this out tomorrow. Don't think it'll be too much of a hassle. Thank you all." *Id*.

11. Rather than timely comply by filing a notice or any paper effectuating a withdrawal, on November 25, Botach's counsel stated,

> Following up on our conversation, **I'd like to do what we discussed correcting / removing allegations that are not related to determination of this outcome &/or inaccurate based on the parties' factual investigation / discussion**, & possibly - I need to think about this carefully - revisit counts. How about by end of this week, I circulate proposed amended complaint then we can see if there are any objections to it, maybe we submit with unopposed motion or opposed can't rly tell until we get there, motion to file first amended counterclaim.
> **And we will make sure it remedies the concerns discussed.**
> Let me know if we are comfortable streamlining this resolution this way. Thank you.

*Id*. (emphasis added).

12. On November 28, Plaintiff's counsel requested Botach's "proposed amended complaint" and advised that Plaintiff would otherwise proceed with this motion to strike. *See* Exhibit 2.

13. In response, Botach's counsel objected to delivering a "proposed amended

5

complaint" on November 28 in light of the holidays. *Id*.

14. Plaintiff's counsel pointed out that Botach's counsel proposed the November 28 deadline *Id*. (Botach's counsel: "How about by end of this week, I circulate proposed amended complaint then we can see if there are any objections to it, maybe we submit with unopposed motion or opposed can't rly tell until we get there, motion to file first amended counterclaim.").

15. Botach's counsel replied, "I am not criticizing my own proposal. I am swatting away a childish, deceptive attempt rooted in distortion, selective treatment of parts of proposals you never even responded to, which were all efforts to qualm *your* concerns. Do whatever you please. To the extent I am the one who responds on Jacob's behalf, I am going to drill down on these deceptions." *Id*.

16. In response, Plaintiff's counsel wrote, "**If you need more time, please just let us know**." *Id*. (emphasis added).

17. Botach's counsel replied, "Right now, I am not sure what my involvement in this litigation, if any, will be going forward." *Id*.

18. He further stated, "Let me be clear: I am not at all walking back our agreement that, if the facts stand as you suggested, and I have only seen indications that you are CORRECT, the allegations about that letter, at least, must be withdrawn." *Id*.

19. Botach's counsel did not agree to any date by which the inaccuracies would be addressed.

20. Apparently due to internal disputes between Botach and his counsel, which are outside the control of Plaintiff or the Court, this issue cannot timely be resolved by the parties without judicial intervention. Botach's counsel wrote, "I have not been paid for any of my work in this matter. I have outstanding questions to my team and other requests that must govern my treatment of these subpoints, if at all, should I continue in this representation. *Yes*, I have been

6

applying pressure on the backend for those answers just like to you below on the frontend for other outstanding answers." *Id*.

21. Based upon the foregoing, Botach's counsel has agreed multiple times that he has no basis to deny that all allegations and references to the December 6, 2024 letter should be stricken, but his reluctance or inability to withdraw these allegations and references has rendered this Motion necessary.

## MEMORANDUM OF LAW

All allegations and references to Botach's December 6, 2024 letter should be stricken because Botach's counsel has repeatedly admitted to being unable to support the truthfulness of the assertion that the Letter was sent to Plaintiff. Therefore, the Letter is immaterial and impertinent to this litigation.

"The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter". Fed. R. Civ. P. 12(f). *See also Arch Insurance Company, v. A3 Development, LLC*, 2025 WL 3091075 at *2 (S.D. Fla. 2025). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). Therefore, "[a] motion to strike will usually be denied unless the material has no possible relation to the controversy and may cause prejudice to one of the parties." *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699 (S.D. Fla. 2013). *See also Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). ("The purpose of a motion to strike is to . . . remove irrelevant or otherwise confusing materials").

Here, Defendant's references to the December 6, 2024 letter in his Counterclaim and other filings are immaterial, impertinent and cause prejudice to Plaintiff because there is no genuine dispute that the letter was transmitted to a non-existent, non-functioning email address that Plaintiff

7

never received, but nevertheless, Botach references the December 6 letter in support of his claims for relief and his effort to avoid sanctions.

Furthermore, Botach's counsel agreed to withdraw all allegations and references to the letter because the letter was only transmitted to a non-functioning email address that has no relation to Plaintiff.

## CONCLUSION

For these reasons, Plaintiff seeks to strike all allegations and references to the December 6, 2024 letter in Botach's filings in ECF Nos. 40 at ¶ 32, 88, 88-3, 92 and/or order Botach to show cause why the references to the Letter should not be stricken and why fees should not be awarded to Plaintiff, as well as any other relief the Court deems proper.

## CERTIFICATE OF CONFERRAL

Starting on October 30, 2025 and again between November 24 and November 28, the undersigned counsel met and conferred with counsel for Mr. Botach via telephone and email. *See* Exhibits 1-2. While Mr. Botach's counsel indicated that he agreed to the relief requested herein, he has not taken any action with respect to these issues despite agreeing to do so. While one of Botach's attorneys is seeking to withdraw, all of his attorneys of record remain in the case. Plaintiff has tried to resolve this amongst the parties without judicial intervention for over a month. Finally, with respect to this Motion in particular, Botach's counsel stated "Do whatever you please," and has not engaged further.

Dated: December 3, 2025
Miami, Florida

Respectfully submitted,

**BURSTYN LAW PLLC**

By: */s/ Sean A. Burstyn*
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
1101 Brickell Avenue, Suite S700
Miami, FL 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*
*d/b/a Fontainebleau Miami Beach*

## CERTIFICATE OF SERVICE

I certify that on December 3, 2025, a true and correct copy of the foregoing was electronically filed on the CM/ECF system, which will serve it via electronic mail to counsel of record.

By: /s/ *Sean A. Burstyn*
Sean A. Burstyn, Esq.