IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

FONTAINEBLEAU FLORIDA HOTEL,
LLC d/b/a FONTAINEBLEAU MIAMI
BEACH, *a foreign limited liability company*,

      Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," *an individual*,
and John Does 1-10,

      Defendants.

_____/

CASE NO. 1:25-cv-20251-KMM

**PLAINTIFF'S UNOPPOSED MOTION FOR AN EXTENSION OF
LEAVE TO CONDUCT ONE OUT-OF-PERIOD DEPOSITION**

      Plaintiff/Counter-Defendant Fontainebleau Florida Hotel, LLC d/b/a Fontainebleau Miami Beach ("Plaintiff" or "Hotel"), pursuant to the Federal Rules of Civil Procedure, respectfully moves this Court to extend the leave it previously granted for the Hotel to conduct the in-person deposition of Defendant/Counter-Plaintiff Botach in Miami.

**SUMMARY**

      Defendant/Counter-Plaintiff Botach has canceled his deposition for a third time, recently claiming that he could not be in Miami for his deposition on February 9th due to a back issue (notwithstanding that he was in Miami on February 7th and may still be here). Like clockwork, every time he has been scheduled for a deposition, he has had to cancel because his back hurts. Hence, the instant second motion for leave to take his deposition after the discovery period. This extension will also permit the Hotel to seek relief from Magistrate Judge Elfenbein in the form of an order compelling the deposition in Miami and potential coercive relief to ensure his attendance.

      Plaintiff respectfully submits that the Court may grant this relief according to its inherent

discretion to manage the case and on the basis of Defendant's agreement to the relief requested (*i.e.*, a 30-day extension of time to depose Botach).

In an abundance of caution, Plaintiff has also briefed the substantive issues below and included documentation showing Botach's regular travel to-and-from Miami during periods that he claims he could not be in Miami or travel for his deposition notwithstanding that he chose to file counterclaims in this forum.

## BACKGROUND

**I.     The Court Set Discovery and Motion Deadlines**

On March 3, 2025, the Court ordered discovery—including depositions—completed by October 3, 2025, and pretrial motions filed by October 24, 2025. *See* ECF No. 17.

**II.    Plaintiff's First Scheduling Attempt. Botach Requests Six-Month Continuance.**

On September 10, 2025, Plaintiff's counsel contacted Botach's counsel to schedule Botach's in-person deposition in Miami for September 2025. *See* Exhibit 1.[1]

That same day, Botach's counsel responded that Botach was unavailable in September and would seek a motion to extend the October 3rd deposition deadline. *See* Exhibit 2.

Six days later, on September 16, 2025, Botach's counsel proposed dates after the October 24 summary judgment deadline. *Id*. When Plaintiff's counsel requested earlier dates to allow for depositions before the October 24 summary judgment deadline, Botach's counsel stated those were the earliest available dates and simultaneously sought a 6-month continuance of all deadlines. *Id*.

On September 25, 2025, the Court continued the trial to April 6, 2026, extended discovery to December 26, 2025, and moved the pre-trial motion deadline to January 16, 2026. *See* ECF No. 63.

---

[1] References to the exhibits are made in connection with the Declaration of Sean A. Burstyn dated February 9, 2026.

2

On September 29, 2025, Plaintiff proposed scheduling Botach's in-person deposition on November 5, 2025 in Miami. *See* Exhibit 3.

### III. First Cancellation: Botach Claims Year-Old Back Injury Just Two Weeks After Confirming His Deposition Date

However, on September 29, 2025, Botach's counsel advised that "Defendant will not be able to travel to Miami for the proposed deposition dates." *See* Exhibit 4. Botach's counsel referenced a medical note stating Botach had received "multiple spinal injections, most recently on 9/16/2025", and recommending "he avoid traveling until further notice." *Id*. Of course, Botach knew he would be getting "multiple spinal injections" on "9/16/2025" when, on September 16, 2026, his counsel confirmed that he would be available to be deposed.

On October 1, 2025, Botach's counsel promised an updated medical prognosis. After multiple follow-ups, the parties confirmed that Botach's deposition would proceed on December 10, 2025. *See* Exhibit 5. Plaintiff served Botach with its First Deposition Notice on October 24, 2025. *See* Exhibit 6.

