UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20251-MOORE/Elfenbein

**FONTAINEBLEAU FLORIDA HOTEL, LLC**,

    Plaintiff,

v.

**SHMULEY BOTEACH JACOB
A/K/A SHMUEL BOTACH**, *et al*,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court on Plaintiff Fontainebleau Florida Hotel, LLC's ("Plaintiff") Motion for Rule 11 Sanctions (the "Motion for Sanctions"), ECF No. [105]. The Honorable K. Michael Moore referred the Motion for Sanctions to me "to take all necessary and proper action as required by law and/or to issue a Report and Recommendation." *See* ECF No. [113]. Having reviewed the Motion for Sanctions, the Response, the Reply, and the record in this case, the Motion for Sanctions, **ECF No. [105]**, is **DENIED without prejudice**.

    **I.**    **INTRODUCTION**

This lawsuit arises from an incident that occurred on December 1, 2024, in the lobby of Plaintiff's Fontainebleau Miami Beach hotel (the "Hotel"), when Defendant Faiz Akbar ("Akbar"), a hotel guest, approached Defendant Jacob Shmuel Botach, a/k/a Shmuley Boteach, ("Boteach" or "Defendant"), and launched into what Boteach describes as a threatening "antisemitic tirade." *See* ECF No. [88] at 4; ECF No. [61] at 2. The two sides sharply disagree about who instigated the confrontation and the circumstances of Boteach's removal. Plaintiff's Complaint alleges defamation and tortious interference with business relationships, claiming Boteach made false

public statements that Plaintiff trespassed him because of his religion and that it refused to cooperate with law enforcement. *See* ECF No. [1-1] at 12-17. Boteach filed Counterclaims against Plaintiff alleging violation of the Civil Rights Act and tortious interference with business relationships. *See* ECF No. [40] at 13-20.

The current dispute before the Court is the Motion for Sanctions whereby Plaintiff moves for Rule 11 sanctions against Defendant and his counsel, arguing that the Counterclaim and Third-Party Complaint (the "Counterclaim"), ECF No. 40, are legally and factually frivolous and were filed for the improper purpose of harassment, leverage, and social-media self-promotion. *See* ECF No. [105] at 3-9. Specifically, Plaintiff contends that Defendant's civil-rights claims are objectively untenable, that his tortious interference claim lacks any factual foundation, and that extrajudicial statements by Defendant and his counsel demonstrate animus rather than legitimate legal purpose. *See id*. Defendant responds that the Motion for Sanctions is itself an improper attempt to re-litigate Plaintiff's pending Motion to Dismiss, *see* ECF No. [80], that colorable legal theories and concrete factual allegations support the civil-rights claims, and that Rule 11 does not authorize sanctions for claims that are merely weak or subject to reasonable dispute. *See* ECF No. [106] at 2, 3-7.

II.     **LEGAL STANDARD**

Rule 11 requires that any pleading, motion, or paper filed with the Court be certified as not presented for any improper purpose, legally warranted by existing law or a nonfrivolous argument to extend or modify it, and supported by evidentiary fact or a reasonable expectation of factual support after investigation. *See* Fed. R. Civ. P. 11(b)(1)–(3). Courts apply an objective standard, asking: (1) whether the claims are objectively frivolous and (2) whether the signer should have been aware of that frivolousness at the time of filing. *See Baker v. Alderman*, 158 F.3d 516, 524

(11th Cir. 1998).

Nevertheless, Rule 11 is an "extraordinary remedy, one to be exercised with extreme caution." *Menendez v. Signature Consultants, LLC*, No. 11-CV-61534, 2011 WL 6179727, at *1 (S.D. Fla. Dec. 13, 2011). Sanctions are not warranted when a claimant's evidence is "merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *See Baker*, 158 F.3d at 524. Any doubts about whether Rule 11 has been violated "should be resolved in favor of the party who signed the pleading." *Miller v. RelationServe, Inc.*, No. 05-CV-61944, 2006 WL 5849318, at *9 (S.D. Fla. Dec. 1, 2006). Critically, "a Rule 11 motion is not an avenue to either seek repleading under Rule 12 or to seek judgment on the merits of a case under Rule 56." *Almeida v. Bennet Auto Supply, Inc.*, 335 F.R.D. 463, 465 (S.D. Fla. 2020). "Instead, its purpose is to determine whether a party or attorney has abused the judicial process." *Id*. (citing *Bigford v. BESM, Inc.*, No. 12-CV-61215, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012)).

