IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-20251-KMM

FONTAINEBLEAU FLORIDA HOTEL,
LLC d/b/a FONTAINEBLEAU MIAMI
BEACH, a foreign limited liability
company,

       Plaintiff/Counter-Defendant,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," an individual,
and John Does 1-10,

       Defendants.

_____/

### DEFENDANT SHMUEL BOTACH a/k/a SHMULEY BOTEACH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE DEPOSITION AT COURTHOUSE

Jacob Shmuel Botach a/k/a "Shmuley Boteach" ("Defendant"), files this Response in Opposition to Plaintiff's Motion for Leave to Take Deposition at Courthouse and for Leave to Bring Electronic Equipment (ECF No. 137), and states:

Contrary to Plaintiff's assertion, this motion is neither necessary nor proper. Defendant has never opposed Plaintiff's request to hold the deposition of Rabbi Boteach at the Courthouse or any other reasonable location in Miami. In fact, the parties discussed the issue in a meet and confer on February 24, 2026, wherein counsel for Defendant agreed to the location and Plaintiff never indicated its intention to file a motion.

Rather than heed the Court's calls for civility and decorum, Plaintiff has opted to impugn and disparage Rabbi Boteach in an unnecessary motion on an uncontested issue in order to place

an anonymous and unauthenticated letter it characterizes as "hate mail" before this Court to attempt to improperly discredit Defendant.[1]

One week after the parties discussed and agreed to Defendant's deposition location, Plaintiff notified the undersigned counsel that it received a letter it characterized as "hate mail" in an email with the subject "Conferral – Deposition at Courthouse." *See* ECF No. 137-3, at p. 8. Rather than immediately disclose their intentions to misuse the letter in an unnecessary motion for leave to hold the deposition at the federal courthouse, a lengthy exchange followed wherein Plaintiff's counsel engaged in duplicitous dialogue around their intentions to attribute the letter to Defendant and use it as a fabricated basis for a motion to take Defendant's deposition at the Courthouse (even when the parties had already agreed to do so). *Id.* at 2-7.

Once Plaintiff's intent was disclosed, counsel for Defendant made it clear that Defendant could not agree to a motion attributing any improper conduct to Defendant based on counsel's receipt of the anonymous letter. *Id.* at 2-3. Despite not objecting to the deposition being held at the Courthouse, Defendant is now forced to oppose the motion in order to refute the slanderous and unfounded accusations against him. The motion opportunistically stokes vitriol through *ad homonym* attacks and reckless speculation that falsely attributes responsibility for the letter to Defendant.

As this Court is aware, Plaintiff has repeatedly cast aspersions on Defendant for making social media posts about this litigation and now attempts to use the same argument to blame him for the "hate mail" addressed to its counsel, Sean Burstyn. Plaintiff has inexplicably refused to

---

[1] *See* Rules Regulating the Fla. Bar 4-3.5(a) ("A lawyer shall not seek to influence a judge, juror, prospective juror, or other decision maker except as permitted by law or the rules of court."); S.D. Fla. L. R. 11.1(c) ("The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar[.]").

consider that the "hate mail" could have come from any other source.  However, Plaintiff's wild speculation completely ignores that Mr. Burstyn also has a conspicuous online and social media presence that could have been the source of the "hate mail."

In fact, the Burstyn Law website has a page dedicated to high-profile and representative matters which prominently displays the firm's mailing address (where the "hate mail" was sent) at the bottom of the page. (https://www.seanburstyn.com/representative-matters). One of the featured cases, *Alan Dershowitz v. Netflix, Inc.*, involves issues related to sex trafficking by Jeffrey Epstein files, a well-known topic that incites anger and vitriol from the public.

Additionally, on February 16, 2026, just 4 days before the letter was post-marked, Mr. Burstyn appeared in a rehearsed Instagram Reel (*i.e.,* video) with a very well-known Jewish social media influencer named Lizzy Savetsky, commenting on a material issue in the case, that is, Defendant's opinion that the hotel is not safe for Jewish guests.  In that video, Mr. Burstyn and Ms. Savetsky are in the lobby of the Fontainebleau Hotel where the antisemitic attack that is the subject of this litigation took place, which caused Defendant to express his opinion that it was unsafe for Jews.  Like Defendant at the time of the attack, Mr. Burstyn is wearing a yarmulke.  Ms. Savestky spryly asks Mr. Burstyn if he "feels safe" wearing a yarmulke there, clearly mocking Defendant, a reference that individuals commenting on the video noticed and pointed out was in poor taste.  *See* https://www.instagram.com/reel/DUqfSIdEVC9/.

