IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-20251-KMM

FONTAINEBLEAU FLORIDA HOTEL,
LLC d/b/a FONTAINEBLEAU MIAMI
BEACH,

      Plaintiff,

v.

JACOB SHMUEL BOTACH and
JOHN DOES 1-10,

      Defendants.

_____/

## UNOPPOSED MOTION TO CONTINUE TRIAL PERIOD

Plaintiff, Fontainebleau Florida Hotel, LLC, by and through the undersigned counsel, pursuant to Local Rule 7.6, hereby files this Unopposed Motion to Continue Trial Period and respectfully moves this Honorable Court for an order continuing the two-week trial period beginning June 29, 2026 to November 2, 2026, or, in the alternative, October 19, 2026.

### I. BACKGROUND

This matter is ready to proceed to trial, but the parties request an accommodation as to scheduling due to the conflicts described herein. The parties have completed their fact and expert discovery. All pre-trial motions are briefed and filed, except for one final motion, a *Daubert* motion, which was timely filed on April 27, 2026. *See* ECF No. 196.       The trial of this matter is currently scheduled to take place during the two-week trial period beginning on June 29, 2026.

In late June 2026, however, one of Plaintiff's trial attorneys is expecting a newborn and will take parental leave in the middle of the trial period. Consequently, Plaintiff's counsel cannot

competently tend to his spouse's and newborn's needs in the weeks following childbirth, while also simultaneously tending to the rigors of preparing for and attending trial.

If trial proceeds during the two-week period beginning on June 29, 2026, Plaintiff's attorney will have to refrain from preparing for and attending the trial of this matter, which would prejudice Plaintiff.

In addition to the aforementioned conflict, Defendant's counsel has multiple trials, including an out-of-state trial, in August, September, and the week of November 16, 2026. Defendant's counsel also has a pre-planned overseas trip from October 7-13, 2026. The parties and their attorneys also have conflicts due to the Jewish High Holidays throughout September and into the first week of October 2026.

The parties and their counsel have conferred and confirmed that they are available to try this case on or after the two-week period beginning November 2, 2026, or, in the alternative, the two-week period beginning October 19, 2026.

Furthermore, the parties have been informed and consent to this continuance request.

Finally, additional time before trial may suit the Court in light of the several recently-pending motions and such time between an adjudication on the motions and trial will allow the Parties to better prepare an efficient trial.

## II. CERTIFICATE OF CONFERRAL

Plaintiff's counsel certifies that on April 24, 29 and 30, 2026, Plaintiff's counsel conferred with Defendant's counsel via email and telephone, and that on April 29 and 30, 2026, Defendant's counsel confirmed that Defendant does not oppose this request, and that the parties are in agreement to request a trial date starting on or after November 2, 2026, or, in the alternative, October 19, 2026, for the foregoing reasons.

### III. ARGUMENT

District courts are accorded "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Chrysler Intl. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).

Pursuant to Rule 16(b)(4), Federal Rules of Civil Procedure, a deadline or event in a scheduling order "may be modified only for good cause and with the judge's consent." Further, the good cause standard under Rule 16(b)(4) requires the parties to demonstrate that the existing deadlines could not be met despite the exercise of due diligence by the parties. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

The Parties have diligently prepared for trial, completing the filing of all except one pre-trial briefing.

Beginning with the expected delivery of a newborn during the June 29, 2026 trial period, followed by religious and professional conflicts arising in July, August and September, the parties and their counsel confirmed their availability to try this case on or after the two-week period beginning November 2, 2026, or, in the alternative, October 19, 2026, or anytime thereafter.

With the additional time, counsel will be able to focus more attention on their remaining pre-trial obligations, such as working on a robust pre-trial stipulation of facts and exhibits to be admitted into evidence to streamline the trial.

Plaintiff respectfully submits that Plaintiff's counsel's conflict constitutes good cause for continuing the trial date, especially where, as here, Defendant does not oppose this request, the Parties have completed pre-trial discovery and nearly completed all pre-trial briefing, and the continuance will likely result in a more efficient trial by providing the parties with additional time for a more robust presentation of stipulated facts and exhibits.

## IV. CONCLUSION

Based upon the foregoing, the parties respectfully request that this Honorable Court enter an order continuing trial to the trial period starting November 2, 2026, or, in the alternative, October 19, 2026, or anytime thereafter.

Date: April 30, 2026

Respectfully submitted,

By: */s/ Sean A. Burstyn*
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
Burstyn Law, PLLC
1101 Brickell Avenue
Suite S-700
Miami, FL 33131

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*

**CERTIFICATE OF SERVICE**

I certify that on April 30, 2026, a true and correct copy of the foregoing was electronically filed on the CM/ECF system, which will serve it via electronic mail to counsel of record.

By: /s/ *Sean A. Burstyn*
Sean A. Burstyn, Esq.