UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20251-KMM

FONTAINEBLEAU FLORIDA HOTEL, LLC
d/b/a FONTAINEBLEAU MIAMI BEACH,
a foreign limited liability company

      Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH,"
an individual, and John Does 1-10,

      Defendant.

_____/

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, JOHN Y. BENFORD, AND CHRISTOPHER W. LEE'S PARTIALLY UNOPPOSED[1] MOTION TO <u>WITHDRAW AS COUNSEL FOR DEFENDANT JACOB BOTACH</u>**

Wilson Elser Moskowitz Edelman & Dicker, LLP, John Y. Benford, and Christopher W. Lee ("Counsel"), as attorneys of record for Defendant Jacob Botach ("Client"), respectfully move this Honorable Court pursuant to Rule 4-1.16 of the Rules Regulating the Florida Bar for leave to withdraw as counsel of record in this action, and state as follows:

Counsel has determined that withdrawal is warranted under Rule 4-1.16 of the Rules Regulating the Florida Bar based on the following grounds:

---

[1] As discussed below, Plaintiff does not oppose Counsel withdrawing from this case.  Rather, Plaintiff opposes the 30 days requested in this motion in which Client would be required to retain replacement counsel and the 90 days in which the trial would be continued to permit replacement counsel to prepare for trial.  Further, Defendant opposes this motion.

**Client's Insistence on Repugnant or Imprudent Action:** The Client has insisted upon taking action that Counsel considers repugnant, imprudent, and with which Counsel has fundamental disagreements. Counsel cannot in good faith continue representation where the Client demands courses of action that conflict with Counsel's professional judgment and ethical obligations. *See* Rule 4-1.16(b)(2), The Rules Regulating the Florida Bar.

**Substantial Failure to Fulfill Obligations:** The Client has failed substantially to fulfill obligations to Counsel regarding Counsel's services. Counsel has provided the Client with reasonable warning that Counsel would seek to withdraw unless the obligation was fulfilled. Despite such warning, the Client has not remedied the breach of the obligations owed to Counsel. *See* Rule 4-1.16(b)(3), Rules Regulating the Florida Bar.

**Unreasonable Burden and Difficulty:** The Client's conduct and the circumstances of this representation have created conditions that have made the representation unreasonably difficult, burdensome, and impracticable, and will continue to do so. *See* Rule 4-1.16(b)(4), Rules Regulating the Florida Bar.

**Irreconcilable Differences:** There are irreconcilable differences between Counsel and the Client with respect to the litigation. These differences have reached a point where effective representation is no longer possible, and the attorney-client relationship has broken down such that Counsel cannot adequately represent the Client's interests. *See* Rule 4-1.16(b)(5), Rules Regulating the Florida Bar.

These foregoing grounds constitute good cause for withdrawal under the applicable ethical rules and the sound discretion of this Court.

**No prejudice to client:**  Counsel recognizes that this case is currently scheduled for trial during the trial period beginning on August 24, 2026.  However, Defendant has filed an *unopposed* motion to continue that trial period based on grounds that are completely independent of those set forth in this motion.  *See* ECF No. 325.  In the motion to continue, Defendant has requested that the trial be continued at a date at least 30 days from when the Court rules on Defendants' objections to Magistrate Judge Elfenbein's Report and Recommendation on Plaintiff's Motion for Sanctions ("R&R") and five other pending motions which impact the issues at trial.  *Id*.  Further, withdrawal at this time will not unduly prejudice the Client if the Court grants the Client adequate time to retain substitute counsel and affords that substitute counsel sufficient time to prepare for trial.

Accordingly, Counsel respectfully submits that no prejudice to the Client will exist if: 1) this Court permits the Client thirty (30) days from the date of the Court's order granting this motion to retain substitute counsel; and 2) continues the trial date for a minimum of three (3) months from the date replacement counsel files a notice of appearance to allow replacement counsel adequate time to familiarize themselves with the issues in this case and prepare for trial.  These timeframes will ensure that the Client has a meaningful opportunity to obtain competent replacement counsel and that such counsel can provide effective representation.

**Notice to client:** Counsel has notified the Client of Counsel's intention to seek withdrawal from this representation.  Client does not consent to the withdrawal, and opposes this motion.

The Client's current address is 394 East Palisade Avenue, Englewood, NJ, 07631-3123. The Client's email address is: shmuley@shmuley.com.

A copy of this motion has been served on Client at the physical address and email address listed above on August 5, 2026.

3

## CONCLUSION

Based upon the foregoing, Counsel respectfully requests that this Court enter an order:

1. This Court permits the Client thirty (30) days from the date of the Court's order granting this motion to retain substitute counsel; and

2. The Court continues the trial date for a minimum of three (3) months from the date replacement counsel files a notice of appearance to allow replacement counsel adequate time to familiarize themselves with the issues in this case and prepare for trial.

Respectfully submitted on August 5, 2026.

/s/ *John Y. Benford*
John Y. Benford, Esq.
Florida Bar No. 51950
john.benford@wilsonelser.com
alyssa.heitman@wilsonelser.com
Christopher W. Lee, Esq.
Florida Bar No. 122054
christopher.lee@wilsonelser.com
Wilson Elser Moskowitz Edelman
& Dicker LLP
111 N Orange Ave, Suite 1200
Orlando, FL 32801
Phone: 407-203-7599
Co-Counsel for Defendant

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel conferred with counsel for Plaintiff who advised the undersigned that Plaintiff does *not oppose* Counsel withdrawing from this case. However, Plaintiff does oppose the 30 days Counsel requested in this motion in which

Client would be required to retain replacement counsel and also opposes the 90 days requested in this motion to permit replacement counsel to prepare for trial.

*/s/ John Y. Benford*
John Y. Benford, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2026, the foregoing document was filed using the CM/ECF system for the United States District Court, Southern District of Florida, which will send electronic notice of the foregoing to all counsel of record.

*/s/ John Y. Benford*
John Y. Benford, Esquire