IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

FONTAINEBLEAU FLORIDA HOTEL, LLC
d/b/a FONTAINEBLEAU MIAMI BEACH, *a foreign limited liability company*,

CASE NO. 1:25-cv-20251-KMM

*Plaintiff*,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," *an individual*,
and John Does 1-10,

*Defendants*.
_____________________________________________/

**PLAINTIFF FONTAINEBLEAU FLORIDA HOTEL, LLC'S**
**MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**

**BURSTYN LAW PLLC**

Sean A. Burstyn, Esq.
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
1101 Brickell Avenue, Suite S700
Miami, FL 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*

Plaintiff Fontainebleau Florida Hotel, LLC ("Plaintiff" or the "Hotel"), pursuant to Local Rule 5.4(b)(1), respectfully moves this Court for an order granting leave to file a non-public letter (the "Letter") written by Jacob Shmuel Botach ("Botach"). The Hotel respectfully requests that the Letter remain under seal until five years after the conclusion of this action.

In support of its Response in Opposition to Botach's Objections to the Report and Recommendation (ECF No. 239), the Hotel will submit a July 6, 2026 Letter written by Botach concerning individuals associated with this action.

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "[W]hether good cause exists [is] decided by the nature and character of the information in question." *Romero*, 480 F.3d at 1246 (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001)). "When a party seeks to seal only particular documents within the record, [a court's] task is only to balance the competing interests of the parties," *Perez-Guerrero v. U.S. Att'y Gen.,* 717 F.3d 1224, 1235 (11th Cir. 2013), "to determine whether there is good cause to deny the public the right to access the document." *F.T.C. v. AbbVie Prods. LLC,* 713 F.3d 54, 62 (11th Cir. 2013).

The Letter includes information that is not publicly available on this case's docket or otherwise. It contains currently non-public attacks and false statements made by Botach, the publication of which would harm individuals associated with this action and portions of which could compromise their safety and the safety of others. The Hotel respectfully submits that those considerations outweigh any public interest in the private correspondence, and Plaintiff has designated the Letter "Highly Confidential" pursuant to the Court's Protective Order.

The Hotel respectfully submits that the Letter should remain private.

In accordance with Local Rule 7.1(a)(3), counsel for Plaintiff conferred with Defendant's counsel regarding the relief sought herein between August 25 and 26, 2026. They advised that Defendant opposes this Motion.

Pursuant to § 3I(6) of the CM/ECF Administrative Procedures and Local Rule 7.1(a)(2), a proposed order granting this Motion is attached hereto as Exhibit A and will be served via email to the Court.

## CONCLUSION

The Hotel respectfully requests that this Court enter an order permitting the Letter to be filed under seal and that the Letter remain under seal for a period of five years following the conclusion of this action.

Dated: August 26, 2026
Miami, Florida

Respectfully submitted,

**BURSTYN LAW PLLC**

By: *<u>/s/ Sean A. Burstyn</u>*
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
docketing@burstynlaw.com
1101 Brickell Avenue, Suite S700
Miami, FL 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2026, a true and correct copy of the foregoing was electronically filed on the CM/ECF system, which will serve it via electronic mail on all counsel of record.

By: *<u>/s/ Sean A. Burstyn</u>*
Sean A. Burstyn, Esq.