UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20251-KMM

FONTAINEBLEAU FLORIDA HOTEL, LLC
d/b/a FONTAINEBLEAU MIAMI BEACH,
a foreign limited liability company,

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH,"
an individual, and John Does 1-10,

Defendant.

_____________________________/

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, JOHN Y. BENFORD, AND CHRISTOPHER W. LEE'S SECOND[1] PARTIALLY UNOPPOSED[2] MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT JACOB BOTACH**

Wilson Elser Moskowitz Edelman & Dicker, LLP, John Y. Benford, and Christopher W. Lee ("Counsel"), as attorneys of record for Defendant Jacob Botach ("Client"), respectfully move this Honorable Court pursuant to Rule 4-1.7(a)(2) and Rule 4-1.16(a)(1) of the Rules Regulating the Florida Bar ("RRTFB") for leave to withdraw as counsel of record in this action, and state as follows:

**A. Conflict of interest pursuant to Rule 4-1.7(a)(2), RRTFB.**

---

[1] On August 6, 2026, the undersigned filed its motion to withdraw (ECF No. 236) ("First Motion to Withdraw"). The motion was denied without prejudice (ECF No. 237). As explained below, additional grounds have arisen since the First Motion to Withdraw was filed.

[2] *See* Certificate of Conferral, below.

Beginning on or about August 12, 2026, after the filing of the First Motion to Withdraw, a significant conflict of interest has developed between the undersigned Counsel and Defendant which cannot be resolved by the undersigned counsel. That conflict of interest remains as of the date of this Second Motion to Withdraw. Pursuant to Rule 4-1.7(a)(2), RRTFB, entitled "Conflict of Interest", a lawyer must not represent a client if "there is a substantial risk that the representation of 1 or more clients will be materially limited by … a personal interest of the lawyer." Further, under Rule 4-1.16(a)(1), RRTFB, a lawyer must terminate representation if the representation will result in violation of the RRTFB.

Counsel understands that the Court denied Defendant's First Motion to Withdraw without prejudice and stated that "Defendant's Counsel may refile their Motion after the Court has issued a decision on the Report and Recommendation." However, the circumstances described above require Counsel to withdraw immediately. If the Court deems it necessary, Counsel is willing to provide more detail in camera or submit supporting documentation under seal.

**B. The grounds for withdrawal as stated in the first motion remain.**

In addition to the foregoing, as set forth in counsel's First Motion to Withdraw (ECF No. 236), the same reasons that compelled Counsel to seek to withdraw in the first instance are still present Rule 4-1.16(b), RRTFB.

**C. No prejudice to client.**

In addition to the undersigned Counsel, Defendant is presently represented by **five (5) other** attorneys of record who are employed at two different law firms:

1. Edward R. Nicklaus, Esq., Nicklaus, Nicklaus & Associates, P.A.;

2. P. Brandon Perkins, Esq., Nicklaus, Nicklaus & Associates, P.A.;

3. Christopher D. Cathey, Esq., Offit Kurman, P.A.;

4. Austin M. Krtausch, Esq., Offit Kurman, P.A.; and

5. Scott B. Piekarsky, Esq., Offit Kurman, P.A. (motion pro hac vice granted on August 28, 2026 (ECF No. 247).

Notably, the appearance of Nicklaus Law and Scott B. Piekarsky, Esq., Offit Kurman, P.A., as counsel of record constitutes an additional change in circumstance since the First Motion to Withdraw was filed. Accordingly, if this Court grants the undersigned Counsel's motion, these five attorneys and two law firms will remain counsel of record for Defendant.

**D. Notice to client.**

Counsel has notified the Client of Counsel's intention to seek withdrawal from this representation. Client does not consent to the withdrawal.

The Client's current address is 394 East Palisade Avenue, Englewood, NJ, 07631-3123. The Client's email address is: shmuley@shmuley.com.

A copy of this motion has been served on Client via this email address and by overnight mail at the physical address listed above on September 3, 2026.

**CONCLUSION**

Based upon the foregoing, Counsel respectfully requests that this Honorable Court enter an order permitting Wilson Elser Moskowitz Edelman & Dicker, LLP, John Y. Benford, and Christopher W. Lee to withdraw as Counsel for Defendant.

**CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3)**

Pursuant to Local Rule 7.1(a)(3), the undersigned Counsel conferred with counsel for Plaintiff who advised the undersigned that: "Plaintiff opposes Wilson Elser, John Benford, and Chris Lee withdrawing as counsel to the extent the withdrawal would be used by Defendant or his remaining attorneys to delay trial. Plaintiff has been advised by Nicklaus & Associates, P.A. that its attorneys do intend to seek a continuance of trial arising from the withdrawal sought by Wilson Elser, John Benford, and Chris Lee."

Respectfully submitted on September 3, 2026.

***/s/ John Y. Benford***

John Y. Benford, Esq.
Florida Bar No. 51950
john.benford@wilsonelser.com
alyssa.heitman@wilsonelser.com
Christopher W. Lee, Esq.
Florida Bar No. 122054
christopher.lee@wilsonelser.com
Wilson Elser Moskowitz Edelman
& Dicker LLP
111 N Orange Ave, Suite 1200
Orlando, FL 32801
Phone: 407-203-7599
Co-Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, the foregoing document was filed using the CM/ECF system for the United States District Court, Southern District of Florida, which will send electronic notice of the foregoing to all counsel of record.

***/s/ John Y. Benford***
John Y. Benford, Esquire