UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-CV-20251-KMM

FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, *a foreign limited liability company,*

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," *an individual*, And JOHN DOES 1-10,

Defendants.
_________________________________/

**DEFENDANT'S MOTION FOR LEAVE TO FILE A LIMITED REPLY OR, ALTERNATIVELY, TO DISREGARD OR STRIKE NEW AND UNSUPPORTED ASSERTIONS**

Defendant, JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH" ("Defendant"), respectfully requests leave to file a limited reply addressing Plaintiff's new and repeated characterization of Defendant as having attacked, targeted, or endangered a preschool. Alternatively, Defendant requests that the Court disregard or strike those unsupported characterizations when considering Defendant's Objections to the July 29, 2026 Report and Recommendation ("R&R"). In support, Defendant states:

1. Plaintiff's Response asserts that Defendant "posted attacks on a preschool," engaged in conduct amounting to "targeting a preschool," and "jeopardiz[ed] the safety of a preschool." Plaintiff's Response at 3, 12, 15. Plaintiff relies on these characterizations to

support the severe, case-terminating sanctions recommended in the R&R and its renewed request for sanctions under the Court's inherent authority.

2. The R&R, however, made no finding that Defendant attacked, targeted, or endangered a preschool. It stated only that "Plaintiff asserts" that certain posts publicized security-related information concerning a preschool attended by Plaintiff's counsel's children. ECF No. [233] at 16. The R&R also acknowledged Defendant's position that the posts did not concern this case, Plaintiff, or Plaintiff's counsel. *Id.* at 18.

3. Significantly, the preschool-related post was not included among the nine publications the Magistrate Judge ultimately found to have violated the February 20, 2026 Order. *Id.* at 34–41. Plaintiff's characterization therefore improperly converts an allegation summarized in the R&R into an adjudicated finding that the Magistrate Judge did not make.

4. This distinction is material. Plaintiff is not using the challenged language merely as advocacy; it relies on the alleged "preschool attack" as evidence of Defendant's subjective bad faith and as justification for striking Defendant's pleadings, entering default judgment, and dismissing his Counterclaim with prejudice.

5. Neither Federal Rule of Civil Procedure 72(b) nor Southern District of Florida Magistrate Judge Rule 4(b) expressly authorizes a reply in support of objections to an R&R. Defendant therefore seeks leave to file a narrowly limited reply addressing only this new material mischaracterization. See *Naval Logistic, Inc. v. M/V Family Time*, No. 23-22379-CIV, 2025 WL 1805294, at *3 (S.D. Fla. July 1, 2025) (quoting *Kengne v. Freeman*, No. 1:22-CV-2653-SEG-CMS, 2022 WL 22434271, at *1 (N.D. Ga. Dec. 2, 2022) ("The Federal Rules of Civil Procedure do not authorize a reply to a response to objections to an R&R, and plaintiff did not seek leave of court to file one.")).

6. The requested reply will not repeat Defendant's existing Objections or address matters already fully briefed. It will be limited to explaining why the record and the R&R do not support Plaintiff's assertion that Defendant attacked, targeted, or endangered a preschool. Allowing this limited response will ensure that the Court's determination rests on the actual findings and record before it.

7. Alternatively, if the Court declines to permit a limited reply, Defendant respectfully requests that the Court disregard Plaintiff's assertions that Defendant attacked, targeted, or jeopardized the safety of a preschool because those assertions materially exceed the findings contained in the R&R.

**WHEREFORE**, Defendant respectfully requests that the Court grant him leave to file a limited reply addressing Plaintiff's "preschool attack" allegations or, alternatively, disregard those unsupported characterizations when resolving Defendant's Objections and determining whether sanctions are warranted.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that reasonable, good-faith efforts were made to confer with Plaintiff's counsel regarding the relief requested in this Motion. On September 2, 2026, at 10:12 a.m., undersigned counsel spoke by telephone with Plaintiff's counsel, who requested a follow-up email and indicated that he would respond later that day. At 1:26 p.m., Defendant's counsel sent an email addressing the requested relief. After receiving no response, undersigned counsel placed a follow-up telephone call at 3:59 p.m. Defendant's counsel sent an additional follow-up email on September 3, 2026, at 3:16 p.m. As of the filing of this Motion, Plaintiff's counsel has not provided a response. Defendant believes that Plaintiff opposes this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via ECF using the electronic notification system, which will send a notice of electronic filing to all parties of record, on this 3rd day of September 2026.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
*Co-Counsel for Defendant*
111 N Orange Ave, Suite 1200
Orlando, FL 32801
Phone: 407-203-7599
john.benford@wilsonelser.com
alyssa.heitman@wilsonelser.com

By: */s/ John Y. Benford*
**JOHN Y. BENFORD, ESQ**
Florida Bar No.: 51950

**NICKLAUS, NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for Defendant*
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889
edwardn@nicklauslaw.com
bperkins@nicklauslaw.com

By: */s/ Edward R. Nicklaus*
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
**P. BRANDON PERKINS, ESQ.**
Florida Bar No.: 568635