UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-CV-20251-KMM

FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, *a foreign limited liability company,*

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," *an individual*, And JOHN DOES 1-10,

Defendants.
_________________________________/

**DEFENDANT'S MOTION TO CONTINUE TRIAL AND ASSOCIATED PRETRIAL DATES FOR GOOD CAUSE**

Defendant, JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH" ("Defendant"), pursuant to Federal Rule of Civil Procedure 16(b)(4) and Southern District of Florida Local Rule 7.6, respectfully moves for good cause to continue the two-week trial period beginning December 14, 2026, together with the associated Final Pretrial Conference and Calendar Call, to the Court's next available trial period. In support, Defendant states:

**RELEVANT BACKGROUND**

1. On July 29, 2026, Magistrate Judge Marty Fulgueira Elfenbein entered a Report and Recommendation concerning Plaintiff's Motion for Sanctions. ECF No. 233. The R&R recommends, among other things, that Defendant's Answer and Affirmative Defenses be

stricken, default judgment be entered against Defendant as to liability on Plaintiff's First Amended Complaint, and Defendant's Counterclaim be dismissed with prejudice. *Id*.

2. Defendant filed his Objections to the R&R on August 12, 2026. ECF No. 239. Plaintiff filed its Response to Defendant's Objections on August 26, 2026. ECF No. 242. The objections therefore became fully briefed only recently, and the Court's resolution of the R&R may fundamentally determine the claims, defenses, and issues that remain for trial. Therefore, at this time the issues for trial remain undetermined.

3. In addition, the Parties' cross-motions for summary judgment, Daubert motions, motions in limine, and other potentially trial-dispositive or trial-narrowing matters remain pending. See, e.g., ECF Nos. 146, 147, 152, 153, 154, and 196. ECF Nos. 146, 147, 152, 153, and 154 were filed on March 20, 2026, and ECF No. 196 was filed on April 27, 2026.

4. On August 4, 2026, Defendant filed an Unopposed Expedited Motion to Continue Trial, requesting that trial be continued until at least thirty days after the Court resolved the outstanding motions. ECF No. 235.

5. On August 7, 2026, the Court ordered and agreed that the Parties were not yet ready for trial and granted Defendant's motion in part. ECF No. 237. The Court continued trial from the two-week trial period beginning August 24, 2026, to the two-week period beginning December 14, 2026. The Court also continued the Final Pretrial Conference to December 1, 2026, and the Calendar Call to December 10, 2026. *Id*.

6. The circumstances surrounding Defendant's representation have materially developed since the Court entered its August 7 Order. Wilson Elser Moskowitz Edelman & Dicker LLP previously served as Defendant's counsel concerning Plaintiff's affirmative claims. On August 5, 2026, Wilson Elser and its attorneys moved for leave to withdraw from that representation. ECF No. 236.

7. The Court denied Wilson Elser's request without prejudice, concluding that it would be appropriate to address the requested withdrawal after resolving the pending R&R. ECF No. 237. The Court expressly permitted Wilson Elser to renew its motion after the Court issues its decision on the R&R. *Id*.

8. Nicklaus, Nicklaus & Associates, P.A. was recently retained to represent the Defendant in defending against Plaintiff's affirmative claims and to undertake the anticipated transition of that representation from Wilson Elser, subject to the Court's approval of any renewed request to withdraw. The firm was retained on or about August 27, 2026.

9. Edward R. Nicklaus and P. Brandon Perkins of Nicklaus, Nicklaus & Associates, P.A. entered their appearances on August 27, 2026. ECF Nos. 245–46. Mr. Nicklaus and Mr. Perkins will serve as Defendant's co-lead trial counsels.

10. Although several attorneys presently appear on the docket for Defendant, their roles are distinct. Offit Kurman represents Defendant concerning his Counterclaim against Plaintiff. Wilson Elser has already sought permission to withdraw from the defense of Plaintiff's affirmative claims and has renewed that request. Nicklaus, Nicklaus & Associates, P.A. was retained to assume primary responsibility for defending Plaintiff's affirmative claims, with Mr. Nicklaus and Mr. Perkins serving as co-lead trial counsel since Wilson Esler may be withdrawn.

11. Before Defendant retained Nicklaus, Nicklaus & Associates, P.A. – and before Mr. Nicklaus had any involvement in this action – Mr. Nicklaus booked and prepaid a previously planned family vacation out of state from December 14 through December 22, 2026 at great expense which is non-refundable.

12. Those dates directly overlap the opening and a substantial portion of the two-week trial period beginning December 14, 2026. This scheduling conflict existed before Defendant engaged Mr.

Nicklaus and his firm and was not created through any lack of diligence or for purposes of delaying trial.

13. Defendant is bringing the conflict to the Court's attention at the earliest practical opportunity following the firm's retention and counsel's appearances. The Affidavit of Edward R. Nicklaus, submitted in accordance with Local Rule 7.6, is attached as Exhibit A.

**GOOD CAUSE AND EXCEPTIONAL CIRCUMSTANCES SUPPORT A LIMITED CONTINUANCE**

14. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified for good cause and with the Court's consent. The good-cause inquiry focuses principally on whether the existing schedule can be met despite the diligence of the party seeking modification. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

15. Local Rule 7.6 similarly provides that a trial continuance may be granted upon written notice filed at the earliest practical date and supported by an affidavit establishing exceptional circumstances and good cause.

