UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-CV-20251-JTK

FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, *a foreign limited liability company,*

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," *an individual*, and JOHN DOES 1-10,

Defendants.
________________________________/

**DEFENDANT'S MOTION TO REFER CASE TO MEDIATION**

Defendant, JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH" ("Defendant"), respectfully moves for an order directing the parties to participate in one additional mediation by Zoom before a private mediator. Although the parties previously mediated, the posture of the case has materially changed, and the parties now have a clearer understanding of the remaining issues. A focused mediation at this stage would conserve party and judicial resources provide an advantageous bi-partisan opportunity to explore resolution without extending the trial date. Plaintiff opposes the requested relief.

**BACKGROUND**

1. The parties previously participated in two mediations, most recently in December 2025. Those mediations did not result in a settlement.

2. Since the most recent mediation, the case has materially changed and the remaining issues concern damages only. The parties have completed substantial discovery, briefing, and pretrial preparation, and the issues remaining for resolution have become more clearly defined.

3. The parties therefore have a more developed record and a clearer understanding of their respective positions, potential exposure, and the costs associated with continuing the litigation.

4. Defendant has also retained new trial counsel, providing an opportunity to reassess the case and approach settlement discussions from a fresh perspective.

5. On September 25, 2026, this action was reassigned to the Honorable Jeffrey T. Kuntz for all further proceedings. ECF No. 267. The reassignment order provides that all existing deadlines remain in effect unless altered by Judge Kuntz. *Id.*

6. Defendant requested that Plaintiff agree to participate in one additional mediation. Plaintiff declined, principally because the parties have already mediated twice. Those mediations, however, occurred before the case assumed its present posture and before the parties had the benefit of the substantially developed record now before them.

7. Defendant does seek to continue and extend the deadline for damage discovery. The proposed mediation would proceed concurrently with the litigation and would not interfere with any existing pretrial obligation.

## ARGUMENT

### A. The Court Has Authority to Refer the Parties to Additional Mediation.

8. Federal Rule of Civil Procedure 16 authorizes the Court to employ settlement procedures as part of its management of a case. Rule 16(a)(5) permits the Court to conduct proceedings for the purpose of "facilitating settlement," and Rule 16(c)(2)(I) authorizes the Court to

take appropriate action concerning "settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule."

9. The Alternative Dispute Resolution Act likewise directs federal district courts to authorize and encourage the use of alternative dispute-resolution procedures. See 28 U.S.C. §§ 651–652. Consistent with that authority, Southern District of Florida Local Rule 16.2 establishes the Court's mediation program and authorizes the Court to refer civil actions to mediation.

10. The Eleventh Circuit has also recognized the district court's inherent authority to manage litigation through settlement proceedings. *In re Novak*, 932 F.2d 1397, 1407 (11th Cir. 1991). That authority includes requiring the participation of parties and representatives possessing adequate settlement authority. *Id.*

11. Neither Rule 16 nor Local Rule 16.2 limits the Court to a single mediation referral or prohibits an additional mediation after an earlier impasse. Whether another mediation is warranted turns on the circumstances of the case and the Court's assessment of whether an additional settlement effort may conserve judicial and party resources.

**B. The Prior Mediations Do Not Make an Additional Mediation Futile.**

12. Plaintiff's anticipated objection that the parties have already mediated twice does not account for the material developments that occurred after those mediations. The relevant question is not simply whether the parties previously mediated, but whether another mediation may now be more productive in light of the case's present changed posture.

13. In *Inmuno Vital, Inc. v. Telemundo Group, Inc.*, this Court addressed resistance to renewed mediation following an unsuccessful session. The Court explained that seven additional months of vigorous litigation and significantly more discovery constituted materially different circumstances and that dissatisfaction with an opposing party's prior settlement

demand was not a basis for refusing further mediation. 203 F.R.D. 561, 568 (S.D. Fla. 2001).

14. Similarly, in *Procaps S.A. v. Patheon Inc.*, the parties had already attended mediation and reached an impasse. A subsequent scheduling order required a second mediation, and one party moved to cancel it as futile and unnecessarily expensive. The court denied the motion and required the second mediation to proceed. No. 12-24356-CIV, 2015 WL 3539737, at *11–13 (S.D. Fla. June 4, 2015).

