UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-CV-20251-JTK

FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, *a foreign limited liability company,*

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," *an individual*, and JOHN DOES 1-10,

Defendants.
_________________________________/

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DAMAGES DISCOVERY AND TO MODIFY DISCOVERY DEADLINE**

Defendant, JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH" ("Defendant"), respectfully moves under Federal Rules of Civil Procedure 6(b)(1)(A), 16(b)(4), 33(b)(2), and 34(b)(2)(A) for an extension through December 3, 2026, to respond to Plaintiff's Sixth and Seventh Requests for Production and provide any further response to Plaintiff's punitive damages interrogatories that the Court may order, if warranted, following resolution of Defendant's objections. Defendant also requests that his deposition occur on December 8, 9, or 10, 2026, and that the discovery deadline be modified to permit completion of those responses, associated production, and deposition. In support, Defendant states:

## BACKGROUND

1. The Court reopened discovery *limited to damages* for thirty days following its September 17, 2026 Order. ECF No. 261 at 22, ¶ 9. That period now recently concludes on October 19, 2026.

2. Plaintiff served its Sixth Requests for Production on September 22, 2026, and its Seventh Requests for Production on September 25, 2026. Both sets demand response by October 19, 2026.

3. The Sixth Requests contain forty-four numbered requests comprising 164 requests when subparts are counted, addressing financial information, business and charitable interests, trusts, probate proceedings, anticipated distributions, and communications. The Seventh Requests seek communications with artificial-intelligence platforms concerning the Hotel, this litigation, counsel, and judicial officers.

4. Plaintiff also seeks answers to its April 23, 2026 Interrogatories Regarding Punitive Damages. Defendant served objections on May 22, 2026, including objections to untimeliness, numerical excess, and the scope of particular questions.

5. ECF No. 261 denied Plaintiff's motion at ECF No. 207 as moot. Id. ¶ 10. It did not compel verified answers to the April interrogatories, resolve Defendant's objections, or expressly authorize interrogatories exceeding Rule 33's numerical limit of 25. The parties likewise did not agree that Defendant would provide verified responses notwithstanding those objections.

6. The parties conferred on September 25, 2026, concerning the outstanding discovery and a proposed response schedule. Their unresolved disputes concerning the interrogatories and document requests are among the matters presented for a discovery hearing before Magistrate Judge Elfenbein on October 8, 2026.

7. Defendant has confirmed his availability and agreed to appear for his deposition remotely by Zoom on December 8, 9, or 10, 2026. Defendant proposes that the deposition occur on one of those dates, following completion of the written discovery responses and production by December 3, 2026. The parties have not agreed upon the deposition date or format

8. Defendant seeks additional time to complete the necessary collection and review and to provide responses consistent with the Rules and Court's rulings. This Motion seeks scheduling relief; Defendant's specific discovery objections will be addressed through the procedures established and required in ECF No. 7.

**MEMORANDUM OF LAW**

9. Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If the parties, like the litigants here, diligently and timely pursue their rights but for reasons other than their own negligence are unable to comply with the court's deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

10. Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010).

11. In other words, the moving party must demonstrate it could not meet the deadline despite its diligent efforts. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 807-CV-1024-T-17EAJ, 2009 WL 413531, at *2 (M.D. Fla. Feb. 18, 2009). District courts have broad discretion (1) when managing their cases,

including discovery and scheduling; and (2) in applying their local rules. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11thCir. 2001); *see Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008); *Johnson v. England*, 350 F. App'x 314, 315-16 (11th Cir. 2009).

**ARGUMENT**

**A. Good Cause Exists.**

11. Rule 6(b)(1)(A) permits an extension for good cause when requested before the applicable deadline expires. Rules 33(b)(2) and 34(b)(2)(A) also permit the Court to establish a longer response period. To the extent the requested relief modifies the discovery schedule, Rule 16(b)(4) requires good cause and the Court's consent.

12. The Eleventh Circuit explains that good cause under Rule 16 depends on whether the schedule can be met despite the requesting party's diligence. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

13. The September document requests require collection and review of materials spanning multiple categories and sources. Counsel must determine which responsive materials are within Defendant's possession, custody, or control; identify information subject to specific objections; and review potentially privileged communications and sensitive financial records.

