**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-20251-KUNTZ/Elfenbein

**FONTAINEBLEAU FLORIDA HOTEL, LLC**,

Plaintiff,

v.

**SHMULEY BOTEACH JACOB**
**A/K/A SHMUEL BOTACH**, *et al.*,

Defendants.
_____________________________________________/

**ORDER AFTER DISCOVERY HEARING**

**THIS CAUSE** is before the Court following a discovery hearing held on October 8, 2026 (the "Hearing"), concerning Plaintiff Fontainebleau Florida Hotel, LLC's ("Plaintiff") Notice of Hearing, ECF No. [271], and Defendant Jacob Shmuel Botach's ("Defendant") Counter-Notice of Discovery Hearing, ECF No. [275] (collectively, the "Notices"). Before the Hearing, Plaintiff also filed a Notice of Supplemental List of Documents Relied On, ECF No. [274], and a Second Notice of Supplemental List of Documents Relied On, ECF No. [276]. The Court heard argument from the Parties regarding Plaintiff's interrogatories concerning punitive damages, Plaintiff's Sixth and Seventh Requests for Production, Plaintiff's proposed subpoenas to artificial intelligence service providers, and the scheduling and location of Defendant's continued deposition. The Court ruled on the record and stated the reasons for its rulings. This Order memorializes those rulings.

As a preliminary matter, the Court notes that, on October 7, 2026, District Judge Jeffrey T. Kuntz entered an Order extending the deadline to complete the previously authorized discovery, including Defendant's deposition, through November 9, 2026. *See* ECF No. [273]. That Order expressly provides that the extension does not authorize discovery beyond the scope previously

permitted by the District Court's Order at ECF No. [261]. Accordingly, the rulings below are governed by the scope of discovery authorized by the District Court and the extended November 9, 2026 deadline.

**I. Plaintiff's Oral Motion for Leave to Exceed the 25-Interrogatory Limit, ECF No. [278]**

Plaintiff seeks to compel Defendant to provide complete responses to Plaintiff's Interrogatories Regarding Punitive Damages, served on April 23, 2026, including interrogatories seeking information concerning Defendant's assets, liabilities, income, and net worth. *See* ECF No. [271-2] at 6-10. Plaintiff argues that this information is relevant to its claim for punitive damages and necessary to establish Defendant's present financial condition. At the Hearing, Plaintiff acknowledged that it had propounded more than 25 interrogatories without obtaining prior leave of Court but requested permission to exceed that limit, explaining that the additional interrogatories concern the damages issues remaining in the litigation.

Defendant objects to the interrogatories on the ground that Plaintiff exceeded the numerical limit imposed by Federal Rule of Civil Procedure 33(a)(1). Defendant argues that Plaintiff was not entitled to propound additional interrogatories without first obtaining leave of Court and that the discovery sought is excessive given the limited damages issues remaining in the case. Defendant nevertheless acknowledges its obligation to provide relevant financial information concerning his net worth.

For the reasons stated on the record, Plaintiff's Oral Motion for Leave to Exceed the 25-Interrogatory Limit, **ECF No. [278]**, is **GRANTED in part AND DENIED in part**. Rule 33(a)(1) provides that, unless otherwise stipulated or ordered by the Court, a party may serve no more than 25 written interrogatories, including all discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Here, the Court finds that a limited number of additional interrogatories is appropriate in light of the damages

discovery authorized by the District Court. Accordingly, Plaintiff is permitted to serve ten additional interrogatories, for a total of 35 interrogatories, including discrete subparts. Plaintiff has already served 24 interrogatories that count toward this limit and may therefore serve 11 additional interrogatories to reach the total of 35. As discussed at the Hearing, Plaintiff **SHALL** provide Defendant with its revised selection of Interrogatories by **October 8, 2026**.

The Court further finds that Plaintiff's discovery concerning Defendant's net worth should be reasonably limited in time. Plaintiff seeks financial information for purposes of determining Defendant's ability to satisfy a potential punitive-damages award. As discussed at the Hearing, Defendant's present financial condition is the relevant inquiry for purposes of determining financial worth. Accordingly, the relevant period for Plaintiff's financial discovery **SHALL** be limited to the preceding two years, rather than the four-year period originally requested. Defendant **SHALL** serve substantive responses and any applicable objections to the Plaintiff's financial worth interrogatories by **October 21, 2026**, consistent with the discovery schedule established below.

