**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-20251-KUNTZ**

**FONTAINEBLEAU FLORIDA HOTEL, LLC**,

Plaintiff,

v.

**JACOB SHMUEL BOTACH**,

Defendant.
_______________________________________/

**ORDER DENYING MOTION FOR RECOSIDERATION WITHOUT PREJUDICE DUE TO PENDING APPEAL**

**THIS CAUSE** comes before the Court *sua sponte* upon review of the Docket. On Monday, October 19, 2026, Defendant Jacob Botach filed two documents: a Motion for Reconsideration [ECF 285] and a Notice of Appeal [ECF 286]. In the Motion for Reconsideration, Defendant asks us to reconsider two orders entered by Judge K. Michael Moore[1]: the September 17, 2026, Order on Report and Recommendation ("September 17 Order") [ECF 261], and the September 18, 2026 order ("September 18 Order") [ECF 263] that revised a prior order ("Gag Order") [ECF 125] directing Defendant "to cease such harassing conduct and social media references to Plaintiff and its counsel during the course of this litigation."

In his Notice of Appeal, Defendant states that he is appealing the September

[1] This case was transferred to the undersigned judge on September 28, 2026, after the issuance of the appealed orders. [ECF 267].

18 Order. [ECF 286 at 1]. And "[a] district court lacks the jurisdiction to take any action that would 'alter the status of the case on interlocutory appeal.'" *Upside Foods Inc. v. Commissioner, Florida Dep't of Agriculture and Consumer Services*, 171 F.4th 1239, 1249 (11th Cir. 2026) (quoting *Green Lead Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003)). While parts of the case unrelated to the appeal may proceed, this Court lacks jurisdiction over aspects of the case related to the appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023).

Here, both orders for which Defendant seeks reconsideration are sanctions orders. [ECF 261 and 263]. Both orders are based on Defendant's social media posts. Both orders build on one another. The September 17 Order discussed the Gag Order on which the September 18 Order was based. [ECF No. 261 at 4-5]. The September 18 Order invokes the September 17 Order for a "factual and procedural background" that were "detailed extensively" in the September 17 Order. [ECF 263 at 1].

Because the two orders are so intertwined, any action this Court takes on either order would "alter the status" of the issue on appeal. At this point, the Eleventh Circuit has "assum[ed] jurisdiction" of aspects of the case relating to the orders appealed, *Trump v. Clinton*, 161 F.4th 671, 692 (11th Cir. 2025), and that assumption of jurisdiction precludes this Court from considering the pending motion.

**ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration [ECF 285] is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction pending the disposition of the Defendant's interlocutory appeal.

DONE in Chambers in Fort Lauderdale, Florida, on Thursday, October 22, 2026.

**JEFFREY T. KUNTZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record