**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-20251-KUNTZ/Elfenbein

**FONTAINEBLEAU FLORIDA HOTEL, LLC**,

Plaintiff,

v.

**SHMULEY BOTEACH JACOB**
**A/K/A SHMUEL BOTACH**, *et al.*,

Defendants.
_____________________________________________/

**ORDER AFTER DISCOVERY HEARING**

**THIS CAUSE** is before the Court on Plaintiff Fontainebleau Florida Hotel, LLC's ("Plaintiff") Notice of In-Person Hearing (the "Notice"). *See* ECF No. [296]. The Notice alerted the Court that the Parties required assistance resolving several discovery disputes concerning Defendant Jacob Shmuel Botach's ("Defendant") responses and objections to Plaintiff's Interrogatories Regarding Punitive Damages (the "Interrogatories"), Plaintiff's Sixth Request for Production (the "Sixth RFP"), and Defendant's communications with artificial intelligence ("AI") service providers. *See* ECF No. [296] at 1–2.

The Court previously held a discovery hearing on October 8, 2026, and entered two Orders addressing the Parties' discovery disputes. *See* ECF Nos. [281], [289]. In its First Order After Discovery Hearing, the Court authorized additional interrogatories concerning Defendant's financial condition, limited the relevant period for financial discovery to two years, and directed Defendant to respond to Plaintiff's Sixth and Seventh Requests for Production. *See* ECF No. [281]. In its Second Order After Discovery Hearing, the Court resolved Defendant's objections to

Plaintiff's Seventh Request for Production (the "Seventh RFP") concerning Defendant's AI communications and Plaintiff's proposed subpoenas to AI service providers. *See* ECF No. [289].

The Court held another discovery hearing on October 26, 2026 (the "Hearing"). At the Hearing, Plaintiff made (1) an Oral Motion to Compel Better Answers to Interrogatories, ECF No. [299], (2) an Oral Motion to Compel Better Responses to the Sixth Request for Production, ECF No. [300], and (3) an Oral Motion to Compel A Date Certain For Defendant To Produce The AI Communications, ECF No. [301]. Defendant also made an Oral Motion to Expedite Plaintiff's Responses to Defendant's Request for Production at ECF No. [295]. *See* ECF No. [302]. The Court ruled on the oral motions from the bench and stated on the record its reasons for those rulings, except for the disputes concerning the financial records pertaining to World Values Network, which the Court took under advisement. Having considered the Parties' arguments, the record, and the applicable law, the Court now memorializes its rulings and resolves the matters taken under advisement.

As a preliminary matter, the Court notes that District Judge Jeffrey T. Kuntz previously extended the deadline for completing the authorized damages discovery through November 9, 2026. *See* ECF No. [273]. That extension did not enlarge the scope of discovery authorized by the District Court's Order at ECF No. [261]. Accordingly, the rulings below concern only discovery relevant to the remaining damages issues, including Plaintiff's claim for punitive damages.

## I. Plaintiff's Oral Motion to Compel Better Answers to Interrogatories, ECF No. [299]

For the reasons stated on the record, Plaintiff's Oral Motion to Compel Better Answers to Interrogatories, **ECF No. [299]**, is **GRANTED in part and DENIED in part**. Specifically, regarding Interrogatory:

1. **No. 2**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** serve an amended response identifying all sources of income responsive to this Interrogatory, including but not limited to any income received from trusts and from Hospitality House LLC over the last two years. To the extent Defendant has received income from either source, he **SHALL** disclose that income in his amended response. Defendant may not rely solely on information appearing in responses to other interrogatories without providing a complete substantive response to Interrogatory No. 2.
2. **No. 4**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** provide an amended response identifying all bank accounts responsive to the Interrogatory, including jointly held accounts, and **SHALL** disclose the current balance of each account as of the date of his amended response. The Court finds that the requested information is relevant to Defendant's present financial condition. To the extent Defendant maintains accounts jointly with his wife, that circumstance does not categorically preclude discovery. Defendant may identify the joint ownership of those accounts, as appropriate. The Court further finds that *Stern v. O'Quinn*, No. 07-60534-CIV, 2008 WL 11401795 (S.D. Fla. Oct. 24, 2008), is distinguishable because the financial discovery already available in that case rendered separate production of bank records cumulative, whereas the record here does not establish comparable duplication.
3. **No. 7**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** provide an amended substantive response identifying all retirement accounts responsive to the Interrogatory, including the value of Defendant's interest in each account as of the date of his amended response. The Court finds that retirement accounts may constitute assets relevant to determining Defendant's present net worth.

