UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-20251-JTK

FONTAINEBLEAU FLORIDA HOTEL, LLC,

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a
SHMULEY BOTEACH, et al.,

Defendants.
_________________________________________/

**DEFENDANT'S EMERGENCY MOTION TO STAY AI-PRODUCTION REQUIREMENTS OF ECF NOS. 289 AND 303 PENDING RESOLUTION OF DEFENDANT'S RULE 72(a) OBJECTIONS**

Defendant Jacob Shmuel Botach ("Defendant"), pursuant to the Court's inherent authority to preserve meaningful review of a challenged nondispositive order and Southern District of Florida Local Rule 7.1(d), respectfully moves for an immediate, narrowly tailored stay of the portions of ECF Nos. 289 and 303 requiring production of disputed artificial-intelligence ("AI") communications pending District Judge Kuntz's determination of Defendant's objections that will be filed later this evening under Federal Rule of Civil Procedure 72(a).

This Motion presents a true emergency within Local Rule 7.1(d)(1). ECF No. 303, entered on October 28, 2026, requires Defendant to produce the disputed AI communications by **midnight on October 30, 2026**, and expressly contemplates Plaintiff's review and use of those materials in preparing for Defendant's November 4 deposition. If relief is not granted before the production deadline,

Defendant will not be able to obtain meaningful relief under Rule 72(a).

The emergency was not created by Defendant. While imposing that accelerated deadline, the Magistrate Judge expressly stated that the Order "does not impact Defendant's right to appeal the undersigned's ruling at ECF No. [289] to District Judge Kuntz." ECF No. 303 at 15. Defendant is exercising that right now.

The immediacy of the controversy is further confirmed by Plaintiff's October 29, 2026 correspondence to Defendant's counsel, attached as Exhibit A. Plaintiff expressly advised that it takes the position that Defendant remains obligated to produce the disputed AI materials by the October 30 deadline notwithstanding any Rule 72(a) objections and that, if Defendant does not do so, Plaintiff "will move for sanctions." Ex. A at 1–2. Plaintiff further advised that it would seek an additional deposition and fees in the event of a later production. *Id.* at 2. Defendant does not cite that correspondence to suggest that Plaintiff is acting improperly. Rather, it confirms that there is no practical standstill while District Court review is sought and that, absent immediate judicial relief, Defendant must either forego the right to appeal or face an asserted sanctions application for failing to comply with the existing production deadline.

The relief requested is correspondingly narrow. Defendant does not seek to stay the remaining financial discovery. Defendant seeks only to preserve the status quo concerning the AI communications whose discoverability is presently being submitted to District Judge Kuntz for review.

Because the production deadline expires at midnight today, Defendant first requests an immediate administrative stay of the disputed AI-production requirement pending disposition of this Emergency Motion and, thereafter, a stay pending resolution of the Rule 72(a) objections which are being filed later this evening.

## I. BACKGROUND AND NATURE OF THE EMERGENCY

The District Court previously reopened discovery for a limited purpose: "discovery limited to damages." ECF No. 261 at 22. The deadline was subsequently extended through November 9, 2026, without enlargement of the authorized scope. See ECF No. 273; ECF No. 303 at 2.

Plaintiff thereafter sought broad production of Defendant's private communications with AI service providers beginning December 3, 2024.

After supplemental briefing concerning whether that discovery fell within the damages-only reopening, the Magistrate Judge entered the Second Order After Discovery Hearing, ECF No. 289. The Court sustained Defendant's objections to Request Nos. 2, 5, and 6, but overruled Defendant's objections to Request Nos. 1, 3, 4, and the corresponding portion of Request No. 7. ECF No. 289 at 12–15, 24–25.

Those permitted requests encompass all responsive AI communications concerning or relating to the Fontainebleau Hotel, counsel for Plaintiff, or any employee, owner, or representative of the Fontainebleau Hotel, together with certain deleted communications falling within those categories. *See id.* at 3–4, 24–25.

On October 26, 2026, Plaintiff asked the Magistrate Judge to compel a date certain for production. Defendant maintained that he was considering review of ECF No. 289 and requested additional time to complete the production. ECF No. 303 at 14.

On October 28, 2026, the Magistrate Judge entered ECF No. 303. The Court granted Plaintiff's request and ordered:

> No later than midnight on Friday, October 30, 2026, Defendant SHALL produce any responsive non-privileged records to Requests Nos. 1, 3, 4, and 7 (in part) to Plaintiff's Seventh Request for Production, as identified in ECF No. [289] . . . .

