IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FONTAINEBLEAU FLORIDA HOTEL, LLC
d/b/a FONTAINEBLEAU MIAMI BEACH,

CASE NO. 1:25-cv-20251-JTK

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," and John Does 1-10,

Defendants.
______________________________________/

**PLAINTIFF FONTAINEBLEAU FLORIDA HOTEL, LLC'S**
**RESPONSE IN OPPOSITION TO BOTACH'S EMERGENCY MOTION**

**BURSTYN LAW PLLC**

Sean A. Burstyn, Esq.
Florida Bar No. 1028778
Andrei F. Dambuleff, Esq.
Florida Bar No. 1021160
sean.burstyn@burstynlaw.com
andrei.dambuleff@burstynlaw.com
docketing@burstynlaw.com
1101 Brickell Avenue, Suite S-700
Miami, Florida 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*

Plaintiff Fontainebleau Florida Hotel, LLC ("Plaintiff" or the "Hotel") responds to Botach's Emergency Motion (ECF No. 306).

## INTRODUCTION

Defendant's "Emergency Motion" is nothing more than his avowed strategy to "delay, delay, delay, delay" the case (ECF No. 296-3 at 14). There is no basis to excuse his noncompliance. The Motion should be denied. To the extent it is not summarily denied, given the timing of the Motion, filed moments before Plaintiff's counsel is unavailable in observance of the Sabbath, Plaintiff respectfully requests the opportunity to complete its responsive briefing on Monday, November 2, only to the extent the Court requires further briefing. Plaintiff's position as set forth herein is that the Motion is meritless and should be denied on its face. Accordingly, Plaintiff respectfully submits that Botach should do what all litigants must do: follow the Court's orders.

## BACKGROUND

On October 21, the Magistrate Judge overruled several of Defendant's objections to Requests for Production of his AI-related data. (ECF No. 289.) Defendant did nothing by way of further objection.

Even more, Defendant refused to meet and confer, as he was required to do, to coordinate the production of the AI communications. (ECF No. 289 at 24-25.) Rather than confer or propose a production deadline, Defendant went back to social media where he called on AI service providers not to comply with Plaintiff's lawfully served subpoenas. (*See* Ex. 1.) Along with attempting to solicit that noncompliance, Botach continued attacking the Court after its October 21 Order mandating productions. (*See* Exs. 2, 3.)

On October 26, the Magistrate Judge again ordered him to produce responsive information. (ECF No. 303, together with ECF No. 289, the "Orders.")

Yet, he still did nothing. During a meet and confer on the afternoon of Friday, October 30, the deadline for Botach's production, his counsel confirmed that Botach had not gathered any materials. Plaintiff inquired whether Botach would produce a privilege log of the Court-ordered production. His counsel said no.

There is no reason Botach could not have filed this Motion on October 21. Instead, he ran the clock until Friday evening, hours before the production deadline, to manufacture urgency and call for "Emergency" relief.

**ARGUMENT**

There is no "Emergency." Bona fide emergencies:

> involve the health and safety of individuals, the impending departure of a witness with no plans to return to the jurisdiction, the imminent destruction of a building or other property, the imminent deportation of an individual to another country, the need to give critical medical treatment to a patient in a hospital, the threatened loss of civil rights, the immediate, threatened loss of an entire business, or when someone is at risk of being denied an essential service.

*Companhia Energetica Potiguar v. Caterpillar Inc.*, 2016 WL 7469993, at *3 (S.D. Fla. 2016) (denying emergency motion).

Handing over AI-attack posts does not implicate the health or safety or civil rights of an individual. The Orders cause nothing remotely resembling irreparable harm. They expressly limit themselves to "*non-privileged*" records. Botach cites no authority for the proposition that facing sanctions for not complying with Court Orders is an "emergency." Additionally, there is nothing "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A), that would merit revisiting any portion of the Orders.

And even if there were any error, Botach did not do anything to demonstrate any effort to comply with the Court Orders, such as gathering and compiling the Court-ordered documents, serving a log of those compiled documents before seeking "emergency" relief, or seeking relief in

advance of this Friday-night deadline, despite having notice of the deadline for days and more than a week's notice of his AI-production obligations.

Botach knows well from his repeated violations and corresponding sanctions orders that a court's order **"is a valid and functional court order with which [a party] must comply until such time, if ever, that it is reversed or modified."** *Spano v. Satz*, 2010 WL 11515690, at *2 (S.D. Fla. 2010) (emphasis added). *See also United States v. United Mine Workers of Am.*, 330 U.S. 258, 293–94 (1947) (holding that court orders "must be obeyed . . . however erroneous the action of the court may be . . . It is for the court of first instance to determine the question of the validity of the law, and **until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and <u>disobedience of them is contempt</u> of its lawful authority**.") (emphasis added); *Maness v. Meyers*, 419 U.S. 449, 459 (1975) ("The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.'").

