IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-CV-20251-JTK

FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, a *foreign limited liability company*,

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," *an individual*, and John Does 1-10,

Defendants.
___________________________________/

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SIXTH REQUEST FOR PRODUCTION**

Plaintiff Fontainebleau Florida Hotel, LLC d/b/a Fontainebleau Miami Beach ("Plaintiff" or "Hotel"), pursuant to Fed. R. Civ. P. 26 and 34, hereby serves its responses and objections to Defendant Jacob Shmuel Botach's a/k/a "Shmuley Boteach" Sixth Request for Production ("Requests"):

**PRELIMINARY STATEMENT**

The responses set forth below are provided without prejudice to Plaintiff's right to amend these responses if additional documents or information comes to its attention. This reservation, however, is not to be construed as an undertaking by Plaintiff of an affirmative duty to change or supplement these responses, except as otherwise required by law. The fact that Plaintiff has responded to any document request is not intended to be, and shall not be, construed as a waiver of all or part of any objection to any document request. Plaintiff's production of documents in

response to any request is not intended to be, and shall not be, construed as a waiver of any objection to the admissibility and use of any documents at trial, in any other court proceeding, arbitration, mediation, or other alternative dispute resolution in this or any other action. Plaintiff's responses are made without waiving, in any way, the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses. By making these responses, Plaintiff does not concede that the documents sought are relevant or proportional to the needs of this case. Plaintiff's responses and objections on the basis of privilege include all applicable privileges and protections, including the work-product protection.

Plaintiff further notes, for the umpteenth time, that the Requests do not follow in number sequentially from the First Request for Production; *i.e.*, these Requests start at 1. Plaintiff will respond to each Request numbered in the form received.

Finally, Plaintiff notes that it should not be and is not the Hotel's burden to determine which Requests for Production that Defendant has already made. The Requests contained in Defendant's Sixth Request for Production overlap significantly with prior Requests that have already been responded to, prior Requests to which Plaintiff's objections have been sustained, and prior requests that have been objected to without any further action from Botach.

## GENERAL OBJECTIONS

**1. GENERAL OBJECTION**

Plaintiff objects to each Request that seeks production of documents detailing Defendant Botach's own statements. These requests seek information in the possession of, known to, or otherwise equally available to Botach. It is not Plaintiff's burden to compile records of statements Defendant Botach himself made.

**2. GENERAL OBJECTION**

Plaintiff objects to the definition of "Documents" as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it imposes requirements beyond Fed. R. Civ. P. 34 and seeks communications not stored in a reasonably accessible format.

**3. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine, or information subject to protection as trial preparation material, or information protected from discovery by any other applicable privileges, or information that is otherwise immune from discovery. Plaintiff will not produce any information or materials protected by the attorney-client privilege, the work-product doctrine, or other available legal privileges or protections against discovery. Generally, any information within the scope of the engagement of any expert identified by Plaintiff's counsel results precisely from services that were engaged specifically for this litigation or other litigation. As such, the work-product privilege attaches, and is asserted unless specifically waived.

**4. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent that it is not limited to a relevant or reasonable period of time or the time period at issue is overly broad, unduly burdensome, vague, ambiguous, and harassing, in that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**5. GENERAL OBJECTION**

Plaintiff objects to each discovery request that seeks information that is either irrelevant or not proportional. Without waiving this objection, Plaintiff may respond to such requests to the extent that the request seeks relevant information or information reasonably calculated to lead to the discovery of admissible evidence.

**6. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent it seeks discovery that is inconsistent with or enlarges the scope of discovery under the applicable procedural rules.

**7. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent it seeks information or documents regarding the identity of facts known or opinions held by non-testifying experts retained by Plaintiff in anticipation of litigation in violation of the applicable procedural rules.

## <u>RESPONSES TO THE REQUESTS</u>

1. All video footage, recordings, and images of the Incident Location from 11:00 PM on December 1, 2024, to 1:00 AM on December 2, 2024. Please include all video footage from *all cameras* located in the lobby of the Hotel.