### IV. Second Cancellation: Botach Claims Worsened Condition Five Days Before Deposition.

On December 5, 2025, five days before the December 10th deposition, Botach's counsel advised that Botach's condition had "worsened," that Botach required a procedure December 9th, and that Botach could not travel to Miami. *See* Exhibit 7. On December 9, 2025, Botach's counsel proposed another joint motion to extend deadlines. *Id.*

On December 15, 2025, the Court granted leave to conduct Botach's deposition outside of the discovery period through February 9, 2026, and extended pretrial motion deadlines to March 13, 2026. ECF No. 108.

### V. Third Cancellation: Botach Claims Another Procedure Twelve Days Before Deposition

On January 5, 2026, Plaintiff's counsel again sought to reschedule Botach's in-person

3

deposition in Miami. *See* Exhibit 8. The parties agreed to schedule Botach's deposition on February 9, 2026, and Plaintiff served an amended deposition notice on January 13, 2026. See Exhibit 9.

On January 28, 2026, 12 days before the February 9 deposition and the Court-ordered deadline to depose him, Botach's counsel advised that Botach "continues to have serious issues with his back," "require[es]… another procedure [the next day]," and "will not be able to travel to Miami to attend his deposition." *See* Exhibit 10.

### VI.    Botach's Own Social Media Contradicts His Medical Claims.

Botach's claims of incapacitating back injuries that prevent travel are contradicted by his own social media. During the period Botach claimed he could not travel for his deposition, his social media stories and posts on Instagram and Twitter show otherwise.

On or around September 25, 2025, the day before he disclosed purportedly debilitating back issues that arose from his 9/16 multiple injections, Botach posted a video of himself in cycling gear with a bicycle in Times Square, New York. *See* Exhibit 11 and Declaration ¶14 (LINK). Three days later, Botach posted a video of himself in a seated position kayaking. *See* Exhibit 12 and Declaration ¶16 (LINK). On or around October 6, 2025, Botach again posted a video of himself in cycling gear with a bicycle in Times Square. *See* Exhibit 13 and Declaration ¶18 (LINK). He could do all of this and more, but he claimed he could not sit for a deposition.

As stated *supra*, on September 29th, Botach's counsel represented that Botach's September 16 procedure precluded him for traveling to Miami through November 5th *(i.e.*, including all of October 2025).

But on or around October 22, 2025, between the first and second cancellations, Botach posted a video of himself in a restaurant *in Miami*, stating "Ovo in ***Miami*** is one of the best restaurants that I've ever been to" (emphasis added). *See* Exhibit 14 and Declaration ¶20 (LINK).

After the second cancellation, on or around December 15, 2025, Botach posted a video of

4

himself jumping and moving around in New York. *See* Exhibit 15 and Declaration ¶22 ([LINK](LINK)). Six days later, on or around December 21, 2025, Botach posted a photo of himself ice-skating. *See* Exhibit 21. This stands in contrast to representations on December 5th that Botach required a medical procedure on December 9th, precluding Botach's deposition from proceeding on December 10th.

Botach claimed an inability to travel to Miami for his deposition. Yet, during the same period, he managed to travel to Miami for dining while also finding the time to cycle, ice skate, attend parades, and kayak. And that's just what he shared publicly.

The pattern is unmistakable: Botach can travel when he wants to travel. He simply does not want to be deposed.

## MEMORANDUM OF LAW

The law and facts support the relief Plaintiff seeks. The Court should extend the leave previously ordered so that the Hotel can conduct its rightful in-person deposition of Botach.

**I.   Additional Time to Depose Botach Will Allow Plaintiff to Seek an Order Compelling Botach's Attendance His Deposition in Miami.**

**A. Plaintiff has Noticed Defendant's Deposition Three Times and Defendant has Backed Out Each Time, Demonstrating a Patter of Serial Cancellations.**

Botach has canceled his deposition <u>three</u> times, each time after this Court extended deadlines to accommodate Botach's medical claims, and each time his social media contradicted those claims.

Fed. R. Civ. P. 30(a)(1) provides that a party may depose any person, including a party, without leave of court, by providing reasonable written notice. If, as here, the party to be deposed fails to cooperate, Fed. R. Civ. P. 37(a)(1) and (3) authorizes a party to move for an order compelling disclosure or discovery, including the deposition of a party. *Braver v. Wachob*, 2025 WL 1676132 at *6 (S.D. Fla. 2025) ("This principle applies to all sorts of discovery devices,

5

including depositions."). Plaintiff has satisfied its burden by serving proper notice two times—October 24, 2025, and January 13, 2026—and demonstrating Botach's failure to appear each time. Botach's medical notes are contradicted by his own social media and do not justify continued delay.