As to timing, the Eleventh Circuit has held that "in the case of pleadings[,] the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter." *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987). Courts in this District and across the country consistently follow this principle, recognizing that deferring Rule 11 motions to the close of litigation allows the Court to "gain a full sense of the case" and avoid "unnecessary delay of disposition of the case on the merits." *Almeida*, 335 F.R.D. at 466 (quoting *Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999)). This is "a sensible practice where the thrust of the sanctions motion is that institution of the case itself was improper." *Id*. Furthermore, the Rule 11 two-step inquiry — whether claims are objectively frivolous and whether the signer should have known so — "is not feasible at this stage of the litigation" when it is not yet possible to "determine on this record

3

if the allegations are objectively frivolous in view of the law and facts." *See id*. at 466–67 (quoting *KB Home v. Smith*, No. 13-cv-2644-T-27-EAJ, 2014 WL 12621583, at *2 (M.D. Fla. May 7, 2014)).

### III.   DISCUSSION

Upon careful review of the briefs, the record, and applicable law, the Court concludes that the Motion for Sanctions must be denied without prejudice as premature.  Although Plaintiff raises serious questions about the merits of the Counterclaim — and the Court does not foreclose the possibility that sanctions may ultimately be warranted — the Rule 11 inquiry cannot be properly conducted at this stage, where the Court has not yet adjudicated the underlying claims.  Three independent considerations compel this result.

First, Plaintiff's arguments throughout the Motion for Sanctions overwhelmingly target the legal sufficiency and factual support of Defendant's Counterclaim — precisely the inquiry reserved for a motion to dismiss or motion for summary judgment.  Plaintiff argues that the Title II claim lacks a cognizable comparator, that no enforceable contract supports the § 1981 claim, that the § 1982 claim identifies no protected property interest, and that the tortious interference claim is factually baseless.  *See* ECF No. [105] at 3-6.  These are quintessential Rule 12(b)(6) and Rule 56 arguments.  *See Wright v. Edwards*, No. 24-CV-196, 2024 WL 4769682, at *2 (M.D. Fla. Nov. 13, 2024) (denying Rule 11 motion as premature where "most of Defendants' arguments for sanctions under Rule 11 seek to test the veracity, substance, or merits of the allegations" and "several of the bases for Rule 11 sanctions are the same grounds raised in Defendants' motions to dismiss, the merits of which have not yet been resolved").  Plaintiff's pending Motion to Dismiss the Counterclaim makes the same substantive arguments as this Motion for Sanctions.  This confirms that the sanctions vehicle is being used as a parallel avenue to challenge Defendant's

4

pleadings — a use that Rule 11 does not permit. *Almeida*, 335 F.R.D. at 465 ("[A] Rule 11 motion is not an avenue to either seek repleading under Rule 12 or to seek judgment on the merits of a case under Rule 56.").

Second, consistent with the Eleventh Circuit's guidance in *Donaldson*, courts in this District regularly deny Rule 11 motions directed at the pleadings without prejudice when dispositive motions remain pending. *See Almeida*, 335 F.R.D. at 466; *Bigford*, No. 2012 WL 12886184, at *2 ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.") (quotations and citations omitted). The Counterclaim remains the subject of the pending Motion to Dismiss, the resolution of which has not yet occurred. Until the merits of the Counterclaim are adjudicated, the Court cannot conduct the full and fair Rule 11 inquiry that the rule requires.

Plaintiff argues in its Reply that discovery is now closed and that evidentiary developments support immediate sanctions. *See* ECF No. [117] at 3-5. But the closure of discovery does not substitute for adjudication of the underlying claims. The appropriate juncture for a Rule 11 motion directed at the Counterclaim remains after the Court has ruled on the pending dispositive motions or at the close of the litigation. *See Almeida*, 335 F.R.D. at 466 (observing that Rule 11's two-step objective inquiry "is not feasible at this stage of the litigation").

Third, the Court is mindful that Rule 11 motions may be deemed untimely if first filed after judgment has already been entered. Consistent with the approach in *Almeida*, the Court notes that Defendant has been placed on clear notice of Plaintiff's contention that the Counterclaim is frivolous. Accordingly, should Plaintiff prevail on its dispositive motion, Plaintiff may elect to renew the Motion for Sanctions at that time. *See Almeida*, 335 F.R.D. at 467.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions, **ECF No. [105]**, is **DENIED without prejudice** as premature. Plaintiff may renew its Motion for Sanctions, if appropriate, after adjudication of the pending Motion to Dismiss the Counterclaim or at the close of litigation.

**DONE and ORDERED** in Chambers in Miami, Florida on February 27, 2026.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record