Mr. Burstyn has taken issue with Defendant's social media posts.  Yet, Mr. Burstyn's office has publicized the litigation from the beginning: https://therealdeal.com/miami/2024/12/26/fontainebleau-miami-beach-sues-americas-rabbi/.  In fact, his personal Instagram page touted the lawsuit on the same day it filed the lawsuit:

3



Mr. Burstyn's post included the original Complaint which was amended following a motion to dismiss that challenged the most egregious allegations. Well-known social media figures[2] and antagonists re-posted Mr. Burstyn's content, subjecting Defendant to thousands of heinous threats, including online messages and voicemails to his personal phone. The threats and

---

[2] Conservative podcaster Candace Owens has been criticized for promoting antisemitic tropes and anti-Israel rhetoric.  https://www.adl.org/resources/backgrounder/candace-owens

taunts directed toward Defendant have not ceased.  He receives them daily.  The threats often repeat the lawsuit's allegations characterizing Defendant as an "extortionist" and "shakedown" artist (including alleging that he extorted his *own family*), antisemitic tropes included in Plaintiff's Complaint and historically used to demean Jews.  The threats also mimic the hate speech used by his attacker in the lobby of Plaintiff's hotel:



All need to be Exterminated

Including yourself

Hitler was sooooo Close

Hitler almost did the job u Pedophile he was so closeeeee to killing the pedophiles

EXTERMINATE THE ZIONIST JEWS

Rather than consider another source for the anonymous letter, Plaintiff cites to a single social media post from months before and unrelated to the subject litigation where Defendant used the word "pig" to "suggest" that Defendant may be culpable. *See* ECF No. 137-1. Such "cherry-picked" information is not probative and completely ignores that "pig" is commonly used insult (and often used to refer to men who behave inappropriately around women, such as those implicated in the Epstein investigations).

Plaintiff also suggests that Defendant is culpable because on February 26, 2026, he made a social media post pledging to not be broken and to continue to fight without mentioning either Plaintiff or Plaintiff's counsel. *See* ECF No. 137 at ¶6. Again, this post is neither probative nor grounds for extra deposition precautions.

Finally, Plaintiff suggests that because the letter was post-marked one day after this Court entered its order directing Defendant to cease social media posts about Plaintiff and its counsel that Defendant was responsible for the "hate mail." Besides constituting more wild speculation, there is no way to know when the letter was mailed. The U.S. Postal Service recently changed its post mark policy such that postmarks do not necessarily match the date the mail was collected or

6

dropped off. https://about.usps.com/newsroom/statements/010226-postmarking-myths-and-facts.htm.

The appropriate manner to address threats or concerns about "hate mail" from anonymous sources is to report the matter to law enforcement, not to seek an advantage in civil litigation by discrediting a party. Plaintiff's motion is a clear misuse of civil process and a waste of time and judicial resources. The motion stokes vitriol and creates a sideshow that distracts from the merits of the litigation and is an improper effort to influence the Court and public at large.

<strong><u>CONCLUSION</u></strong>

Defendant has no problem with attending the deposition at the federal courthouse and does not oppose the motion for that purpose. However, the attaching of anonymous hate mail to the motion and other exhibits which are plainly designed to further raise this Court's ire and improperly influence the Court should be stricken from the record. Counsel for the Defendant are working very hard to restore professionalism and proper litigation decorum to this case and Plaintiff's motion only serves to further the acrimony in this case, cast Defendant in a false light, and distract from the merits of this litigation.

Respectfully submitted this 5th day of March, 2025.

*/s/ John Y. Benford*
John Y. Benford, Esquire
Florida Bar No. 51950
john.benford@wilsonelser.com
alyssa.heitman@wilsonelser.com
Jacqueline M. Bertelsen, Esquire
Florida Bar No. 123747
jacqueline.bertelsen@wilsonelser.com
daniela.ezeta@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 N. Orange Avenue, Suite 1200
Orlando, FL 32801
T: 407-203-7599

F: 407-648-1376
Counsel for Defendant, Jacob Shmuel Botach

*/s/ Austin M. Krtausch*
Austin M. Krtausch, Esq.
Florida Bar No. 1025521
Christopher D. Cathey, Esq.
Florida Bar No. 663255
OFFIT KURMAN, P.A.
100 Southeast Third Avenue, 10th Floor
Fort Lauderdale, Florida 33394
austin.krtausch@offitkurman.com
chris.cathey@offitkurman.com
T: 954.353.4180
F: 754.331.2465

Counsel for Counter Plaintiff, Jacob Shmuel
Botach

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, I electronically filed the foregoing by using the Florida Courts E-Filing Portal, which will serve an electronic copy on the following: Sean A. Burstyn, Esquire (sean.burstyn@burstynlaw.com) Burstyn Law PLLC, 1101 Brickell Avenue, Suite S700, Miami, FL 33131, Attorneys for Plaintiff.

*/s/ John Y. Benford*
John Y. Benford, Esquire

8