16. The Court also possesses broad discretion to control its docket and determine how best to manage the cases before it. *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). The Court previously relied on that authority when continuing trial and modifying the pretrial schedule in this action. See ECF Nos. 63 and 237.

17. Good cause exists here because Defendant's newly retained lead trial counsel is unavailable during most of the current trial period due to a preexisting, prepaid family commitment arranged and contracted for before counsel or his firm became involved in this case. This is not a conflict resulting from counsel's failure to account for a known trial setting. Mr. Nicklaus had no knowledge of nor involvement in this action when the prior family vacation arrangements were made.

18. The conflict also cannot reasonably be avoided by assigning trial responsibility to another attorney presently appearing on the docket. Offit Kurman's role concerns Defendant's Counterclaim. Wilson Elser has moved to withdraw from its representation of Defendant and has recently renewed its requests before the Court resolved the R&R. Mr. Nicklaus was retained to serve as lead counsel in defending Plaintiff's affirmative claims, with Mr. Perkins assisting him in that representation because of the expected withdrawal of Wilson Esler.

19. These circumstances differ from those underlying Plaintiff's prior motion to continue at ECF No. 197. In denying that motion, the Court observed that Plaintiff had three other attorneys available, including its existing lead counsel. ECF No. 198. Here, the unavailable attorney is the newly retained lead trial counsel engaged to assume primary responsibility for defending Plaintiff's claims with volumes of materials to review, while Wilson Elser has already requested permission to withdraw and Offit Kurman's representation concerns only the Counterclaim.

20. The required transition is substantial. This action has been pending since January 2025 and presently includes more than 247 docket entries, extensive written discovery, numerous depositions and exhibits, expert materials, cross-motions for summary judgment, Daubert motions, motions in limine, and multiple sanctions proceedings. New counsel just began reviewing and analyzing the record promptly after being retained, and has not yet read nor reviewed Wilson Esler's file which is being transferred as of this filing, but a responsible transition and preparation for trial requires significant work.

21. Moreover, the precise matters to be tried remain uncertain. If the Court adopts the R&R, the proceeding may be limited to determining Plaintiff's damages. If the Court rejects or modifies the R&R, Plaintiff's claims, Defendant's defenses, and Defendant's Counterclaim may remain

for adjudication. The pending dispositive and evidentiary motions may further narrow or reshape and enhance the issues, witnesses, and evidence to be presented.

22. Defendant recognizes that this action has previously been continued and does not minimize that history. The present request, however, is based upon circumstances that either recently arose or became concrete after the Court entered ECF No. 237: Defendant's retention of new lead defense firm, that counsel's preexisting conflict with the newly selected trial period, the anticipated transition from Wilson Elser, and the completion of briefing concerning the case-dispositive R&R.

23. Defendant does not seek an indefinite continuance. He requests that trial be reset to the Court's next reasonably available two-week trial period, with the Final Pretrial Conference, Calendar Call, and related trial-preparation dates adjusted accordingly.

24. A limited continuance will not cause Plaintiff undue prejudice. It will allow the Court to resolve the pending matters, permit newly retained defense counsel to complete the transition and prepare for trial, and reduce the risk that the Parties and the Court will expend substantial resources preparing for issues that may not remain for adjudication.

25. Conversely, requiring trial to proceed during the present December 14, 2026 period would prevent Defendant's newly retained lead trial counsel from going on his out of state family vacation and would materially interfere with the orderly transition and preparation of the defense.

26. The requested continuance is therefore supported by good cause, exceptional circumstances, considerations of judicial economy, and the interests of a fair and orderly trial.

27. Defendant, JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," has been advised of and approves the requested continuance and has authorized counsel to seek that relief on his behalf. See Exhibit B.

**WHEREFORE**, Defendant, JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," respectfully requests that the Court continue the December 14, 2026 trial period and reset the associated pretrial dates accordingly, ang grant such other and further relief as the Court deems just and appropriate.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that reasonable, good-faith efforts were made to confer with Plaintiff's counsel regarding the relief requested in this Motion. On September 2, 2026, at 10:12 a.m., undersigned counsel spoke by telephone with Plaintiff's counsel, who requested a follow-up email and indicated that he would respond later that day. At 1:26 p.m., Defendant's counsel sent an email addressing the requested relief. After receiving no response, undersigned counsel placed a follow-up telephone call at 3:59 p.m. Defendant's counsel sent an additional follow-up email on September 3, 2026, at 3:16 p.m. As of the filing of this Motion, Plaintiff's counsel has not provided a response. Defendant believes that Plaintiff opposes this Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via ECF using the electronic notification system, which will send a notice of electronic filing to all parties of record, on this 3rd day of September 2026.

Respectfully submitted,

**NICKLAUS, NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for Defendant*
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889
edwardn@nicklauslaw.com
bperkins@nicklauslaw.com

By: */s/ Edward R. Nicklaus*
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
**P. BRANDON PERKINS, ESQ.**
Florida Bar No.: 568635