15. The *Procaps* court explained that "cases can and do settle even when the parties and their attorneys predict to the contrary" and observed that cases had settled at court-ordered mediations even when the parties previously argued that mediation would be futile. *Id.* at *11. The court further found that the additional cost of mediation would "pale in comparison" to the fees and costs already incurred in the litigation. *Id.*

16. The Eleventh Circuit reached a similar conclusion in *Abele v. Hernando County*, rejecting the plaintiff's argument that mediation would be an "act of futility" and holding that the district court did not abuse its discretion by compelling mediation pursuant to its local rules. 161 F. App'x 809, 813 (11th Cir. 2005).

17. The circumstances supporting another mediation are stronger here than they were when the parties last mediated. The Court has now ruled on the Report and Recommendation, substantially altering the parties' respective positions and the matter has been reassigned to Judge Kuntz. These developments permit the parties to evaluate settlement based on a developed record and the Court's intervening rulings, rather than the circumstances that existed in December 2025.

18. Defendant does not ask the Court to require Plaintiff to accept any proposal, make a particular demand, disclose a settlement position in advance, or alter its evaluation of the

case. Participation in mediation does not require a party to settle. See *Procaps*, 2015 WL 3539737, at *12. The requested relief would require only attendance and meaningful participation, in good faith, consistent with Rule 16 and Local Rule 16.2.

**C. Conducting the Mediation by Zoom Would Minimize the Burden on the Parties.**

19. Defendant proposes that the additional mediation be conducted by videoconference before a mutually selected private mediator. Local Rule 16.2(a)(2) provides that, unless the Court orders otherwise, the parties may determine whether mediation will be conducted in person or by videoconference and, if the parties cannot agree, "the mediation conference shall be held by video-conference." S.D. Fla. L.R. 16.2(a)(2).

20. A Zoom mediation would eliminate unnecessary travel, reduce expense, make it easier to coordinate the attendance of the parties, counsel, and any required claims representatives and avoid any current emotional issue. It would also permit the mediation to occur promptly without interfering with the existing trial date.

21. Remote mediation is particularly appropriate because it directly addresses the principal practical objection to an additional session: the cost and burden on participants. The requested procedure preserves the potential benefit of an additional mediation while substantially reducing the expense associated with attending in person.

22. Defendant proposes that the parties confer and select a mutually acceptable private mediator within fourteen days of the Court's Order. If the parties cannot agree, Defendant requests that the Clerk appoint a certified mediator pursuant to Local Rule 16.2(d)(1)(B). Unless otherwise agreed, the parties would share the mediator's fees equally.

23. Defendant further proposes that the mediation occur within thirty days of the Court's Order, or by another date selected by the Court.

## CONCLUSION

The prior mediations do not eliminate the potential value of another settlement effort after the Court's intervening rulings materially changed the posture of the case. A narrowly tailored referral requiring one additional mediation by Zoom would impose a limited burden, would not delay the proceedings, would eliminate the feeling of coercion between the parties, and could conserve substantial resources for the parties and the Court.

**WHEREFORE**, Defendant respectfully requests that the Court enter an order: (1) referring the parties to one additional mediation to be conducted by Zoom; (2) requiring the parties to select a mediator within fourteen days of the Court's Order or, if they cannot agree, providing for appointment of a mediator pursuant to Local Rule 16.2; (3) requiring the mediation to be completed within thirty days, or by another date established by the Court; and (4) granting such further relief as the Court deems appropriate.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel's associate attorney, Roger A.G. Roche, conferred by telephone with Plaintiff's counsel, Sean Burstyn, on September 16 and 17, 2026, regarding Defendant's request for an additional mediation. Counsel further conferred by conference call with Sean Burstyn and Todd Friedman on September 25, 2026, regarding the requested relief. Plaintiff opposes this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via ECF using the electronic notification system, which will send a notice of electronic filing to all parties of record, on this 2nd day of October 2026.

Respectfully submitted,

**NICKLAUS, NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for Defendant*
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889
edwardn@nicklauslaw.com
bperkins@nicklauslaw.com

By: */s/ Edward R. Nicklaus*
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
**P. BRANDON PERKINS, ESQ.**
Florida Bar No.: 568635