14. Since receiving the requests, Defendant and counsel have spoken, counsel instructed Defendant to review the discovery requests, identify responsive materials in his possession, and preserve any materials located during that review. Additional time is needed to complete that process and permit counsel to review the identified materials and prepare appropriate responses. These efforts support a limited extension rather than an indefinite postponement.

15. Undersigned counsel was recently retained and has begun reviewing the transferred file, which contains thousands of pages of documents spanning approximately two years, while addressing Plaintiff's extensive discovery requests. During a September 25, 2026 conference with Plaintiff's counsel, counsel sought an agreement for additional time, but no agreement was reached. Given the volume of the file, the breadth of the requests, and the work required to prepare appropriate responses an extension is appropriate.

16. The timing of service also supports relief. Assuming service occurred on the stated dates and no shorter period was ordered or agreed, the ordinary thirty-day response periods would expire on October 22, 2026, for the Sixth Requests and October 26, 2026, for the Seventh Requests, after applying Rule 6(a). Both dates fall after the current October 19 discovery cutoff. A limited modification would provide a workable and reasonable schedule for responses and production.

17. Defendant requests that any answers or production ordered at the discovery hearing be completed by December 3, 2026.

18. The requested extension is limited to the identified written discovery, associated production, and Defendant's deposition. Defendant has agreed to be available for deposition on December 8, 9, or 10, 2026. The proposed schedule permits completion of the written discovery by December 3 before the deposition occurs on one of those dates.

19. The proposed deadline precedes the current December 10, 2026 pretrial-motion deadline and the February 22, 2027 trial period established in ECF No. 261. Financial materials produced will remain subject to the existing stipulated protective order, ECF No. 32.

20. This Motion is properly directed to the District Judge. ECF No. 7 at 2 n.1 expressly excepts motions seeking modification of discovery deadlines from the restriction on written discovery motions.

**WHEREFORE**, Defendant respectfully requests that the Court (a) extend through December 3, 2026, Defendant's deadline to serve responses and objections to Plaintiff's Sixth and Seventh Requests for Production and complete the associated production; (b) establish December 3, 2026, as the deadline for any substantive answers to Plaintiff's April 23, 2026 Interrogatories Regarding Punitive Damages required following resolution of Defendant's objections; (c) permit Defendant's deposition to occur on December 8, 9, or 10, 2026, on a date agreed upon by counsel or selected by the Court; (d) modify the October 19, 2026 discovery cutoff through December 10, 2026, solely to permit completion of the identified written discovery, associated production, and deposition; and (e) provide that this scheduling relief does not adjudicate Defendant's existing discovery objections.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel conferred by telephone with Plaintiff's counsel, Sean Burstyn and Todd Friedman, on September 25, 2026, regarding Defendant's request for an extension of time. Plaintiff opposes this motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2026, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which electronically serves registered counsel of record, and was also served by electronic mail on all persons identified in the attached Service List.

Respectfully submitted,

**NICKLAUS, NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for Defendant*
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146

Telephone: 305-460-9888
Facsimile: 305-460-9889
edwardn@nicklauslaw.com
bperkins@nicklauslaw.com

By: */s/ Edward R. Nicklaus*
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
**P. BRANDON PERKINS, ESQ.**
Florida Bar No.: 568635

**SERVICE LIST**

**Counsel for Plaintiff, Fontainebleau Florida Hotel, LLC**
Sean Alexander Burstyn, Esq.
sean.burstyn@burstynlaw.com
docketing@burstynlaw.com
Andrei Dambuleff, Esq.
andrei.dambuleff@burstynlaw.com
Todd Rapp Friedman, Esq.
todd@toddfriedmanpa.com
Christopher Ara Ajizian, Esq.
chris@ajizianlaw.com

**Co-Counsel for Defendant, Jacob Shmuel Botach**
Christopher Donald Cathey, Esq.
chris.cathey@offitkurman.com
Austin Michael Krtausch, Esq.
austin.krtausch@offitkurman.com
Scott B. Piekarsky, Esq.
scott.piekarsky@offitkurman.com

**Counsel for Chubb Insurance Company of New Jersey**
Irene Marie Porter, Esq.
iporter@mhickslaw.com