## II. Plaintiff's Oral Motion to Expedite Defendant's Responses to Plaintiff's Sixth and Seventh Request for Production, ECF No. [279]

Plaintiff next asks the Court to set an expedited response deadline for Defendant to respond to Plaintiff's Sixth Request for Production served on September 22, 2026 (the "Sixth RFP") and Plaintiff's Seventh Request for Production served on September 25, 2026 (the "Seventh RFP"). *See* ECF No. [271-2]. Plaintiff argues that the Sixth and Seventh RFPs seek information relevant to the issue of punitive damages, if any, that may be awarded. Plaintiff further contends that the Court should set a schedule that allows for Defendant to prepare his responses, the Parties to meet and confer on any objections and to schedule a discovery hearing, if needed, and Defendant to produce any documents in advance of his deposition to permit meaningful questioning concerning

his financial condition. Defendant acknowledges that financial discovery concerning his net worth is appropriate but objects to the breadth of Plaintiff's requests. Defendant also seeks to preserve his right to assert specific objections to the individual requests, including objections concerning their temporal scope.

For the reasons stated on the record, Plaintiff's Oral Motion to Expedite Defendant's Responses to Plaintiff's Sixth and Seventh Request for Production, **ECF No. [279],** is **GRANTED**. Defendant **SHALL** serve his responses and any objections to the Sixth and Seventh RFP by **October 21, 2026.** As discussed at the Hearing, the Court finds that the four-year period originally sought by Plaintiff is broader than necessary to obtain relevant information concerning Defendant's net worth. Accordingly, the Sixth RFP **SHALL** be limited to the preceding two years. By **October 21, 2026**, Defendant **SHALL** produce any responsive documents to which he does not object and shall not withhold such responsive documents until the resolution of any disputes concerning other requests, if any. To the extent Defendant asserts objections that the Parties cannot resolve through good-faith conferral, those objections may be presented to the Court at the continued discovery hearing discussed below.

At the Hearing, Defendant also asserted a blanket objection to Plaintiff's Seventh RFP, arguing that it seeks discovery beyond the limited damages issues authorized by the District Court. These requests seek copies of Defendant's communications with Artificial Intelligence ("AI") platforms concerning the creation of allegedly defamatory statements, images, and other materials relating to Fontainebleau and this lawsuit. Defendant argued that the requested materials concern matters unrelated to the determination of damages. Plaintiff, on the other hand, contended that the Seventh RFP seeks information relevant to the damages issues remaining in this litigation, specifically Defendant's alleged malice and the applicability of the statutory limitation on punitive

damages under Florida law. Plaintiff argues that the requested materials may bear on whether an exception to the statutory cap on punitive damages applies.

Relatedly, Defendant objected to four proposed subpoenas directed to AI service providers, *see* ECF No. [271], which seek Defendant's communications with AI platforms concerning the creation of allegedly defamatory statements, images, and other materials relating to Fontainebleau and this lawsuit. These requests overlap with the items sought from Defendant in the Seventh RFP. Plaintiff explained that it seeks to subpoena the records from the non-parties due to concerns about Defendant's possible spoliation of such responsive AI-related materials. Defendant argued that these subpoenas seek information unrelated to the limited damages discovery authorized by the District Court and that Plaintiff has not established that the requested AI communications bear on Defendant's net worth or other permissible subjects of damages discovery. Plaintiff argued that these communications are relevant to Defendant's alleged malice and, consequently, to the punitive-damages issues remaining in the litigation. However, neither Party provided the Court with any legal authorities at the Hearing to support their respective legal arguments.

Because the dispute concerning the proposed AI-provider subpoenas overlaps substantially with the dispute concerning Plaintiff's Seventh RFP in that they both require the Court to determine whether the requested AI-related materials fall within the scope of damages discovery authorized by the District Court, and because neither Party provided any legal authorities to support their arguments, the Court requires expedited supplemental briefing to decide the issue. Accordingly, the Court **TAKES UNDER ADVISEMENT** Defendant's objections to Plaintiff four subpoenas to the AI service providers and Defendant's blanket objection to Plaintiff's Seventh RFP. The Parties **SHALL** address this issue in their supplemental briefs due **October 12, 2026**. The briefs shall address whether the information sought through the proposed subpoenas falls

within the scope of damages discovery, including the relationship, if any, between the requested information, malice, and the statutory cap on punitive damages. The supplemental briefing is limited to a **maximum of 10 pages**, excluding the case caption and the certificate of service. The Court will issue a separate ruling after considering the Parties' supplemental submissions.