4. **No. 10**, Plaintiff's Oral Motion is **GRANTED in part and DENIED in part**. Defendant **SHALL** review his amended responses to Interrogatory Nos. 4 and 7 and provide an amended response to Interrogatory No. 10 identifying any additional accounts, depositories, or financial interests responsive to that Interrogatory that have not otherwise been disclosed. To the extent the information requested is fully disclosed in his amended responses to Interrogatory Nos. 4 and 7, Defendant need not repeat the same information in response to Interrogatory No. 10.
5. **No. 19**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** provide an amended response identifying all business entities in which he has an ownership interest or other financial interest, including Hospitality House LLC and any business involving the sale of adult products, whether located in Israel, operated online, or otherwise, to the extent such interests exist. Defendant **SHALL** also identify any other responsive business interests omitted from his previous answer.
6. **No. 24**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** provide an amended response disclosing the amount of taxable income reported on his federal income tax returns for 2024 and 2025, to the extent returns for those years have been filed. As discussed at the Hearing, Defendant did not timely assert a specific objection to providing the requested taxable-income information. The Court therefore declines to entertain an untimely objection to that information.
7. **No. 28**, Plaintiff's Oral Motion is **DENIED**. The Court finds that Plaintiff has not established a sufficient basis to compel Defendant to identify as a presently owned asset speculative proceeds that Defendant might receive from pending litigation or a contingent inheritance. To the extent Defendant subsequently acquires property or receives proceeds

responsive to this Interrogatory, he remains subject to his supplementation obligations under Federal Rule of Civil Procedure 26(e).

8. **No. 30**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** provide an amended substantive response identifying his property interests, including responsive interests in real property located within the United States or abroad. The Court finds that Defendant's prior response is incomplete and that information concerning his property interests is relevant to determining his present financial condition and net worth.

**II. Plaintiff's Oral Motion to Compel Better Responses to Plaintiff's Sixth Request for Production, ECF No. [300]**

For the reasons stated on the record, Plaintiff's Oral Motion to Compel Better Responses to the Sixth Request for Production ("RFP"), **ECF No. [300]**, is **GRANTED in part and DENIED in part**. Unless otherwise specified, the relevant period for the production ordered below is limited to the preceding two years, consistent with the Court's First Order After Discovery Hearing, ECF No. [281]. Specifically, regarding RFP:

1. **No. 1**, Plaintiff's Oral Motion is **GRANTED** as narrowed on the record. Defendant **SHALL** produce bank statements, retirement-account statements, investment-account statements, brokerage-account statements, documents concerning deferred compensation, and statements of personal net worth. The Court finds that these documents are relevant to Defendant's present financial condition, consistent with its rulings concerning Interrogatory Nos. 4, 7, and 10. The Court's ruling is limited to these specific categories in RFP No. 1.

2. **No. 2**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce his complete federal and state income tax returns for tax years 2024 and 2025, to the extent filed, including all schedules and attachments. The Court finds that the returns are relevant to

evaluating Defendant's income and financial condition. To the extent the returns were filed jointly with Defendant's wife and contain sensitive financial information belonging to her, Defendant may redact her personal financial income information and may avail himself of the available confidentiality designations under the existing Stipulated Protective Order, ECF No. [32].