ECF No. 303 at 14–15.

The Court explained that the accelerated deadline was intended to permit Plaintiff to review the materials before Defendant's continued deposition scheduled for November 4, 2026. *Id.* at 14.

Critically, however, the Court then expressly stated:

> As explained at the Hearing, this Order does not impact Defendant's right to appeal the undersigned's ruling at ECF No. [289] to District Judge Kuntz.

*Id.* at 15.

The following day, October 29, Plaintiff's counsel sent Defendant's counsel written correspondence addressing the contemplated objections. See Ex. A. Plaintiff stated that an objection "does not stay the order or relieve the party of the obligation to comply with the order," and advised that, should Defendant fail to produce by the October 30 deadline, "Plaintiff will move for sanctions." Ex. A at 1–2. Plaintiff also advised that it would seek an additional deposition and fees if documents were produced after the deadline. *Id.* at 2.

Thus, the parties do not have an informal agreement that would preserve the status quo while the District Court considers Defendant's Rule 72(a) objections. Rather, while conferring on this Motion Counsel for Plaintiff made it clear that if a stay is not granted by midnight tonight and AI documents are not produced, a motion for sanctions would be directed at undersigned counsel.

Defendant is exercising his right to District Court review today by filing objections pursuant to Rule 72(a).

The emergency therefore arises from the interaction between two circumstances: Defendant retains the right to obtain District Court review of the disputed discovery ruling, but ECF No. 303 requires him to disclose the very information at issue before that review can occur.

Once those private communications are disclosed to opposing counsel and used to prepare for or conduct Defendant's deposition, the status quo cannot fully be restored. A ruling after disclosure would not provide the same relief as review before the compelled production.

## II. LEGAL STANDARD

A stay is an exercise of judicial discretion intended to preserve the status quo while the legality of the challenged action is reviewed. *See Nken v. Holder*, 556 U.S. 418, 427, 433–34 (2009).

The traditional factors considered in determining whether a stay should issue are:

1. whether the applicant has made a strong showing that he is likely to succeed on the merits;
2. whether the applicant will be irreparably injured absent a stay;
3. whether issuance of the stay will substantially injure the other interested parties; and
4. where the public interest lies.

*Id.* at 434.

The first two factors are the most critical. *Id.*

A Rule 72(a) objection does not itself suspend an operative discovery order. Defendant accordingly does not seek to engage in self-help or unilaterally disregard ECF Nos. 289 or 303. Rather, Defendant seeks affirmative stay relief from the District Court so that the challenged disclosure does not occur before the Court can exercise the review expressly contemplated by Rule 72(a) and acknowledged in ECF No. 303.

*See generally Maness v. Meyers*, 419 U.S. 449, 458–59 (1975) (recognizing the general obligation to comply with an operative court order unless appropriate relief from that order is obtained).

## III. THE FACTORS FAVOR A NARROW STAY

### A. Defendant has substantial Rule 72(a) objections directed to a mandatory limitation imposed by Rule 26 and to the breadth of the compelled production.

Defendant recognizes that review of a nondispositive discovery ruling under Rule 72(a) is deferential. His objections therefore do not merely ask the District Court to exercise discovery discretion differently.

The principal objection identifies a distinct legal issue under Federal Rule of Civil Procedure 26(b)(2)(C)(ii).

Rule 26(b)(2)(C) provides that the Court "must limit" otherwise permissible discovery when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii).

Defendant squarely presented that issue in his supplemental memorandum. *See* ECF No. 282 at 2–3. Plaintiff's own First Amended Complaint already alleged Defendant's asserted use of AI in connection with the challenged conduct, as well as knowing falsity, financial motivation, and specific intent to harm. *See* ECF No. 12 ¶¶ 2, 10(e), 63, 112.

Plaintiff therefore knew of the alleged use of AI while general discovery was open but did not then pursue discovery concerning the AI platforms allegedly used, the relevant accounts, Defendant's AI communications, or the alleged use of AI in creating or disseminating the challenged publications.

The Second Order acknowledged Defendant's argument under Rule 26(b)(2)(C)(ii), and acknowledged the general proposition that a limited reopening does not authorize unrestricted additional discovery. ECF No. 289 at 15. The Order nevertheless reasoned:

> Given the District Court's broad discretion to manage discovery and its decision to reopen discovery limited to

> damages in this case, the undersigned cannot deny Plaintiff discovery expressly authorized by the District Court.