Given Botach's repeated violations in this case, Plaintiff's counsel warned him the day before the production deadline that he must comply with discovery orders unless and until those orders are reversed.

The Motion pays lip service to the irreparable-harm element, referencing it only one time—*in the legal standard section*—and never again thereafter. It further identifies no injury to Defendant, whereas (as noted below) there is substantial prejudice arising from delay to Plaintiff, especially in light of the gargantuan judicial efforts to get discovery done by the cutoff. And the public interest lies in parties complying with the law (*i.e.*, court orders). Defendant must produce the documents, and he can do so without waiving his objection to this Court—if his objection is later deemed merited, he can seek a claw-back or preclusion through a motion *in limine*. In this

context, Defendant's status-quo argument is meritless. Defendant's request is to undo the status quo, which is an order requiring production. Though Defendant describes the "immediacy of the controversy," that misses the mark. Immediacy does not mean irreparability.

Here, the Magistrate Judge spent over *seven hours* in the last three weeks of in-court hearing time and drafted over *forty pages* of discovery orders to arrange a discovery process that would comply with the District Court's November 9 discovery cutoff. In the interim, Defendant has done everything he could to obstruct the discovery process, including filing a "Note from Doctor" stating that he cannot be physically or "emotionally exert[ed]" for the entire month of November (*i.e.*, to skip his deposition noticed for November 4). Meanwhile, he continues to post online while engaging in strenuous exercise, podcasts, and international television interviews—including podcasts in the last 36 hours in which he discusses that he should not have to comply with the discovery order compelling production of his AI data. An order granting the Motion would reward Defendant's continued contempt for this Court and undo the days of judicial and party labor expended to maintain an orderly document discovery process ahead of Botach's deposition this coming Wednesday.

It is black-letter law that "[e]ven though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court. As a result, **an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order**." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (emphasis added). In *Cruz v. Nike Retail Services, Inc.*, the court "impose[d] sanctions against counsel rather than defendant" where the defendant failed to comply with an order requiring the production of documents on the basis that it had objected to the order. 346 F.R.D. 107, 119 (S.D. Cal. 2024). *Cruz* explained, "[g]iven the

overwhelming case law to the contrary, reasonable lawyers simply could not conclude defendant was justified in failing to comply with the Court's Discovery Order." *Id.* at 113.

Defendant's last-minute meet and confer prior to filing the Motion confirmed exactly what is going on. Defendant's counsel advised that he did not know what, if any, steps had been taken to preserve the AI data and that he had not logged any privileged or work-product-protected communications. Defendant Botach simply does not want to produce the discovery, so his counsel filed an "Emergency" Motion to get out of his discovery obligations.

Plaintiff respectfully submits that Botach should do what all litigants must do: follow Court Orders. This particular Defendant is not just recalcitrant; he is exorbitantly wealthy, owning tens of millions of dollars in homes. (ECF No. 296-3 at 19-20.) It is well established that past monetary sanctions have been insufficient to bring him into compliance, and he has had his insurance carrier pay for past sanctions (ECF No. 208-3), thus insulating himself from them. As such, Plaintiff respectfully submits that the Court should enter sanctions, including monetary sanctions, for each day that Botach fails to comply with the Orders. *See Channel Components, Inc. v. Am. II Elecs., Inc.*, 915 So. 2d 1278, 1285 (Fla. 2d DCA 2005) (affirming fine of $2,500 per day that defendants refused to comply with court-ordered discovery obligations).

In short, ECF Nos. 289 and 303 are Orders of this Court. Botach had over a week to seek relief and did nothing until the night of the deadline. There is no basis to excuse his noncompliance. The Motion should be denied.

## <u>CONCLUSION</u>

Botach's Friday-night filing pretends there is an emergency because he has decided, again, that he does not need to comply with Court Orders. The Motion is meritless, and Plaintiff files this Response in the interest of time and without conceding any merit in the Motion. The Hotel

respectfully submits that the Court should deny the Motion and order any other relief it deems appropriate.

Dated: October 30, 2026
Miami, Florida

Respectfully submitted,

**BURSTYN LAW PLLC**

By: /s/ *Andrei F. Dambuleff*
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
docketing@burstynlaw.com
Andrei F. Dambuleff, Esq.
Florida Bar No. 1021160
andrei.dambuleff@burstynlaw.com
1101 Brickell Avenue, Suite S-700
Miami, Florida 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*

**CERTIFICATE OF SERVICE**

I certify that on October 30, 2026, a true and correct copy of the foregoing was electronically filed on the CM/ECF system, which will serve it via electronic mail on all counsel of record.

By: */s/ Andrei F. Dambuleff*
Andrei F. Dambuleff, Esq.