**RESPONSE: Plaintiff objects to this Request as outside the scope of discovery. The reopening of discovery was limited to discovery relating to damages. Video recordings of the Incident have no relevance whatsoever to damages stemming from Botach's defamatory statements. Plaintiff further objects to this Request as unnecessary and not proportional**

**because Botach already has surveillance video capturing the entirety of the Incident, which he has repeatedly used during witness depositions without issue.**

**Plaintiff further objects that this Request is duplicative. Botach already requested this information on April 17, 2025 in Request Nos. 1, 2, 3, 4, and 8 of his Second Request for Production and on November 5, 2025 in Request Nos. 1, 2, and 3 of his Fifth Request for Production. Plaintiff's objections to those requests stand and are maintained. Botach did not obtain relief compelling production based on those earlier requests, and he cannot now repeat the requests in an attempt to reopen his window to seek the relief. This issue has been resolved and is final. *See* S.D. Fla. L.R. 26.1(g)(2)(A).**

**Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object." *Id.***

**Plaintiff further objects to this Request for "*all*" such materials as not proportional to the needs of this case and encompassing irrelevant information. The Incident involving Botach was recorded by him, he has already received footage of the Incident, and it lasted about 10 minutes. This request seeks *hours* of footage irrespective of whether it captures anyone related to the case—and such footage certainly would capture private patrons of the Hotel. Additionally, cumulative camera angles of the Incident have no bearing on the issues in this case, which turn on Botach's conduct toward the Hotel *after* the time range set forth in this request.**

**Moreover, the Hotel's security camera angles are protected by the Hotel as a matter of life safety for guests and visitors, including through reflective or tinted shields over the camera lenses. This protects the Hotel's visitors and property from wrongdoers who use knowledge of a property's surveillance capacity to engage in misconduct where the angles do not provide surveillance coverage. Botach already has been provided ample footage, recordings, and images of the Incident, and this request for a play-by-play with additional angles during a timeframe that precedes the conduct at issue is improper, harassing, and will take substantial time and money for Hotel security personnel to obtain and filter to avoid improper sharing of third-party information / identifies. Additionally, as the incident was nearly two years ago, Plaintiff would be required to expend additional time and resources retrieving the data from backup data drives. Finally, even when Botach was provided with footage, he immediately shared it on social media in violation of this Court's Stipulated Protective Order. (ECF No. 32.) The Requests herein further his personal social media vendetta and promise to his social media followers that he will weaponize discovery to obtain and broadcast this confidential information.**

2. All video and audio recordings depicting Defendant entering or leaving the Hotel during the visit associated with the Incident, including responsive footage from entrances, exits, lobbies, valet areas, driveways, and other locations showing his arrival or departure.

**RESPONSE: Same as Response to Request for Production No. 1.**

**As to the Request for any audio recordings, none**.

3. All existing documents recording the loss, deletion, overwriting, corruption, or unavailability of recordings responsive to Requests Nos. 1 and 2, including documents identifying when the recordings became unavailable and the reason.

**RESPONSE: Same as to Response to Request for Production No. 1.**

**Notwithstanding and without waiving these objections, none**.

4. All documents obtained from any source concerning Defendant's interest in the Trust or any related account, including trust instruments, amendments, account statements, accountings, distribution records, withdrawal requests, valuations, and documents concerning Defendant's entitlement or access to trust funds.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.***

**Notwithstanding and without waiving these objections, this information has already been produced**. **No additional documents since that production exist.**

5. All nonprivileged communications between Plaintiff or its counsel, on the one hand, and any trustee, Bar Kochba Botach, Benjamin Kiss, beneficiary, family member, financial institution, or other third party, on the other hand, concerning Defendant's interest in the Trust, trust distributions, withdrawal rights, or access to related accounts.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.***

**Notwithstanding and without waiving these objections, this information has already been produced**. **No additional documents since that production exist**.

6. All documents, recordings, statements, and other materials received by Plaintiff or its counsel from Defendant's family members, trustees, or their representatives concerning Defendant's finances, trust interests, publications, or conduct that Plaintiff contends bears on compensatory or punitive damages in this action.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.***

**Notwithstanding and without waiving these objections, this information has already been produced**. **No additional documents since that production exist**.