Good cause to compel a party to attend a deposition exists where the party's deposition has been scheduled and canceled multiple times and the party has failed to appear for his deposition with the timeframe ordered by the Court. *Braver,* 2025 WL 1865812 at *2. This case presents exactly those circumstances.

### B.  Botach's Medical Excuses are Insufficient to Justify his Serial Cancellations.

Botach's counsel submitted one- or two-liner medical notes with each cancellation. Those notes cannot justify his serial evasion of this deposition for three reasons: their conspicuous timing, their internal contradictions, and their failure to provide any path forward.

### 1. The Notes Appear Only After Botach Commits to Deposition Dates.

Each medical note appeared shortly before each deposition or after each deposition was scheduled, and only after Botach confirmed his availability and Plaintiff either noticed or arranged his deposition.

For example, on September 16th, Botach's counsel proposed dates in October and November. However, on September 29, 2025, Botach provided a September 16 medical note claiming Botach had received multiple spinal injection, most recently on September 16th, the same day his counsel relayed Botach's availability for deposition, requiring him to "avoid traveling until further notice."

Botach cannot have it both ways. If the September 16 procedure truly prohibited travel, any party taking these proceedings seriously would not have committed *that same day* to travel for his deposition.

**2. The Notes Cannot Explain Botach's Actual Physical Activity.**

The medical notes claim severe back injuries requiring multiple spinal injections. Yet during this same period, Botach's own social media shows him cycling in Times Square, kayaking, ice-skating, jumping and moving around, and, lo and behold, dining at a Miami restaurant while claiming he could not travel to Miami for his deposition.

Courts refuse to credit medical excuses contradicted by the patient's own conduct. In *Marrero Enterprises of Palm Beach, Inc. v. Estefan Enterprises, Inc.,* 2009 WL 3048698 (S.D. Fla. 2009), the party claimed he had been in "poor health for nine months, during which time he has been admitted to multiple hospitals and clinics for several conditions and has at times required round the clock care." However, the court was unwilling to accommodate his medical concerns without "substantiation of his alleged current health problems." *Id*. at *2-3.

If Botach's back injuries truly prevented air travel for depositions, those same injuries would prevent kayaking, ice-skating, cycling, and traveling to Miami for pleasure. They don't. The notes are a pretext.

**3. The Notes Offer No Timeline and No End in Sight.**

After three cancellations spanning four months, Botach has not proposed a concrete date when he will comply. The medical notes provide no prognosis, and they simply are not serious. The notes are either fraudulent or Botach is willing to travel against medical advice—either way, he has traveled to and from Miami when the notes implied he couldn't or shouldn't for indefinite periods of time. This open-ended delay is exactly what courts reject.

**4. Even Legitimately Severe Medical Conditions Do Not Justify Indefinite Delay.**

Courts compel depositions even where medical conditions are documented and severe, provided the delay is finite. In *Armour Group, Inc. v. Labock,* 2012 WL 12838454 (S.D. Fla. 2012), the deponent was 75 years old, suffered from "significant lung disease and high blood pressure

7

and [wa]s not cleared to travel," and provided his medical records. The court granted his counsel's plea for a "'short hiatus' of 30-60 days for [the deponent] to get well" and then ordered the Parties to agree on a mutually agreeable date and time for the deposition to occur once he was well. *Id*. at *1-2.

Here, Botach has already received over four months and multiple court-ordered extensions. His threadbare medical notes that he himself disregards cannot justify further delay. Plaintiff further notes that Botach continues to attack Plaintiff on social media on a daily basis. To the extent he is playing for an indefinite delay of the case with springing back problems, that is prejudicial to Plaintiff's right to have its day in court and hold Botach to account.