### III. Plaintiff's Oral Motion to Set Defendant's Continued Deposition and to Conduct the Deposition In-Person at the Courthouse, ECF No. [280]

The Parties also dispute the scheduling, location, and permissible duration of Defendant's continued deposition. At the Hearing, Plaintiff sought an in-person deposition, preferably at the C. Clyde Atkins United States Courthouse in Miami, Florida, which is where Defendant's earlier deposition took place. Plaintiff argued that an in-person deposition is appropriate given the procedural history of this litigation and Defendant's conduct during his previous deposition. Plaintiff further contended that conducting the deposition at the courthouse would provide a neutral suitable setting for completing the remaining examination. Defendant opposed requiring him to travel to Miami for the continued deposition. Defendant represented that he resides outside Florida and requested that the deposition proceed remotely by videoconference. Defendant also argued that the continued deposition should be limited in duration because he has already undergone extensive examination and the remaining discovery is confined to damages.

For the reasons stated on the record, Plaintiff's Oral Motion to Set Defendant's Continued Deposition and to Conduct the Deposition In-Person at the Courthouse, **ECF No. [280]**, is **DENIED in part and GRANTED in part**. Defendant's continued deposition **SHALL** proceed on **November 4, 2026**. The Parties agreed that Defendant and all counsel are available on that date, and the Court finds that setting the deposition for November 4 will allow sufficient time for Defendant to respond to the outstanding discovery, for the Parties to confer regarding any objections, and for the Court to resolve any remaining disputes before the deposition. The

deposition **SHALL** be limited to the damages issues remaining in this litigation, consistent with the District Court's Order at ECF No. [261].

At the Hearing, Plaintiff requested that the Court refrain from imposing a fixed time limit, expressing concern that Defendant might provide lengthy or nonresponsive answers that would prevent Plaintiff from completing its examination within the allotted time. Defendant maintained that two hours would be sufficient given the limited scope of the remaining discovery. At the Hearing, the Court agreed with Defendant and determined that two additional hours of deposition testimony would be appropriate. However, earlier this afternoon, the Parties emailed the undersigned's chambers to advise that they have agreed to limit the deposition to three hours and they have agreed to conduct the deposition via Zoom. Accordingly, Defendant's continued deposition **SHALL** be limited to three hours and will take place via Zoom by agreement of the Parties.[1]

**IV. Discovery Deadlines and Continued Discovery Hearing**

The Court establishes the following schedule to ensure that the Parties complete the remaining authorized discovery within the deadline set by the District Court:

1. **October 8, 2026**: Plaintiff **SHALL** identify and serve the revised selection of interrogatories, not exceeding thirty-five interrogatories in total, including discrete subparts.

---

[1] As discussed at the Hearing, if Plaintiff believes that at the November 4 deposition Defendant engages in conduct that improperly consumes the allotted time, including providing unnecessarily lengthy or nonresponsive answers, Plaintiff may seek additional deposition time upon an appropriate showing. The Court will not entertain telephone calls during the deposition to resolve disputes in real time. Instead, counsel **SHALL** make an appropriate record and, if necessary, contact Chambers promptly after the deposition. Because of the pressing deadlines in this case, Plaintiff may provide a rough transcript of the relevant testimony, and the Court will promptly consider whether a further hearing or additional deposition time is warranted. The Court emphasizes that any request for additional time must be supported by the deposition record demonstrating why the additional examination is necessary.

2. **October 12, 2026**: The Parties **SHALL** file their supplemental briefs, limited to ten pages per side, addressing the issues identified in Section II of this Order.

3. **October 21, 2026**: Defendant **SHALL** serve his responses and objections to Plaintiff's authorized interrogatories and Sixth RFP. Defendant **SHALL** also serve responses and objections to the Seventh RFP, subject to the Court's forthcoming ruling concerning the permissible scope of that discovery. Defendant **SHALL** also produce responsive, nonprivileged documents that are not subject to objection and shall not delay production of undisputed materials pending resolution of contested requests.

4. **No later than October 23, 2026**: The Parties **SHALL** confer regarding any remaining disputes arising from Defendant's discovery responses and **SHALL** advise Chambers by email whether a continued discovery hearing is necessary.

5. **October 24, 2026:** If a discovery hearing is necessary, the Parties **SHALL** submit the required Notice of Hearing and all required materials.

5. **October 26, 2026 at 1 p.m.**: The Court has reserved this date and time for a continued in-person discovery hearing, if necessary, to address unresolved disputes concerning Defendant's discovery responses and objections. If the Parties resolve their disputes and no hearing is necessary, they **SHALL** promptly advise Chambers so that the hearing may be canceled.

6. **November 4, 2026**: Defendant **SHALL** appear for his continued deposition, limited to three additional hours of examination concerning damages, via Zoom.

**DONE and ORDERED** in Chambers in Miami, Florida on October 9, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record