3. **No. 3**, Plaintiff's Oral Motion is **GRANTED in part and DENIED in part**. Defendant's objections are **SUSTAINED** as to the financial statements and records of business entities other than World Values Network. The Court finds that Plaintiff has not established that wholesale production of the financial records of those separate entities is proportional to the needs of this case and finds that such information would be cumulative of the other financial discovery ordered, particularly information that will be contained within Defendant's income tax returns. However, for the reasons explained in Section III below, Defendant's objections are **OVERRULED** as to the financial records of World Values Network, subject to the limitations stated in that Section.

4. **No. 4**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce responsive partnership agreements, operating agreements, and comparable organizational documents sufficient to identify his ownership interests or percentage interests in any legal entity.

5. **No. 5**, Plaintiff's Oral Motion is **GRANTED in part and DENIED in part**. Defendant's objections are **SUSTAINED** as to the financial records of entities other than World Values Network for the reasons stated regarding RFP No. 3. Defendant's objections are **OVERRULED** as to World Values Network, subject to the limitations and reasoning set forth in Section III below.

6. **No. 6**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce all responsive accountings and statements received from the trustee of any trust of which Defendant is a beneficiary or distributee, limited to the preceding two years. The Court finds that such records are relevant to determining Defendant's financial interests and present net worth.
7. **No. 7**, Plaintiff's Oral Motion is **GRANTED** as narrowed on the record. Defendant **SHALL** produce documents sufficient to show his interests in property held by any trust of which he is a beneficiary or distributee, including documents concerning distributions, payments, or other things of value received by Defendant from any trust during the preceding two years. As discussed at the Hearing, this may include emails and text messages to the extent such communications reflect Defendant's financial interests in trust property. Plaintiff's counsel also represented that he would provide Defendant's counsel with certain trust-related communications in his possession to aid in identifying such interests. The Court notes, however, that Defendant's production should not limit itself to only those interests identified in the communications provided by Plaintiff's counsel. If Defendant has additional documents evidencing other interests in trust property, Defendant shall produce such documents sufficient to show those other interests.
8. **No. 8**, Plaintiff's Oral Motion is **DENIED without prejudice**. The Court finds that the requested information concerning gifts, grants, pledges, and other receipts is cumulative of the financial discovery already ordered, insofar as it concerns Defendant's personal finances. Plaintiff's suggestion that Defendant may have failed to report income does not, without additional evidentiary support, justify compelling a broader production. If the documents produced reveal a material discrepancy or otherwise provide a concrete basis for believing that responsive income has been omitted, Plaintiff may seek appropriate

further relief. The Court's separate ruling concerning World Values Network is addressed in Section III below.

9. **No. 9**, Plaintiff's Oral Motion is **DENIED as moot** to the extent the request seeks information already encompassed by the Court's rulings requiring disclosure of Defendant's trust interests, distributions, and reasonably ascertainable financial rights. Defendant remains obligated to supplement his discovery responses if he subsequently acquires additional responsive information.

10. **No. 10**, Plaintiff withdrew its request to compel production of documents concerning the purchase or disposition of property valued at $25,000 or more after the Court expressed proportionality concerns and discussed the availability of other financial records.

11. **No. 11**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce responsive deeds, mortgages, and other documents reflecting his interests in real property. The Court finds that ownership of real property is directly relevant to Defendant's present net worth. Defendant's contention that some records may be publicly available does not, standing alone, relieve him of his discovery obligations with respect to responsive documents within his possession, custody, or control.

12. **No. 12**, Plaintiff did not pursue further relief at the Hearing, and no additional production is ordered as to this request.

13. **No. 13**, Plaintiff's Oral Motion is **GRANTED** as narrowed on the record. Defendant **SHALL** produce any whole-life insurance policy in which Defendant maintains a cash value or other equity interest and any personal property insurance policies limited to the preceding two years.