*Id.* at 15–16.

But the District Court did not expressly authorize these particular AI requests. ECF No. 261 authorized "discovery limited to damages." ECF No. 261 at 22.

Those are materially different propositions.

Rule 26(b)(2)(C)(ii) applies to discovery "otherwise allowed" and therefore imposes an additional limitation even where requested discovery otherwise falls within Rule 26(b)(1). Defendant accordingly submits that the Second Order presents a substantial question as to whether the general reopening for damages could be treated as resolving the separate mandatory inquiry into whether Plaintiff previously had ample opportunity to pursue the discovery.

*American Key Corp. v. Cole National Corp.*, 762 F.2d 1569, 1576–78 (11th Cir. 1985), further supports Defendant's objection. *American Key* upheld restrictions on additional discovery concerning witnesses and subjects already known during the original discovery period where the requesting party failed adequately to explain why the discovery had not been pursued earlier, while permitting limited additional discovery concerning genuinely new information. *Id.*

Nor does the fact that some individual AI communications may have been created after expiration of general discovery necessarily dispose of the prior-opportunity issue. The Second Order observed that "at least some responsive communications may have been created after the original discovery period closed." ECF No. 289 at 16.

But Rule 26(b)(2)(C)(ii) asks whether the requesting party "has had ample opportunity to obtain the information by discovery in the action." Defendant's objection concerns Plaintiff's prior opportunity

to pursue the known subject of AI discovery when general discovery was open.

Had Plaintiff timely pursued that known subject, the parties and the Court could have addressed the permissible scope of AI discovery during general discovery. Plaintiff could have identified the relevant platforms and accounts, requested then-existing nonprivileged communications, pursued appropriate third-party discovery, and, if warranted, sought supplementation or continuing-production requirements applicable to later developments.

Thus, the later creation of particular communications does not by itself answer the antecedent question whether Plaintiff had ample opportunity to pursue this line of discovery while general discovery remained open.

Defendant's second Rule 72(a) objection is independently substantial and narrowly directed to the breadth of Request Nos. 1, 3, and 4.

The Second Order repeatedly recognized that AI communications must bear a sufficient relationship to the alleged injury and remaining damages issues. On that basis, the Court rejected Request No. 2, which sought all AI communications concerning the litigation, because it encompassed communications having "no meaningful connection to the amount of damages or Defendant's alleged intent to harm Plaintiff." ECF No. 289 at 13.

The Court similarly rejected Request No. 5 because disagreement with or hostility toward a court order did not, "without a sufficient connection to the alleged injury," make every such communication relevant to damages. Id. at 13–14. And it rejected Request No. 6 because communications concerning judicial officers, "without more," did not bear a sufficient relationship to damages for the alleged harm to the Hotel. *Id.* at 14.

Nevertheless, the Order permitted every responsive AI communication merely "concerning or relating to" the Hotel,

Plaintiff's counsel, or any employee, owner, or representative of the Hotel. *Id.* at 3, 12.

The Order's substantive reasoning was considerably narrower. It explained that potentially relevant communications could include those in which Defendant allegedly used AI to "generate, revise, or refine statements" and communications that might reveal the purpose for which statements were created, the instructions supplied, and the effects Defendant allegedly sought to achieve. *Id.* at 9.

The operative requests contain no comparable nexus limitation.

Florida's uncapped-punitive-damages provision requires a finding that "at the time of injury the defendant had a specific intent to harm the claimant" and that the conduct actually harmed the claimant. Fla. Stat. § 768.73(1)(c). *State Farm* likewise instructs that punitive damages cannot be based merely upon dissimilar conduct or an effort to punish a defendant for being an objectionable person; there must be an appropriate nexus to the conduct that harmed the plaintiff. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422–24 (2003).

Defendant therefore has presented more than generalized disagreement with the Magistrate Judge's discretionary discovery determination. The objections identify a substantial legal question under a mandatory Federal Rule and a separate question concerning whether the production ordered extends materially beyond the nexus required by the Second Order's own reasoning.

This factor favors preserving the status quo long enough for the District Court to conduct meaningful Rule 72(a) review.

### B. Disclosure before review would materially impair the relief Rule 72(a) is designed to provide.

The potential harm is not merely the burden of collecting documents.