7. All existing computations, schedules, spreadsheets, summaries, and supporting records reflecting each category and amount of compensatory damages Plaintiff claims in this action, including the methodology, assumptions, and source data used to calculate those amounts.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.*** **Plaintiff further objects that this Request is duplicative. Botach already requested this information on March 21, 2025 in Request Nos. 39, 40, 41, and 42 of his First Request for Production. Plaintiff's objections to those requests stand and are maintained. Botach did not obtain relief compelling production based on those earlier requests, and he cannot now repeat the requests in an attempt to reopen his window to seek the relief.** ***See*** **Sep. 30, 2026 Hr'g Tr. at 3-9 (Defendant seeking various forms of budgets, reports, and other financials);** ***see also*** **ECF No. 85 at 3-4 (denying Defendant's requests). This issue has been resolved and is final. Plaintiff further objects to this Request as not proportional because the Hotel has already provided the expert report of Shannon Wilkinson, the Hotel's damages expert, which sets forth Plaintiff's claimed compensatory damages and its formulation.**

8. All communications from actual or prospective guests stating that they declined to book, canceled, shortened, or declined to renew a stay because of Defendant's statements, publications, or conduct at issue in this action, together with associated reservation records, refunds, credits, and cancellation charges.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.*** **Plaintiff further objects that this Request is duplicative. Botach already requested this information on March 21, 2025 in Request Nos. 8, 22, 39, 40, 41, 42, and 51 of his First Request for Production and on July 18, 2025 in Request No. 6 of his Third Request for Production. Plaintiff's objections to those requests stand and are maintained. Botach did not obtain relief compelling production based on those earlier requests, and he cannot now repeat the requests in an attempt to reopen his window to seek the relief. This issue has been resolved and is final.** ***See*** **S.D. Fla. L.R. 26.1(g)(2)(A).** ***See*** **Sep. 30, 2026 Hr'g Tr. at 3-9 (Defendant seeking various forms of budgets, reports, and other financials);** ***see also*** **ECF No. 85 at 3-4 (denying Defendant's requests). Notwithstanding and without waiving these objections, communications from actual and prospective guests have already been produced, and no further documents exist.**

9. All documents reflecting the cancellation, reduction, postponement, or loss of any event, conference, wedding, group reservation, or other business opportunity that Plaintiff attributes to Defendant's statements, publications, or conduct, including customer communications, contracts, deposits, refunds, and records supporting the amount claimed.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.*** **Plaintiff further objects that this Request is duplicative. Botach already requested this information on March 21, 2025 in Request Nos. 41, 51, and 52 of his First Request for Production and on July 18, 2025 in Request No. 6 of his Third Request for Production. Plaintiff's objections to those requests stand and are maintained. Botach did not obtain relief compelling production based on those earlier requests, and he cannot now repeat the requests in an attempt to reopen his window to seek the relief. This issue has been resolved and is final.** ***See*** **S.D. Fla. L.R. 26.1(g)(2)(A).** ***See*** **Sep. 30, 2026 Hr'g Tr. at 3-9 (Defendant seeking various forms of budgets, reports, and other financials);** ***see also*** **ECF No. 85 at 3-4 (denying Defendant's requests).**

10. All documents concerning business Plaintiff contends it lost because of Defendant's statements, publications, or conduct, including prospective bookings, customer accounts, commercial relationships, and repeat business, together with records supporting the claimed loss and its attribution to Defendant.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.*** **Plaintiff further objects that this Request is duplicative. Botach already requested this information on March 21, 2025 in Request Nos. 6, 8, 30, 31, 39, 40, 41, and 42 of his First Request for Production and on July 18, 2025 in Request No. 6 of his Third Request for Production. Plaintiff's objections to those requests stand and are maintained. Botach did not obtain relief compelling production based on those earlier requests, and he cannot now repeat the requests in an attempt to reopen his window to seek the relief. This issue has been resolved and is final.** ***See*** **S.D. Fla. L.R. 26.1(g)(2)(A).** ***See*** **Sep. 30, 2026 Hr'g Tr. at 3-9 (Defendant seeking various forms of budgets, reports, and other financials);** ***see also*** **ECF No. 85 at 3-4 (denying Defendant's requests).**

**Plaintiff objects further on the ground that its financial information is highly sensitive and confidential and protected from disclosure. Botach has failed to make a requisite showing that such information is necessary to defend himself and no alternative or less invasive source of information is available to Botach. Moreover, Botach has previously publicly disseminated information that was to be protected as "Attorneys' Eyes Only" under the Court's protective order. Plaintiff objects because this request is designed to threaten and harass Plaintiff into abandoning the merits of its claims to avoid the risk of disclosing highly sensitive and confidential information. Plaintiff further objects that this request is not proportional to the needs of this case to the extent it seeks years' worth of audited and unaudited financial statements without any limitation. No interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Request to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims.**