**C. Photographic Evidence Directly Contradicts Botach's Medical Notes.**

Even if the Court were to accept Botach's medical notes at face value, his own social media contradicts the restrictions they describe. Botach's medical notes claim he cannot travel because of severe back injuries requiring multiple special injections. Yet, during the period covered by these medical notes, Botach posted videos and photos of himself:

(a) Cycling in Times Square, New York (September 25 and October 6, 2025)

(b) Kayaking (September 28, 2025)

(c) Dining at a restaurant in Miami (October 22, 2025)

(d) Jumping in New York (December 15, 2025)

(e) Ice-skating (December 21, 2025)

(f) Visiting Miami days before his February 9 deposition

If Botach's back injuries were truly severe enough to prevent air travel to Miami, **then we wouldn't see him repeatedly traveling to Miami**, much less engaging in the aforementioned physical activities.

In *Morgan v. Ferguson,* 2022 WL 17736227 (S.D. Fla. 2022), the court compelled a

8

plaintiff to travel from North Carolina to South Florida for his deposition in part because the plaintiff had already travelled to South Florida and planned to return again, demonstrating his ability to travel. *Id.* at *2–3. Here, Botach not only demonstrated ability to travel, he demonstrated ability to travel to <u>Miami specifically</u> during the period his medical notes claimed such travel was not possible, and he has a home here.

### D.  As a Counter-Plaintiff, Botach must Appear for Deposition in the Forum.

Botach is both the Defendant in this matter, as well as the Counter-Plaintiff. By filing his Counterclaim, Botach chose to bring proceedings in this Court and, as such, also assumed the burden of a plaintiff.

**"The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum**." *Estate of Dash by & through Dash v. United States*, 2022 WL 2208892 at *3 (S.D. Fla. 2022) (emphasis added); *see also Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005) (finding that any prejudice to the deponent would not outweigh the prejudice to the examining party if it could not take the deposition in Florida and noting the "general rule [that] 'a plaintiff must make [it]self available for deposition in the judicial district in which [it] filed suit.'").

"[T]he Court stresses the well-settled general rule that a plaintiff filing suit in a specific judicial district may not avoid appearing for examination in that district." *Id.* at *4. *See also Morgan*, 2022 WL 17736227 at *2 ("[T]he Plaintiff in an action should expect to be deposed in the forum where the action is pending."). And the fact Botach has been in Miami during the pendency of the Hotel seeking to set his deposition should be dispositive. *Morgan*, 2022 WL 17736227 at *2–3.

### II.    The Court Should Extend Leave to Depose Botach.

District courts are accorded "broad discretion over the management of pre-trial activities,

9

including discovery and scheduling." *Chrysler Intl. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Pursuant to Fed. R. Civ. P. 16(b)(4), a deadline or event in a scheduling order "may be modified only for good cause and with the judge's consent." Further, the good cause standard under Rule 16(b)(4) requires the parties to demonstrate that the existing deadlines could not be met despite the exercise of due diligence by the parties. See *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

Plaintiff has been diligently attempting to depose Botach for months. Botach's purportedly unforeseen health requirements are the only reason his deposition has not yet been completed; *i.e.*, the Parties have been unable to fully complete discovery because of circumstances outside of their control. Plaintiff respectfully submits that the above constitutes good cause for continuing the leave to depose Botach outside the discovery period.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court enter an order:

1) Extending the leave to depose Botach in person in Miami by 30 days, up to and through March 9, 2026.

Should Botach continue to evade his deposition, Plaintiff respectfully submits an order striking Botach's pleadings and/or precluding him from testifying in these proceedings would be proper, as well as any other relief the Court deems proper.

## CERTIFICATE OF CONFERRAL

On February 9, 2026, the undersigned counsel met and conferred with counsel for Mr. Botach, Mr. John Benford, Esq., via telephone. Mr. Benford expressed he did not oppose the relief requested herein; specifically, Mr. Benford stated that he agreed to an extension of at least 30 days

so that the Hotel can depose Botach in person. Mr. Benford expressed his nonopposition without prejudice to different extensions or continuances that Botach himself may seek in this action.

Dated: February 9, 2026
       Miami, Florida

Respectfully submitted,

**BURSTYN LAW PLLC**

By: */s/ Sean A. Burstyn*
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
1101 Brickell Avenue, Suite S700
Miami, FL 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*
*d/b/a Fontainebleau Miami Beach*

## CERTIFICATE OF SERVICE

I certify that on February 9, 2026, a true and correct copy of the foregoing was electronically filed on the CM/ECF system, which will serve it via electronic mail to counsel of record.

By: */s/ Sean A. Burstyn*
    Sean A. Burstyn, Esq.