14. **No. 14**, Plaintiff withdrew this request at the Hearing in light of the Court's other rulings concerning Defendant's financial assets.
15. **No. 15**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce any judgment entered in his favor during the preceding two years, to the extent such a judgment exists. The Court finds that a judgment in Defendant's favor may constitute a financial asset relevant to his net worth.
16. **Nos. 16, 17, 18, and 19**, Plaintiff did not pursue further relief at the Hearing, and no additional production is ordered as to those requests.
17. **No. 20**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce responsive documents to the extent such documents exist within his possession, custody, or control. If no responsive documents exist following a reasonable search, Defendant **SHALL** so state in his supplemental response.
18. **No. 21**, Plaintiff's Oral Motion is **DENIED as moot** to the extent the requested information is encompassed by the insurance-policy discovery otherwise ordered in response to RFP No. 13.
19. **Nos. 22, 23, 24, 25, and 26**, Plaintiff did not pursue further relief at the Hearing, and no additional production is ordered as to those requests.
20. **No. 27**, Plaintiff's Oral Motion is **DENIED as moot**. As agreed by Defendant's counsel at the Hearing, to the extent Defendant maintains cryptocurrency or other digital assets, those corresponding financial records would be responsive under the Court's ruling as to RFP No. 1.
21. **No. 28**, Plaintiff did not pursue further relief at the Hearing, and no additional production is ordered as to this request.

22. **No. 29**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce responsive documents concerning any actual or proposed change in ownership, custody, or beneficiary of any asset owned by or payable to Defendant limited to the preceding two years. Although Defendant characterizes Plaintiff's concerns regarding dissipation of assets as speculative, the Court finds that Plaintiff identified a sufficient factual basis to warrant the requested discovery, including Plaintiff's representations regarding Defendant's transfers of assets during the litigation. However, the Court makes no finding at this stage that Defendant improperly dissipated assets.
23. **Nos. 30, 31, 32, 33, 34, and 35**, Plaintiff did not pursue further relief at the Hearing, and no additional production is ordered as to those requests.
24. **No. 36**, Plaintiff's Oral Motion is **GRANTED in part and DENIED in part**. Defendant **SHALL** produce communications between Defendant and any trustee or Bar Kochba Botach concerning the transfer, disposition, or potential dissipation of assets, limited to the preceding two years, to the extent such communications exist.
25. **Nos. 37, 38, and 39**, Plaintiff did not pursue further relief at the Hearing, and no additional production is ordered as to those requests.
26. **No. 40**, Plaintiff's Oral Motion is **GRANTED in part and DENIED in part**. Defendant **SHALL** produce documents reflecting any settlement involving the division, transfer, or distribution of assets among Defendant and his siblings in the Probate Action, to the extent such documents exist. Defendant **SHALL** supplement his response if, before trial, subsequent developments result in such a settlement.
27. **Nos. 41, 42, and 43**, Plaintiff did not pursue further relief at the Hearing, and no additional production is ordered as to those requests.

28. **No. 44**, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce communications Defendant has received concerning the Fontainebleau Hotel bearing on its image. The Court finds that such records are relevant to Plaintiff's compensatory damages claims, including the extent of the alleged reputational injury.

## III. Plaintiff's Requests for Production Nos. 3 and 5 Concerning World Values Network

At the Hearing, the Court took under advisement Plaintiff's request to compel production of financial records concerning World Values Network, a nonprofit organization associated with Defendant. Specifically, Plaintiff seeks financial records responsive to RFP Nos. 3 and 5 that would permit it to evaluate the organization's assets, liabilities, and the related financial benefits Defendant derives from the organization.

Plaintiff argues that World Values Network is distinguishable from Defendant's other business interests because it operates as a nonprofit organization and therefore does not ordinarily issue a Schedule K-1 that would reflect any financial distributions Defendant may have received. Plaintiff further argues that Defendant produced a spreadsheet containing financial information concerning World Values Network in connection with claims he asserted earlier in this litigation but did not provide the financial documentation that supported the numbers in the spreadsheets, and that the organization's financial records may reveal assets or economic benefits available to Defendant that would not necessarily appear on his individual income tax returns.