ECF No. 303 requires Defendant to disclose disputed private AI communications to opposing counsel specifically so that Plaintiff can review those communications before Defendant's November 4 deposition. ECF No. 303 at 14–16.

If Judge Kuntz subsequently determines that some or all of those communications should not have been discoverable, disclosure cannot meaningfully be undone.

Plaintiff's counsel cannot unlearn the contents of the communications. Deposition preparation based upon those communications cannot be reversed. Questions formulated from the disclosed material cannot be unformulated. And once the contents have been used during a deposition, a later ruling cannot restore the parties to the position they occupied before disclosure.

That harm is particularly concrete because ECF No. 303 expressly linked the accelerated production deadline to Plaintiff's desire to review the disputed communications before the November 4 deposition.

Nor can Defendant preserve the status quo simply by withholding production while the Rule 72(a) objections are considered. Plaintiff has expressly advised that it considers the October 30 deadline enforceable notwithstanding the objections and that it will seek sanctions if Defendant does not produce by that deadline. Ex. A at 1–2. Defendant therefore seeks a stay rather than engaging in self-help or assuming that the filing of Rule 72(a) objections suspends the Magistrate Judge's Orders.

The requested stay would preserve the possibility of meaningful Rule 72(a) relief. A brief stay protects the District Court's ability to grant effective relief if Defendant's objections are sustained.

**C. A short, targeted stay will not substantially prejudice Plaintiff.**

The requested stay is exceptionally narrow.

Defendant does not ask the Court to stay:

- the remaining financial discovery;
- Plaintiff's reciprocal discovery obligations;
- the entirety of damages discovery;
- the November 9 discovery cutoff generally; or
- any obligation unrelated to the disputed AI communications.

The only materials affected are the AI communications whose permissible scope is now being submitted to Judge Kuntz.

Moreover, Plaintiff's own pleading placed Defendant's alleged use of AI at issue during general discovery. Plaintiff did not pursue this category of discovery then. *See* ECF No. 282 at 2–3.

A short pause permitting the District Court to determine whether that previously unpursued discovery can now be obtained through a reopening limited to damages imposes substantially less prejudice than immediate disclosure would impose if the Rule 72(a) objections ultimately are sustained.

Plaintiff's October 29 correspondence further demonstrates that any prejudice asserted from a stay principally concerns timing rather than loss of evidence. Plaintiff states that, absent production by the deadline, it would seek an additional deposition to address belatedly produced documents. Ex. A at 2.

### D. The public interest favors meaningful Rule 72 review and orderly enforcement of the Federal Rules.

The public interest favors both prompt discovery and adherence to the limits imposed by the Federal Rules of Civil Procedure.

The requested stay reconciles those interests.

A brief stay gives practical effect to ECF No. 303's express recognition that Defendant retains the right to obtain District Court review of ECF No. 289.

Without a stay, that review risks becoming substantially less meaningful because the very disclosure being challenged will already have taken place.

The requested relief also promotes orderly judicial process. Defendant does not contend that his objections permit him simply to disregard the Magistrate Judge's Orders. Plaintiff has made clear that it likewise does not regard the filing of objections as suspending the production obligation. Ex. A at 1–2. The proper course is therefore to obtain a ruling from this Court on whether the status quo should be preserved while Rule 72(a) review proceeds.

## IV. AN IMMEDIATE ADMINISTRATIVE STAY IS WARRANTED

Because production is due at midnight today, the ordinary briefing schedule would render the requested relief ineffective before the Motion could be decided.

Plaintiff's October 29 correspondence confirms that there is no consensual standstill that would eliminate the need for immediate Court action. Plaintiff has advised Defendant that it intends to enforce the October 30 deadline and will seek sanctions if Defendant fails to comply. Ex. A at 1–2.

Defendant therefore respectfully requests that the Court immediately enter a temporary administrative stay of the disputed AI-production portions of ECF Nos. 289 and 303 pending disposition of this Emergency Motion.

After consideration of the Motion, Defendant requests that the stay remain in effect through resolution of the Rule 72(a) objections that are being filed tonight

## V. REQUEST FOR RELIEF

For the foregoing reasons, Defendant respectfully requests that the Court:

1. immediately **ADMINISTRATIVELY STAY**, pending disposition of this Emergency Motion, the portions of ECF Nos. 289 and 303 requiring production of AI communications responsive to Request Nos. 1, 3, 4, and 7 in part;
2. thereafter **STAY** those AI-production requirements pending resolution of Defendant's contemporaneously filed Rule 72(a) objections;
3. leave all unrelated portions of ECF Nos. 289 and 303 in full force and effect; and
4. grant such other relief as the Court deems just and appropriate.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Counsel for Defendant certifies that on October 30, 2026, at 4:15pm, counsel conferred by telephone with counsel for Plaintiff concerning the specific relief requested in this Motion. Plaintiff OPPOSES the requested stay.