11. Documents sufficient to substantiate the revenue losses or lost profits claimed in this action, including the relevant revenue reports, occupancy reports, event-sales reports, budgets, forecasts, and expense records used to calculate those losses.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.*** **Plaintiff further objects that this Request is duplicative. Botach already requested this information on March 21, 2025 in Request Nos. 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, and 57 of his First Request for Production and on July 18, 2025 in Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of his Third Request for Production. Plaintiff's objections to those requests stand and are maintained. Botach did not obtain relief compelling production based on those earlier requests, and he cannot now repeat the requests in an attempt to reopen his window to seek the relief. This issue has been resolved and is final.** ***See*** **S.D. Fla. L.R. 26.1(g)(2)(A).** ***See*** **Sep. 30, 2026 Hr'g Tr. at 3-9 (Defendant seeking various forms of budgets, reports, and other financials);** ***see also*** **ECF No. 85 at 3-4 (denying Defendant's requests).**

**Plaintiff objects further on the ground that its financial information is highly sensitive and confidential and protected from disclosure. Botach has failed to make a requisite showing that such information is necessary to defend himself and no alternative or less invasive source of information is available to Botach. Moreover, Botach has previously publicly disseminated information that was to be protected as "Attorneys' Eyes Only" under the Court's protective order. Plaintiff objects because this request is designed to threaten and harass Plaintiff into abandoning the merits of its claims to avoid the risk of disclosing highly sensitive and confidential information. Plaintiff further objects that this request is not proportional to the needs of this case to the extent it seeks years' worth of audited and unaudited financial statements without any limitation. No interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Request to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims.**

12. All customer complaints, reviews, surveys, market research, reputation assessments, and other documents upon which Plaintiff relies to establish injury to its reputation or goodwill resulting from Defendant's statements, publications, or conduct.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.*** **Plaintiff further objects that this Request is duplicative. Botach already requested this information on March 21, 2025 in Request Nos. 7, 9, 10, 16, and 40 of his First Request for Production. Plaintiff's objections to those requests stand and are maintained. Botach did not obtain relief compelling production based on those earlier requests, and he cannot now repeat the requests in an attempt to reopen his window to seek the relief. This**

**issue has been resolved and is final. *See* S.D. Fla. L.R. 26.1(g)(2)(A). Plaintiff further objects to this Request as not proportional because the Hotel has already provided the expert report of Shannon Wilkinson, the Hotel's damages expert, which sets forth Plaintiff's claimed compensatory damages and its formulation.**

13. All nonprivileged internal communications, reports, and analyses evaluating whether Defendant's statements, publications, or conduct caused lost business, reputational harm, or other damages, including assessments that found no measurable loss or questioned the amount or cause of any claimed loss.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object." *Id.* Notwithstanding and without waiving these objections, these documents have already been produced pursuant to Request Nos. 7 and 21 of Botach's March 21, 2025 First Request for Production, subject to the attorney-client and work-product privileges specified in the Hotel's May 6, 2025 Responses and Objections to the First Request for Production. No responsive documents other than those already produced exist.**

14. All documents used or considered in assessing whether factors other than Defendant's statements, publications, or conduct contributed to the business losses claimed in this action, including relevant comparisons to historical performance, budgets, market conditions, or comparable properties.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object." *Id.* Plaintiff further objects that this Request is duplicative. Botach already requested this information on March 21, 2025 in Request Nos. 7, 8, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, and 57 of his First Request for Production and on July 18, 2025 in Request Nos. 4, 5, 6, and 7 of his Third Request for Production. Plaintiff's objections to those requests stand and are maintained. Botach did not obtain relief compelling production based on those earlier requests, and he cannot now repeat the requests in an attempt to reopen his window to seek the relief. This issue has been resolved and is final. *See* S.D. Fla. L.R. 26.1(g)(2)(A). *See also* Sep. 30, 2026 Hr'g Tr. at 3-9 (Defendant seeking various forms of budgets, reports, and other financials); *see also* ECF No. 85 at 3-4 (denying Defendant's requests).**