Defendant objects to the production as overbroad, disproportionate, and beyond the permissible scope of damages discovery. Defendant maintains that World Values Network is a separate legal entity and that its assets should not automatically be treated as Defendant's personal assets.

Having considered the Parties' arguments and the applicable law, the Court finds that limited additional discovery concerning World Values Network is appropriate. Under 26 U.S.C. § 501(a), organizations qualifying under section 501(c)(3) are generally exempt from federal income taxation, subject to statutory exceptions, including taxation of certain unrelated business income. *See* 26 U.S.C. §§ 501(a)–(b), 511–513. Section 501(c)(3) further requires that no part of an exempt organization's net earnings inure to the benefit of a private shareholder or individual. *See* 26 U.S.C. § 501(c)(3); 26 C.F.R. § 1.501(c)(3)-1(c)(2).

Tax-exempt organizations generally report their financial information through annual information returns, such as IRS Form 990, rather than through the Schedule K-1 ordinarily used to report a partner's distributive share of partnership income. *See* 26 U.S.C. § 6033(a)(1); IRS Instructions for Form 990; IRS Instructions for Schedule K-1 (Form 1065). Accordingly, the Court finds that Defendant's individual tax returns and any Schedule K-1s produced concerning his interests in other business entities would not necessarily disclose the financial benefits he derives from World Values Network.

The Court also recognizes that a nonprofit organization's separate legal status is significant. The fact that Defendant may serve as an officer, founder, or director of World Values Network does not establish that its assets are his personal property. Indeed, section 501(c)(3) generally prohibits the diversion of an exempt organization's net earnings to private individuals. But the prohibition on private inurement does not render the organization's financial records categorically irrelevant where Plaintiff identifies a factual basis for examining whether Defendant receives compensation, payments, distributions, reimbursements, or other economic benefits through the organization. For example, Plaintiff identified that, during the course of this litigation, Defendant transferred the title of his multi-million dollar family home to World Values Network. Plaintiff

also identified that, prior to filing this lawsuit, Defendant made settlement demands to Plaintiff to resolve his individual claims but demanded that such payments be made to World Values Network rather than to him as an individual.

The Internal Revenue Code expressly recognizes that transactions conferring excessive economic benefits on certain persons associated with a tax-exempt organization may have tax consequences. *See* 26 U.S.C. § 4958(c)(1)(A) (defining an excess benefit transaction as one in which an economic benefit provided by an applicable tax-exempt organization to a disqualified person exceeds the value of the consideration received by the organization). The applicable Treasury Regulations also recognize that economic benefits may arise through transactions other than ordinary salary or direct distributions. *See* 26 C.F.R. § 53.4958-4(a). These provisions do not establish that Defendant engaged in any improper transaction. They do, however, demonstrate why the absence of a Schedule K-1 does not resolve whether Defendant received economic benefits through World Values Network. Moreover, the organization's financial records may be relevant to determining the nature and extent of any such benefits Defendant receives.

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain nonprivileged discovery relevant to a claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The Court finds that Plaintiff has established a sufficient basis for narrowly tailored discovery concerning World Values Network, particularly in light of the absence of an equivalent Schedule K-1 mechanism for reporting the financial benefits Defendant derives from the organization. Accordingly, Plaintiff's Oral Motion to Compel Better Responses to RFP Nos. 3 and 5 **is GRANTED in part** as to World Values Network. Defendant **SHALL** produce, to the extent within his possession, custody, or control, the following documents for the preceding two years:

1. World Values Network's annual financial statements, balance sheets, or net-worth statements;
2. World Values Network's federal income tax returns, including Forms 990 and applicable schedules, to the extent filed.

Defendant's objections to RFP Nos. 3 and 5 are otherwise **SUSTAINED** as to the financial records of other separate entities, consistent with the Court's rulings at the Hearing.