/s/ P. Brandon Perkins
PHILLIP BRANDON PERKINS

**LOCAL RULE 7.1(d)(1) EMERGENCY CERTIFICATION**

After reviewing the facts and researching applicable legal principles, undersigned counsel certifies that this Motion in fact presents a true emergency, rather than a matter requiring only expedited treatment, because ECF No. 303 requires production of the disputed AI communications by midnight on October 30, 2026.

If the Motion is not addressed before that production occurs, Defendant will be required to disclose the very materials whose discoverability is presently being submitted to the District Court

under Rule 72(a). Plaintiff has further advised Defendant in writing that it considers the production obligation enforceable notwithstanding the contemplated objections and that it will seek sanctions if Defendant does not produce by the deadline. See Ex. A.

Meaningful relief preserving the status quo therefore would not remain available after seven days.

The urgency was not created by Defendant's delay. The operative October 30 production deadline was first imposed in ECF No. 303 on October 28, 2026, and that Order expressly preserved Defendant's right to seek District Court review of ECF No. 289.

Undersigned counsel understands that an unwarranted emergency certification may result in sanctions.

Respectfully submitted,

/s/ P. Brandon Perkins
PHILLIP BRANDON PERKINS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2026, the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will provide notice to all counsel of record.

/s/ P. Brandon Perkins
PHILLIP BRANDON PERKINS

**DECLARATION OF P. BRANDON PERKINS IN COMPLIANCE WITH LOCAL RULE 7.1(e)**

I, P. Brandon Perkins, declare as follows:

1. I am counsel of record for Defendant Jacob Shmuel Botach and submit this declaration concerning the prior request for relief addressed at the October 26, 2026 discovery hearing.

2. At the October 26, 2026 hearing, Plaintiff requested a date certain for production of the AI communications addressed in ECF No. 289.

3. Defendant maintained that he was considering District Court review of ECF No. 289 and requested additional time to complete the production. These circumstances are memorialized in ECF No. 303 at pages 14–15.

4. On October 28, 2026, the Magistrate Judge granted Plaintiff's request for a date certain and required production by midnight on October 30, 2026. ECF No. 303 at 14–16.

5. The Magistrate Judge expressly stated that the October 30 deadline did not affect Defendant's right to seek District Court review of ECF No. 289. Id. at 15.

6. On October 29, 2026, Plaintiff's counsel sent written correspondence to Defendant's counsel stating Plaintiff's position that the contemplated objections would not stay the production obligation and advising that Plaintiff would move for sanctions if Defendant failed to produce by the October 30 deadline. A true and correct copy of that correspondence is attached to the Motion as Exhibit A.

7. Defendant is now filing his objections pursuant to Federal Rule of Civil Procedure 72(a) and seeks a stay limited to the disputed AI production so that the District Court may conduct that review before disclosure and use of the disputed materials.

8. Defendant is not treating the filing of his objections as an automatic stay and is not seeking to disregard the Magistrate Judge's Orders. Defendant instead seeks immediate judicial relief preserving the status quo pending District Court review.

9. The present request therefore differs from Defendant's prior request for additional compliance time because Defendant is now filing the Rule 72(a) objections whose contemplated

preparation was discussed at the October 26 hearing and seeks preservation of the status quo while those objections are adjudicated.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on October 30, 2026.

/s/ P. Brandon Perkins

P. Brandon Perkins

**NICKLAUS, NICKLAUS & ASSOCIATES, P.A.**

By: /s/ *P. Brandon Perkins*

**P. BRANDON PERKINS, ESQ**.
Florida Bar No.: 568635
Nicklaus, Nicklaus & Associates, P.A.
4651 Ponce de Leon Boulevard, Suite 200
Coral Gables, Florida 33146
Phone: (305) 460-9888
Fax: (305) 460-9889
BPerkins@Nicklauslaw.com
StephanieL@Nicklauslaw.com

**EXHIBIT A**

October 29, 2026 Correspondence from Sean A. Burstyn, Esq. to Defendant's Counsel Regarding Discovery Timing