**Plaintiff objects further on the ground that its financial information is highly sensitive and confidential and protected from disclosure. Botach has failed to make a requisite showing that such information is necessary to defend himself and no alternative or less invasive source of information is available to Botach. Moreover, Botach has previously publicly disseminated information that was to be protected as "Attorneys' Eyes Only" under the Court's protective order. Plaintiff objects because this request is designed to threaten and harass Plaintiff into abandoning the merits of its claims to avoid the risk of disclosing**

**highly sensitive and confidential information. Plaintiff further objects that this request is not proportional to the needs of this case to the extent it seeks years' worth of audited and unaudited financial statements without any limitation. No interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Request to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims.**

15. All documents supporting expenses Plaintiff claims it incurred to mitigate or address the alleged harm, including public-relations services, advertising, reputation-management services, security measures, and customer outreach, together with invoices, payment records, and documents explaining their connection to Defendant's conduct.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.*** **Plaintiff further objects that this Request is duplicative. Botach already requested this information on March 21, 2025 in Request Nos. 39 and 42 of his First Request for Production. Plaintiff's objections to those requests stand and are maintained. Botach did not obtain relief compelling production based on those earlier requests, and he cannot now repeat the requests in an attempt to reopen his window to seek the relief. This issue has been resolved and is final.** ***See*** **S.D. Fla. L.R. 26.1(g)(2)(A).** ***See also*** **Sep. 30, 2026 Hr'g Tr. at 3-9 (Defendant seeking various forms of budgets, reports, and other financials);** ***see also*** **ECF No. 85 (denying Defendant's requests). Plaintiff further objects to this Request as not proportional because the Hotel has already provided the expert report of Shannon Wilkinson, the Hotel's damages expert, which sets forth Plaintiff's claimed compensatory damages and its formulation.**

16. All nonprivileged documents supporting any contention that Defendant's statements, publications, or conduct caused threats, harassment, or safety concerns for Hotel guests, employees, or representatives that Plaintiff relies upon in seeking compensatory or punitive damages, including contemporaneous reports and records of resulting expenses.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.*** **Plaintiff further objects that this Request is duplicative. Botach already requested this information on March 21, 2025 in Request Nos. 11, 13, 31, 36, and 37 of his First Request for Production. Plaintiff's objections to those requests stand and are maintained. Botach did not obtain relief compelling production based on those earlier requests, and he cannot now repeat the requests in an attempt to reopen his window to seek the relief. This issue has been resolved and is final.** ***See*** **S.D. Fla. L.R. 26.1(g)(2)(A).**

17. All nonprivileged documents Plaintiff intends to rely upon to establish the reprehensibility, repetition, duration, intent, or financial motivation of Defendant's conduct for purposes of punitive damages, including documents supporting any asserted exception to a statutory punitive-damages limitation.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.*** **Plaintiff further objects to the Request as calling for documents protected by the work-product doctrine and attorney-client protections. Plaintiff further objects that this Request calls for documents currently in Botach's custody, care, and control that he himself is under a continuing obligation to produce to Plaintiff under Request Nos. 1, 6, 7, and 8 of Plaintiff's June 18, 2025 First Request for Production.**

18. All nonprivileged communications by Plaintiff or its representatives to news organizations, public-relations firms, or other third parties disseminating the statements, recordings, or allegations at issue, to the extent those communications concern publicity or reputational harm for which Plaintiff seeks damages.

**RESPONSE: Plaintiff objects to the Request as untimely. Discovery closes on November 9, 2026. The Request was served on October 23, 2026. Discovery requests must be served with sufficient time so that responses are due within the discovery period. S.D. Fla. L.R. 26.1(d). Failure to timely make discovery requests "obviates the need to respond or object."** ***Id.*** **Plaintiff further objects to the Request as vague. Notwithstanding and without waiving these objections, none.**

Dated: October 30, 2026
Miami, Florida

Respectfully submitted,

**BURSTYN LAW PLLC**

By: /s/ *Andrei F. Dambuleff*
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
docketing@burstynlaw.com
Andrei F. Dambuleff, Esq.
Florida Bar No. 1021160
andrei.dambuleff@burstynlaw.com
1101 Brickell Avenue, Suite S-700
Miami, Florida 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*
*d/b/a Fontainebleau Miami Beach*