**IV. Plaintiff's Oral Motion to Compel A Date Certain For Defendant To Produce The AI Communications, ECF No. [301]**

Plaintiff next seeks additional relief concerning Defendant's compliance with the Court's prior Orders addressing Plaintiff's Seventh RFP and the proposed subpoenas to AI service providers. *See* ECF Nos. [281], [289]. In its Second Order After Discovery Hearing, the Court overruled Defendant's objections to certain categories of AI communications, including communications concerning Plaintiff, Plaintiff's counsel, and employees, owners, or representatives of Plaintiff. *See generally* ECF No. [289]. The Court sustained Defendant's objections to other categories and declined to compel Defendant to execute authorizations consenting to the proposed subpoenas.

At the Hearing, Plaintiff expressed concern that Defendant had not produced the AI communications previously ordered. Defendant maintained that he was considering appellate review of the Court's ruling and requested additional time to complete the production. The Court, however, recognizes the approaching November 9, 2026 discovery deadline and the need for Plaintiff to review responsive documents before Defendant's continued deposition on November 4, 2026. Balancing the Parties' respective needs, as explained on the record, Plaintiff's Oral Motion to Compel a Date Certain to Produce Defendant's AI Communications, **ECF No. [301]**, is **GRANTED**. **No later than midnight on Friday, October 30, 2026**, Defendant **SHALL**

produce any responsive non-privileged records to Requests Nos. 1, 3, 4, and 7 (in part) to Plaintiff's Seventh Request for Production, as identified in ECF No. [289], and to the extent Defendant asserts that any responsive records are subject to the work-product doctrine, Defendant shall identify them on a privilege log by the same deadline. As explained at the Hearing, this Order does not impact Defendant's right to appeal the undersigned's ruling at ECF No. [289] to District Judge Kuntz.

### V. Defendant's Oral Motion to Expedite Plaintiff's Responses to Defendant's Request for Production, ECF No. [302]

At the Hearing, Defendant made an Oral Motion to Expedite Plaintiff's Responses to Defendant's Request for Production, which were recently served. Given the truncated damages discovery timeframe and the rapidly approaching discovery deadline, Defendant asked the Court to shorten the period of time for Plaintiff to serve responses. Although Plaintiff objected to the expedited deadline, arguing that the requests were untimely and that Plaintiff should not be required to respond on an accelerated schedule, the Court disagreed given that it granted Plaintiff's request for expedited responses for its Seventh Request for Production. For the reasons stated on the record, Defendant's Oral Motion to Expedite Plaintiff's Responses to Defendant's Request for Production, **ECF No. [301]**, is **GRANTED**. Plaintiff **SHALL** serve its responses and any objections to Defendant's recently served Request for Production **no later than midnight on October 30, 2026**. This ruling concerns only the deadline for responding to the requests. The Court makes no determination concerning the timeliness, relevance, scope, or merits of the requests or any objections thereto.

### VI. Discovery Deadlines and Defendant's Continued Deposition

At the Hearing, the Parties confirmed that Defendant's continued deposition remains scheduled for November 4, 2026. Defendant's counsel represented that Defendant intends to appear for the deposition as scheduled. As explained above, the Court finds that a firm deadline

for the outstanding discovery is necessary to permit Plaintiff a reasonable opportunity to review the responsive materials before the deposition while also providing Defendant sufficient time to comply. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant **SHALL** serve all Supplemental Answers to Interrogatories and Supplemental Responses to Sixth and Seventh RFPs and produce all documents required by this Order and the Court's prior discovery Orders, to the extent not already produced, **no later than midnight on Friday, October 30, 2026**. This deadline applies to the financial discovery ordered in Sections I through III and the AI-related discovery required under the Court's prior Orders, subject to any appeal.
2. Plaintiff **SHALL** provide Defendant's counsel with the trust-related communications and documents that Plaintiff's counsel agreed to provide during the Hearing no later than **October 27, 2026**.
3. Plaintiff **SHALL** serve its responses and objections to Defendant's Request for Production **no later than midnight on October 30, 2026**.
4. All other rulings and obligations established by the Court's prior discovery Orders, ECF Nos. [281] and [289], remain in effect.

**DONE and ORDERED** in Chambers in Miami, Florida on October 28, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record