IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, *a foreign limited liability company,*

CASE NO.: 1:25-cv-20251-KMM

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," *an individual*, and John Does 1-10,

Defendants.
_______________________________________/

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION**

Plaintiff Fontainebleau Florida Hotel, LLC d/b/a Fontainebleau Miami Beach ("Plaintiff"), by and through undersigned counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby serves its responses and objections ("Responses") to Defendant Jacob Shmuel Botach's a/k/a "Shmuley Boteach" ("Defendant") Request for Production ("Requests").

**PRELIMINARY STATEMENT**

The responses set forth below are provided without prejudice to Plaintiff's right to amend these responses if additional documents or information comes to its attention. This reservation, however, is not to be construed as an undertaking by Plaintiff of an affirmative duty to change or supplement these responses, except as otherwise required by law. The fact that Plaintiff has responded to any document request is not intended to be, and shall not be, construed as a waiver of all or part of any objection to any document request. Plaintiff's production of documents in response to any request is not intended to be, and shall not be, construed as a waiver of any

objection to the admissibility and use of any documents at trial, in any other court proceeding, arbitration, mediation, or other alternative dispute resolution in this or any other action. Plaintiff's responses are made without waiving, in any way, the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses. By making these responses, Plaintiff does not concede that the documents sought are relevant or proportional to the needs of this case. Plaintiff's responses and objections on the basis of privilege include all applicable privileges and protections, including the work-product protection.

## GENERAL OBJECTIONS

### 1. GENERAL OBJECTION

Plaintiff objects to each Request that seeks production of documents detailing Defendant Boteach's own statements. These requests seek information in the possession of, known to, or otherwise equally available to Defendant Boteach. It is not Plaintiff's burden to compile records of statements Defendant Boteach himself made.

### 2. GENERAL OBJECTION

Plaintiff object to the definition of "Documents" as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it imposes requirements beyond Fed. R. Civ. P. 34 and seeks communications not stored in a reasonably accessible format.

### 3. GENERAL OBJECTION

Plaintiff objects to each discovery request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or information subject to protection as trial preparation material, or information protected from discovery by any other applicable privileges, or information which is otherwise immune from discovery. Plaintiff will not produce any information or materials protected by the attorney client privilege, the work product doctrine or other available legal privileges or protections against discovery. Generally, any information within the scope of the engagement of any expert identified by Plaintiff's counsel results precisely from services which were engaged specifically for this litigation or other litigation. As such, the work-product privilege attaches, and is asserted unless specifically waived.

**4. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent that it is not limited to a relevant or reasonable period of time or the time period at issue is overly broad, unduly burdensome, vague, ambiguous and harassing, in that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**5. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent it calls for information or documents already in the public domain, already in Defendant Boteach's possession, custody or control, or equally available to him.

**6. GENERAL OBJECTION**

Plaintiff objects to each discovery request that seeks information that is either irrelevant to this action or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff will respond to such requests to the extent that the request seeks relevant information or information reasonably calculated to lead to the discovery of admissible evidence.

**7. GENERAL OBJECTION**

Plaintiff objects to each discovery request, or portion thereof, that is over broad, unduly burdensome, harassing, unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

**8. GENERAL OBJECTION**

The Plaintiff objects to each discovery request to the extent it seeks discovery that is inconsistent with or enlarges the scope of discovery under the applicable procedural rules.

**9. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent it seeks information or documents regarding the identity of facts known or opinions held by non-testifying experts retained by Plaintiff in anticipation of litigation in violation of the applicable procedural rules.

**10. GENERAL OBJECTION**

Plaintiff objects to any discovery request that is not relevant or not reasonably calculated to lead to admissible evidence, including, but not limited to, prior judgments, prior insurance claims, bankruptcy information, or tax data of any sort, absent a proffer related to the pleadings making such an inquiry relevant upon an evidentiary hearing.

**11. GENERAL OBJECTION**

Plaintiff objects to any Request seeking discovery related to or from any non-party.

## RESPONSES TO THE REQUESTS

Plaintiff responds to Defendant's Requests as follows:

1. All documents which refer or relate to any statements Plaintiff alleges Defendant made which was defamatory otherwise constitutes a basis for defamation per se and/or ordinary deformation, including, but not limited to any postings, comments, statements, or other communications on any social media platform (including Facebook, Instagram, X, etc.) or other Internet medium.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control.

2. All documents which refer or relate to any statements Plaintiff alleges Defendant made that "he was denied entry to the Hotel because he is too Jewish" [see Amended Complaint, ¶¶ 69, 71, 73, 87, 89, 91], including, but not limited to but not limited to [sic] any postings, comments, statements, or other communications on any social media platform (including Facebook, Instagram, X, etc.) or other Internet medium.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "any postings, comments, statements, or other communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

3. All documents which refer or relate to any alleged statement by Defendant that Plaintiff either refused to cooperate with or obstructed law enforcement regarding the investigation of the Incident [see Amended Complaint, ¶¶ 48, 69, 74, 76, 87, 92, 94], including, but not limited to, any postings, comments, statements, or other communications on any social media platform (including Facebook, Instagram, X, etc.) or other Internet medium.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "any postings, comments, statements, or other communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

4. All documents which refer or relate to Plaintiff's allegation that it "never 'refused' to cooperate with law enforcement, as Defendant falsely claimed" and "Plaintiff cooperated with local and federal law enforcement at all material times" [see Amended Complaint, ¶ 76] including, but not limited to, any and all communications between defendant and any state or federal law enforcement agency, entity, and/or authority.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce responsive nonprivileged documents, if any, in its possession, custody, or control.

However, to the extent this Request seeks documents subject to attorney-client privilege or the work-product doctrine, Plaintiff will withhold from production any communications between or among Plaintiff's representatives and counsel regarding Defendant Boteach, the Incident, or this action and any communications from Plaintiff's representatives made at the direction of counsel. Plaintiff will also withhold documents created in anticipation of this litigation and communications made in anticipation of this litigation. Plaintiff will compile and serve a Privilege Log.

5. All documents which refer or relate to any alleged statement by Defendant accusing (or otherwise suggesting) Fontainebleau and its representatives of racism and/or anti-Semitism, including, but not limited to, "falsely accusing the Hotel of affirmatively denying antisemitism, actually supporting antisemitism, acting in a manner consistent with Nazi collaborators and embracing Jewish genocide [see Amended Complaint, ¶¶ 46, 47], including, but not limited to, any postings, comments, statements, or other communications on any social media platform (including Facebook, Instagram, X, etc.) or other Internet medium.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "any postings, comments, statements, or other communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

6. All documents which refer or relate to Defendant allegedly interfering with any business relationship of Plaintiff, including, but not limited to documents, documents sufficient to show the identity of the individual or business with whom Plaintiff interfered; how specifically Defendant interfered with that relationship (including all statements and acts by Defendant); any amount and nature of any damage Defendant caused by the interference; all persons with knowledge of these facts; and all documents evidencing or otherwise relating to these facts.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce responsive nonprivileged documents, if any, in its possession, custody, or control.

However, to the extent this Request seeks documents subject to attorney-client privilege or the work-product doctrine, Plaintiff will withhold from production any communications between or among Plaintiff's representatives and counsel regarding Defendant Boteach, the Incident, or this action and any communications from Plaintiff's representatives made at the direction

of counsel. Plaintiff will also withhold documents created in anticipation of this litigation and communications made in anticipation of this litigation. Plaintiff will compile and serve a Privilege Log.

7. All documents which refer or relate to Plaintiff's allegations that defendant statements "naturally and proximately resulted in injury to Plaintiff", including but not limited to injuring Plaintiffs "good name and reputation and substantially impair its ability to conduct business" and "harmed Plaintiff's business, reputation, customer relationships, and business goodwill" [see Amended Complaint, ¶ 79]. Please include all financial and accounting records showing any type of economic or financial injury.

**RESPONSE:** *See* Response to Request No. 6.

8. All documents which refer or relate to Plaintiff's allegations that Defendant caused Plaintiff to lose customers or caused damage to Plaintiff's customer relationships as a result of any of the conduct alleged in the Amended Complaint, including, but not limited to, documents sufficient to show the identity of the customer allegedly lost; the amount of revenue and profits lost; all persons with knowledge of these facts; all documents evidencing or otherwise relating to these alleged facts. Please include all financial and accounting records showing any type of economic and financial injury.

**RESPONSE:** *See* Response to Request No. 6.

9. All documents which refer or relate to Plaintiff's allegations any customer of Plaintiff (past or existing) that was aware of any of Defendant's alleged defamatory or other statements alleged in the Amended Complaint, including, but not limited to, documents sufficient to show the identity of the customer; documents containing the statements made by Defendant; all communications relating to these allegations; and all social media communications (including posts, comments, replies, messages, and any other communication on social media) relating to these statements.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "any postings, comments, statements, or other communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

10. All documents which refer or relate to Plaintiff's allegations that "several individuals on social media sites, including Instagram, X, and Facebook, have written that their perception of Plaintiff has been negatively influenced by Defendant Boteach's false statements about Plaintiff's response to the Incident" [see Amended Complaint, ¶ 81], including, but not limited to, documents sufficient to show the identity of these individuals; documents sufficient to show the identity and location of these writings; all communications relating to these allegations; and all social media communications (including posts, comments, replies, messages, and any other communication on social media) relating to these statements.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all communications" and "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

11. All documents which refer or relate to Plaintiff's allegations that "Within hours, Defendant Boteach posted an edited video of the exchange on Instagram and began his campaign of threats against the Hotel, its ownership, its outside lawyer, and its employees — who had nothing to do with the altercation except that Hotel security de-escalated and ended it" [see Amended Complaint, ¶ 29], including, but not limited to, all videos, communications, and social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all videos, communications, and social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

12. All documents which refer or relate to Plaintiff's allegations "In the aftermath of Hotel security ensuring Defendant Boteach's safety, he openly admits that he is on an intentional campaign to cause harm to the Hotel -- a campaign to "Raise Hell and Bankrupt" the Hotel, [see Amended Complaint, ¶ 47], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

13. All documents which refer or relate to Plaintiff's allegations that "To that end, he has falsely accused Plaintiff of engaging in "bigotry, racism, and antisemitism" and threatened to specifically target high-traffic Jewish events at the Hotel with his insults" [see Amended Complaint, ¶ 47], including, but not limited to, all social media communications (including posts,

comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

14. All documents which refer or relate to Plaintiff's allegations that "[t]hese statements taken on their own, expressly and falsely state to the public that the Hotel is a dangerous place, that it supports discrimination, and that its security supports racists" [see Amended Complaint, ¶ 50], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

15. All documents which refer or relate to Plaintiff's allegations "Defendant Boteach admits he has caused the Hotel damage by falsely accusing the Hotel of endorsing antisemitism" [see Amended Complaint, ¶ 53], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

16. All documents which refer or relate to Plaintiff's allegations that "Defendant Boteach's false statement that Plaintiff denied him access to the premises on the basis of his religion had an obvious effect — many individuals now believe Defendant Boteach's lie that Plaintiff denies access to patrons on the basis of their religion and condones antisemitism on its premises" [see Amended Complaint, ¶ 57], including, but not limited to, all social media communications

(including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

17. All documents which refer or relate to Plaintiff's allegations that the defamatory statements were published on Instagram, Facebook, and X, and in fact reached and were accessed by thousands of members of the public" [see Amended Complaint, ¶ 68], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

18. All documents which refer or relate to Plaintiff's allegations that "Defendant Boteach edited a letter that stated he was trespassed because of his threats of litigation by misleadingly deleting from that letter—that he had access to and read—the basis of the trespass (i.e., his threats of litigation) and then he claimed the Hotel trespassed him because he is "too Jewish" (i.e., falsely attributing those words to the Hotel)" [see Amended Complaint, ¶ 71], including, but not limited to, communications, social media communications (including posts, comments, replies, messages, and any other communication on social media), blog posts, comments on internet forums, emails, advertisements, web pages, or any other form of digital or print publication.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "[a]ll documents" related to the specified subjects without regard to their relevance to any party's claims or defenses in this case. This Request calls impermissibly for compilation of any statement made by anyone at any time regarding the described subjects, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

19. All documents which refer or relate to the "Incident" described in the Amended Complaint including, but not limited to, communications, social media communications (including posts,

comments, replies, messages, and any other communication on social media), blog posts, comments on internet forums, emails, advertisements, web pages, or any other form of digital or print publication.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "[a]ll documents" related to the specified subjects without regard to their relevance to any party's claims or defenses in this case. This Request calls impermissibly for compilation of any statement made by anyone at any time regarding the described subjects, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

20. All communications between Plaintiff and Defendant relating to any allegations in the Amended Complaint (including the Incident), including, but not limited to, emails, text messages, and social media communications.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's.

21. All communications between any of Plaintiff's representatives (including employees, agents, officers, managers, and other representatives of Plaintiff) which relate to any allegations in the Amended Complaint (including the Incident), including, but not limited to, emails, text messages, and social media communications.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce responsive, nonprivileged documents.

However, to the extent this Request seeks documents subject to attorney-client privilege or the work-product doctrine, Plaintiff will withhold from production any communications between or among Plaintiff's representatives and counsel regarding Defendant Boteach, the Incident, or this action and any communications from Plaintiff's representatives made at the direction of counsel. Plaintiff will also withhold documents created in anticipation of this litigation and communications made in anticipation of this litigation. Plaintiff will compile and serve a Privilege Log.

22. All communications between Plaintiff and any customers/guests (past, present, or prospective) relating to any allegations in the Amended Complaint (including the Incident), including, but not limited to, emails, text messages, and social media communications.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce responsive, nonprivileged documents. Plaintiff will withhold any communications between Plaintiff and customers/guests made at the direction of counsel.

23. All communications between Plaintiff and any third parties relating to any allegations in the Amended Complaint (including the Incident), including, but not limited to, emails, text messages, and social media communications.

**RESPONSE:** Plaintiff objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "[a]ll documents" related to the specified subjects without regard to their relevance to any party's claims or defenses in this case. This Request calls impermissibly for compilation of any statement the described subjects, and the burden and expense of locating every such statement outweighs the likely benefit of this Request. Plaintiff further objects to this Request as duplicative of other Requests.

24. All communications between Plaintiff and any law enforcement or other government agency relating to any of the allegations in the Amended Complaint (including the Incident), including, but not limited to, emails, letters, text messages, and social media communications.

**RESPONSE:** Plaintiff will produce the subpoena received from the City of Miami Beach Police Department. Otherwise, none.

25. All communications between Plaintiff and the Miami Beach Police Department regarding any of the allegations in the Amended Complaint (including the Incident), including, but not limited to, emails, letters, text messages, and social media communications.

**RESPONSE:** *See* Response to Request No. 24.

26. All communications between Plaintiff and the City of Miami Beach regarding any of the allegations in the Amended Complaint (including the Incident), including, but not limited to, emails, letters, text messages, and social media communications.

**RESPONSE:** *See* Response to Request No. 24.

27. All communications to and/or from Jeffrey Soffer relating to any of the allegations in the Amended Complaint (including the Incident), including, but not limited to, emails, letters, text messages, and social media communications.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce responsive, nonprivileged documents.

However, to the extent this Request seeks documents subject to attorney-client privilege or the work-product doctrine, Plaintiff will withhold from production any communications between or among Mr. Soffer and counsel regarding Defendant Boteach, the Incident, or this action and any communications from Mr. Soffer made at the direction of counsel. Plaintiff will also withhold documents created in anticipation of this litigation and communications made in anticipation of this litigation. Plaintiff will compile and serve a Privilege Log.

28. All communications to and/or from Miriam Adelson relating to any of the allegations in the Amended Complaint (including the Incident), including, but not limited to, emails, letters, text messages, and social media communications.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce responsive, nonprivileged documents that are not already within Defendant Boteach's custody, possession, or control.

However, to the extent this Request seeks documents subject to attorney-client privilege or the work-product doctrine, Plaintiff will withhold from production any communications between or among Ms. Adelson and counsel regarding Defendant Boteach, the Incident, or this action and any communications from Ms. Adelson made at the direction of counsel. Plaintiff will also

withhold documents created in anticipation of this litigation and communications made in anticipation of this litigation. Plaintiff will compile and serve a Privilege Log.

29. All communications to and/or from Phillip Goldfarb relating to any of the allegations in the Amended Complaint (including the Incident), including, but not limited to, emails, letters, text messages, and social media communications.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce responsive, nonprivileged documents.

However, to the extent this Request seeks documents subject to attorney-client privilege or the work-product doctrine, Plaintiff will withhold from production any communications between or among Mr. Goldfarb and counsel regarding Defendant Boteach, the Incident, or this action and any communications from Mr. Goldfarb made at the direction of counsel. Plaintiff will also withhold documents created in anticipation of this litigation and communications made in anticipation of this litigation. Plaintiff will compile and serve a Privilege Log.

30. All documents which refer or relate to Plaintiff's allegations that "Defendant Boteach intentionally interfered with Plaintiff's business relationships with its guests by, inter alia, publishing numerous statements accusing the Hotel of engaging in and/or supporting antisemitism" [see Amended Complaint, ¶ 112], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

31. All documents which refer or relate to Plaintiff's allegations that "Defendant Boteach intentionally interfered with the Hotel's business relationship via the following statements: he distorted a statement of the Hotel to create the false appearance of a Hotel policy to ban Jews; he urged customers of the Hotel to stop doing business with the Hotel and, specifically, to "cancel" any reservations at the Hotel; he published several AI-generated videos of persons affiliated with the Hotel in which he purported to quote them apologizing for the Incident and denying the wrongfulness of antisemitism; he stated "ANY JEW STILL STAYING AT THE [HOTEL] . . . OBVIOUSLY HAS A DEATH WISH. THIS WILL HAPPEN TO YOU AND THERE WILL BE NOONE TO SAVE YOU. #BOYCOTTFONTAINEBLEAU NOW!!" [see Amended Complaint, ¶ 112], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is

disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

32. All documents or materials demonstrating the AI-generated videos of persons affiliated with the Hotel in which Defendant purports to quote them apologizing (i.e., admitting misconduct) and denying the wrongfulness of antisemitism, including, but not limited, to the videos themselves and any documents that support the facts and reasons supporting Plaintiff's assertions that the videos are AI-generated.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach.

33. All documents which refer or relate to Plaintiff's allegations that "[t]wo years ago, Defendant Boteach again recorded a verbal altercation in the lobby of the Hotel, then approached Hotel management seeking compensation to calm the outrage that would follow a social media campaign amplifying the video recording" [see Amended Complaint, ¶ 4], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

34. All documents which refer or relate to Plaintiff's allegations that "While Defendant Boteach publicly claims that in 2023 he proposed aligning with the Hotel in exchange for a commitment to retrain security (which was already provided by the Hotel), Defendant Boteach omits that he also demanded personal lifetime access to the swimming pool and gym at the Hotel (the same place he says is unsafe)" [see Amended Complaint, ¶ 5], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all

social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

35. All documents which refer or relate to Plaintiff's allegations that "Defendant Boteach has posted information about the Hotel's financial transactions in connection with a demand that the Hotel pay him $100 million" [see Amended Complaint, ¶ 9], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

36. All documents which refer or relate to Plaintiff's allegations that "[a]t all hours of the day and night, Defendant Boteach proceeded to harass the Hotel and its representatives. For example, he posted a "headshot" photograph of the head of the Hotel's outside counsel with the words "DIGITALLY DECAPITATED" and later, at 3:49 am, menacingly threatened that counsel was "about to have a really interesting Shabbat" when he arrived at his synagogue, which Defendant Boteach identified by name and location [see Amended Complaint, ¶ 13], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

37. All documents which refer or relate to Plaintiff's allegations that "Defendant Boteach directly contacted counsel's clergy and posted harassing images of them" [see Amended Complaint, ¶ 13], including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff

further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

38. All documents which refer or relate to Plaintiff's allegations that Defendant has engaged in "extortion" and/or "extortionate activities" against the Hotel, including, but not limited to, all social media communications (including posts, comments, replies, messages, and any other communication on social media); communications to and/or from Plaintiff; and communications to and/or from Defendant.

**RESPONSE:** Plaintiff objects to this Request because it seeks information in the possession of, known to, or otherwise equally available to Defendant Boteach; this Request is disproportionate to the needs of this case because Defendant's access to this information is greater than or equal to Plaintiff's. Plaintiff further objects to this Request to the extent it asks that Plaintiff compile documents not currently in its possession, custody, or control. Plaintiff further objects to this Request as overly broad and unduly burdensome because it requests "all social media communications" made by anyone at any time, and the burden and expense of locating every such statement outweighs the likely benefit of this Request.

39. All documents evidencing or otherwise relating to damages Plaintiff claims to have incurred resulting from any acts, omission, and/or conduct by Defendant alleged in the Amended Complaint, including, but not limited to, actual damages, consequential damages, incidental damages, lost profits, lost revenues/sales, lost customers, and/or lost/damaged business relations. Please include financial statements, accounting reports/records, and/or other business records supporting or otherwise relating to these alleged damages.

**RESPONSE:** Plaintiff objects to this Request as overly broad and unduly burdensome because it encompasses "all documents" relating to a wide range of records where a narrower range of records would be sufficient. This Request seeks every type of finance-related record Plaintiff has ever created or caused to be created. Plaintiff further objects to this Request to the extent it prematurely requests information that will be provided in the form of an expert opinion from a potential expert who has not yet been retained.

Notwithstanding and without waiving this objection, *see* Response to Request No. 6.

40. All documents evidencing or otherwise relating to Plaintiff's allegations that "Defendant Boteach's false statements have in fact harmed Plaintiff's sales, reputation, customer relationships, and business goodwill" [see Amended Complaint, ¶ 97], including, but not limited to, actual damages, consequential damages, incidental damages, lost profits, lost revenues/sales, lost customers, lost reservations/bookings, and/or lost or damaged business relations. Please include the following types of documents: financial statements, accounting reports and records, data, and /or other business records supporting or otherwise relating these alleged damages.

**RESPONSE:** Plaintiff objects to this Request as overly broad and unduly burdensome because it encompasses "all documents" relating to a wide range of records where a narrower range of records would be sufficient. This Request seeks every type of finance-related record Plaintiff has ever created or caused to be created. Plaintiff further objects to this Request to the extent it prematurely requests information that will be provided in the form of an expert opinion from a potential expert who has not yet been retained.

Notwithstanding and without waiving this objection, *see* Response to Request No. 6.

41. All documents which refer or relate to Plaintiff's allegations that "[a]s a direct and proximate cause of Defendant Boteach's misconduct, the Hotel has suffered damages with respect to its business relationships. This includes, but is not limited to, canceled (and refunded) guest bookings and canceled (and refunded) event-space reservations" [see Amended Complaint, ¶ 114], including, but not limited to, financial statements, accounting reports and records, data, and/or other business records supporting or otherwise relating these alleged cancelled (and refunded) guest bookings.

**RESPONSE:** Plaintiff objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it encompasses "all documents" relating to a wide range of records where a narrower range of records would be sufficient. This Request seeks every type of finance-related record Plaintiff has ever created or caused to be created. Plaintiff further objects to this Request to the extent it prematurely requests information that will be provided in the form of an expert opinion from a potential expert who has not yet been retained.

Notwithstanding and without waiving this objection, s*ee* Response to Request No. 6.

42. All documents which refer or relate to Plaintiff's allegations any and all damages Plaintiffs are seeking with respect to all claims alleged in the Amended Complaint, including, but not limited to documents relating to the specific types of damages Plaintiff is seeking (for example, lost profits); the amount of damages Plaintiff is seeking (for each type of damage); how Plaintiff has calculated its damages to date; all persons with knowledge of these facts; all documents evidencing or otherwise relating to these alleged facts.

**RESPONSE:** Plaintiff objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it encompasses "all documents" relating to a wide range of records where a narrower range of records would be sufficient. This Request seeks every type of finance-related record Plaintiff has ever created or caused to be created. Plaintiff further objects to this Request to the extent it prematurely requests information that will be provided in the form of an expert opinion from a potential expert who has not yet been retained.

Notwithstanding and without waiving this objection, s*ee* Response to Request No. 6.

43. Plaintiff's federal tax returns from 2022 to present, including all exhibits, schedules, and attachments.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of tax returns along with all supporting documents of those tax returns; no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery.

44. Plaintiff's audited and unaudited financial statements from 2022 to present, including all exhibits, schedules, and attachments.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of audited and unaudited financial statements along with all supporting documents of those tax returns; no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery.

45. Plaintiff's annual profit and loss statements from January 1, 2022 to present.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of profit-and-loss statements; no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery.

46. All documents sufficient to show Plaintiff's monthly sales and revenues on a yearly and monthly basis from January 1, 2022 to present.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of monthly sales and revenues on a yearly and monthly basis no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery.

47. All documents sufficient to show Plaintiff's reservations on a yearly and monthly basis from January 1, 2022 to the present.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of reservations on a yearly and monthly basis no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery.

48. All documents sufficient to show Plaintiff's number of guests/customers on a yearly and monthly basis from January 1, 2022 to the present.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of guest figures on a yearly and monthly basis no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further

objects that this Request seeks prejudgment financial discovery. Plaintiff further objects to this Request as duplicative of Request No. 47.

49. All documents sufficient to show Plaintiff's reservations on a yearly and monthly basis from January 1, 2022 to the present.

**RESPONSE:** Plaintiff objects to this Request on the basis that it is the same as Request No. 47.

50. All documents sufficient to show Plaintiff's occupancy on a yearly and monthly basis from January 1, 2022 to the present.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of occupancy figures on a yearly and monthly basis no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery. Plaintiff further objects to this Request as duplicative of Request No. 47.

51. All documents sufficient to show Plaintiff's canceled reservations/bookings on a yearly and monthly basis from January 1, 2022 to the present, including any canceled or refunded guest bookings and canceled (or refunded) event-space reservations.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of cancellations on a yearly and monthly basis no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery. Plaintiff further objects that this Requests seeks confidential third-party information that Plaintiff is obligated to protect.

52. All documents sufficient to show Plaintiff's refunded guest bookings and event- space reservations a yearly and monthly basis from January 1, 2022 to the present.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of cancellations on a yearly and monthly basis no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery. Plaintiff further objects to this Request to the extent it is duplicative of Request No. 51.

53. All accounting records and other documents sufficient to show Plaintiff's sales and revenues yearly and monthly basis from January 1, 2022 to the present.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of sales and revenues on

a yearly and monthly basis no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery. Plaintiff further objects to this Request to the extent it is duplicative of Request No. 46.

54. All balance sheet accounts listing assets, liabilities, and owner equity utilized by the Plaintiff on a monthly, quarterly, and annual basis.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of balance sheets on a yearly, monthly, and quarterly basis; no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery.

55. All income statements and similar accounting reports, including operating revenue, operating expenses, non-operating revenue and gains, non-operating expenses and losses on a monthly, quarterly and annual basis.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of accounting reports on a yearly, monthly, and quarterly basis; no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery.

56. Accounting records and other documents sufficient to show the amount of sales Plaintiff generated per customer from 2022.

**RESPONSE:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years of granular accounting records; no interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery.

57. All documents which refer or relate to any sales, revenue, and/or reservation forecasting or predictions Plaintiff prepared for any time period after December 1, 2024.

**RESPONSE:** Plaintiff further objects to this Requests to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery.

58. All documents sufficient to show the membership of the board of directors and officers of Plaintiff from 2020 to the present, including, but not limited to, articles of incorporation, bylaws, resolutions, operating agreements, filings with the Secretary of State, and similar documents.

**RESPONSE:** Plaintiff objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "[a]ll documents" related to the specified subjects without regard to their relevance to any party's claims or defenses in this case. None of the documents sought in this Request is relevant to any party's claims or defenses.

59. All organizational charts and similar documents showing what individuals are managing and operating Plaintiff, including, but not limited to their names, positions, and responsibilities.

**RESPONSE:** Plaintiff objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "[a]ll . . documents" related to the specified subjects without regard to their relevance to any party's claims or defenses in this case. None of the documents sought in this Request is relevant to any party's claims or defenses.

60. All documents sufficient to show the ownership of Plaintiff.

**RESPONSE:** Plaintiff objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "[a]ll documents" related to the specified subjects without regard to their relevance to any party's claims or defenses in this case. None of the documents sought in this Request is relevant to any party's claims or defenses.

Dated: May 6, 2025

Respectfully submitted,

**BURSTYN LAW PLLC**

By: *<u>/s/ Sean A. Burstyn</u>*
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
Sean.burstyn@burstynlaw.com
1101 Brickell Avenue
Suite S-700
Miami, Florida 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*
*d/b/a Fontainebleau Miami Beach*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FONTAINEBLEAU FLORIDA HOTEL, LLC d/b/a FONTAINEBLEAU MIAMI BEACH, *a foreign limited liability company,*

Plaintiff,

CASE NO.: 1:25-cv-20251-KMM

v.

JACOB SHMUEL BOTACH a/k/a "SHMULEY BOTEACH," *an individual*, and John Does 1-10,

Defendants.
_______________________________________/

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S THIRD REQUEST FOR PRODUCTION**

Plaintiff Fontainebleau Florida Hotel, LLC d/b/a Fontainebleau Miami Beach ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 26 and 34 of the, serves its responses and objections ("Responses") to Defendant Jacob Shmuel Botach's a/k/a "Shmuley Boteach" ("Defendant Boteach") Third Request for Production ("Third Requests").

**PRELIMINARY STATEMENT**

These Responses are provided without prejudice to Plaintiff's right to amend these Responses if additional documents or information comes to its attention. This reservation, however, is not to be construed as an undertaking by Plaintiff of an affirmative duty to change or supplement these Responses, except as otherwise required by law. The fact that Plaintiff responded to any document request is not intended to be, and shall not be, construed as a waiver of all or part of any objection to any document request. Plaintiff's production of documents in response to any request is not intended to be, and shall not be, construed as a waiver of any objection to the

admissibility and use of any documents at trial, in any other court proceeding, arbitration, mediation, or other alternative dispute resolution in this or any other action. Plaintiff's responses are made without waiving, in any way, the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these Responses. By making these Responses, Plaintiff does not concede that the documents sought are relevant or proportional to the needs of this case. Plaintiff's responses and objections on the basis of privilege include all applicable privileges and protections, including the work-product protection.

Plaintiff further notes that the Third Requests do not follow in number sequentially from the First or Second Request for Production; *i.e.* these Third Requests start at 1. Plaintiff will respond to each Third Request numbered in the form received.

## GENERAL OBJECTIONS

**1. GENERAL OBJECTION**

Plaintiff objects to each Request that seeks production of documents detailing Defendant Boteach's own statements. These requests seek information in the possession of, known to, or otherwise equally available to Defendant Boteach. It is not Plaintiff's burden to compile records of statements Defendant Boteach himself made.

**2. GENERAL OBJECTION**

Plaintiff object to the definition of "Documents" as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it imposes requirements beyond Fed. R. Civ. P. 34 and seeks communications not stored in a reasonably accessible format.

**3. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, information subject to protection as trial preparation material, information protected from discovery by any other applicable privileges, or information which is otherwise immune from discovery. Plaintiff will not produce any information or materials protected by the attorney client privilege, the work product doctrine or other available legal privileges or protections against discovery, and any such production is inadvertent, unintentional, and involuntary. Plaintiff reserves the right to clawback any inadvertently disclosed protected information. Generally, any information within the scope of the engagement of any expert identified by Plaintiff's counsel

results precisely from services which were engaged specifically for this litigation or other litigation. As such, the work-product privilege attaches, and is asserted unless specifically waived.

**4. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent that it is not limited to a relevant or reasonable period of time or the time period at issue is overly broad, unduly burdensome, vague, ambiguous and harassing, in that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**5. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent it calls for information or documents already in the public domain, already in Defendant Boteach's possession, custody or control, or equally available to him.

**6. GENERAL OBJECTION**

Plaintiff objects to each discovery request that seeks information that is either irrelevant to this action or not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, prior insurance claims, bankruptcy information, or tax data of any sort, absent a proffer related to the pleadings making such an inquiry relevant. Without waiving this objection, Plaintiff will respond to such requests to the extent that the request seeks relevant information or information reasonably calculated to lead to the discovery of admissible evidence.

**7. GENERAL OBJECTION**

Plaintiff objects to each discovery request, or portion thereof, that is over broad, unduly burdensome, harassing, unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

**8. GENERAL OBJECTION**

The Plaintiff objects to each discovery request to the extent it seeks discovery that is inconsistent with or enlarges the scope of discovery under the applicable procedural rules.

**9. GENERAL OBJECTION**

Plaintiff objects to each discovery request to the extent it seeks information or documents regarding the identity of facts known or opinions held by non-testifying experts retained by Plaintiff in anticipation of litigation in violation of the applicable procedural rules.

**10. GENERAL OBJECTION**

Plaintiff objects to any Request seeking discovery related to or from any non-party.

## <u>RESPONSES TO THE THIRD REQUESTS</u>

Plaintiff responds to Defendant's Third Requests, numbered as they were served, as follows:

1. All audited and unaudited financial statements for the years 2022, 2023, and 2024.

**RESPONSE**: Plaintiff objects to this Request as duplicative of Request No. 44 of Defendants First RFP and Plaintiff's objections are incorporated herein. This information is irrelevant because the Plaintiff's financial wellbeing is not at issue in this case. Plaintiff's claims for damage concern the amount of increased marketing that Plaintiff will spend to remediate as a direct and proximate result of Defendant Boteach's incessant defamatory campaign against Plaintiff, designed to shakedown Plaintiff, such as when Defendant Boteach demanded $100 million from Plaintiff and then $1 million to stop him from defaming Plaintiff.

Plaintiff objects on the ground that its financial information is highly sensitive and confidential and protected from disclosure. Defendant Boteach has failed to make a requisite showing that such information is necessary to defend himself and no alternative or less invasive source of information is available to Defendant Boteach. Moreover, Defendant Boteach has previously publicly disseminated information that was to be protected as "Attorneys' Eyes Only" under the Court's protective order.

Plaintiff objects because this request is designed to threaten and harass Plaintiff into abandoning the merits of its claims to avoid the risk of disclosing highly sensitive and confidential information.

Plaintiff further objects that the term "financial statements" is undefined and vague, that this request is not proportional to the needs of this case to the extent it seeks three years' worth of audited and unaudited financial statements without any limitation as to what constitutes a financial statement. No interpretation of Plaintiff's claims relating to December 2024 would encompass this level of detail. Plaintiff further objects to this Request to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that the Request seeks prejudgment financial discovery.

2. All audited and unaudited financial statements for 2025, including all monthly statements.

**RESPONSE**: *See* Response to Third Request No. 1.

3. Plaintiff's federal tax returns for the years 2022, 2023, and 2024.

**RESPONSE**: *See* Response to Third Request No. 1.

4. All STAR, STR, and similar reports sufficient to show Plaintiffs' performance metrics from January 1, 2022, to the present, including occupancy rates, average daily rate, revenue per room, and cancellations.

**RESPONSE**: Plaintiff objects to this Request as duplicative of Request Nos. 50, 51, 55 and 56 of Defendants First RFP and Plaintiff's objections are incorporated herein. Plaintiff objects to "performance metrics" as undefined and vague. Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case. As Plaintiff has repeatedly explained, its damages do not include lost profits related to specific guest cancellations. No interpretation of Plaintiff's claims relating to December 2024 would encompass the need for exhaustive room- and guest-related financial information.

Plaintiff objects on the ground that its financial information is highly sensitive and confidential and protected from disclosure. Defendant Boteach has failed to make a requisite showing that such information is necessary to defend himself and no alternative or less invasive source of information is available to Defendant Boteach. Moreover, Defendant Boteach has previously publicly disseminated information that was to be protected as "Attorneys' Eyes Only" under the Court's protective order.

Plaintiff objects because this request is designed to threaten and harass Plaintiff into abandoning the merits of its claims to avoid the risk of disclosing highly sensitive and confidential information, including trade secret information.

Plaintiff further objects to this Request to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects to the Request to the extent it seeks prejudgment financial information.

5. All yearly and monthly reports from January 1, 2022, to the present sufficient to show him Plaintiffs' performance metrics, including occupancy rates, average daily rate, revenue per room, and cancellations.

**RESPONSE**: *See* Response to Third Request No. 4.

6. All yearly and monthly reports from January 1, 2022, to the present sufficient to show cancelled reservations specific to guests and groups, including reports sufficient to show what individuals and/or groups did not show up, detailed schedule of events cancelled, the contracts (or confirmations) with the customers, amounts deposited, and any deposits refunded.

**RESPONSE**: Plaintiff objects to this Request as duplicative of Request Nos. 41 and 51 of Defendant's First RFP and Plaintiff's objections are incorporated herein. Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case. As Plaintiff has repeatedly explained, its damages model does not include lost profits related to specific guest cancellations. No interpretation of Plaintiff's

claims relating to December 2024 would encompass the need for exhaustive room- and guest-related financial information.

Plaintiff objects on the ground that its financial information is highly sensitive and confidential and protected from disclosure. Defendant Boteach has failed to make a requisite showing that such information is necessary to defend himself and no alternative or less invasive source of information is available to Defendant Boteach. Moreover, Defendant Boteach has previously publicly disseminated information that was to be protected as "Attorneys' Eyes Only" under the Court's protective order.

Plaintiff objects because this request is designed to threaten and harass Plaintiff into abandoning the merits of its claims to avoid the risk of disclosing highly sensitive and confidential information, including trade secret information.

Plaintiff further objects to this Request to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects to the Request to the extent it seeks prejudgment financial information.

7. All annual budgets for the years 2022 to 2025.

**RESPONSE**: *See* Response to Third Request No. 6.

8. All documents sufficient to show Plaintiffs' profits on a yearly basis for the years 2022, 2023 and 2024.

**RESPONSE**: Plaintiff objects to this Request as duplicative of Request No. 45 of Defendant's First RFP and Plaintiff's objections are incorporated herein. Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks three years' worth of profit-related documents. Plaintiff's profits are not relevant to its claims, which do not seek lost profits. Plaintiff seeks to recover the increased marketing expenditures incurred as a direct and proximate result of Defendant Boteach's incessant defamatory campaign against Plaintiff, designed to shakedown Plaintiff, including when Defendant Boteach demanded $100 million from Plaintiff.

Plaintiff objects on the ground that its financial information is highly sensitive and confidential and protected from disclosure. Defendant Boteach has failed to make a requisite showing that such information is necessary to defend himself and no alternative or less invasive source of information is available to Defendant Boteach. Moreover, Defendant Boteach has previously publicly disseminated information that was to be protected as "Attorneys' Eyes Only" under the Court's protective order.

Plaintiff objects because this request is designed to threaten and harass Plaintiff into abandoning the merits of its claims to avoid the risk of disclosing highly sensitive and confidential information, including trade secret information.

Plaintiff further objects to this Request to the extent it seeks information that is not maintained in the ordinary course of business and/or is private, confidential, proprietary business information not relevant to the claims. Plaintiff further objects that this Request seeks prejudgment financial discovery.

9. All documents sufficient to show Plaintiffs' profits on a monthly basis since January 1, 2025.

**RESPONSE**: *See* Response to Third Request No. 8.

10. All documents sufficient to show Plaintiffs' revenues on a yearly basis for the years 2022, 2023 and 2024.

**RESPONSE**: Plaintiff objects to this Request as duplicative of Request No. 55 of Defendant's First RFP and Plaintiff incorporates its objections herein. Plaintiff further incorporates its Response to Third Request No. 8.

11. All documents sufficient to show Plaintiffs' revenues on a monthly basis for the months January thru July, 2025.

**RESPONSE**: *See* Response to Third Request No. 10.

Dated: August 19, 2025

Respectfully submitted,

**BURSTYN LAW PLLC**

By: /s/ Sean A. Burstyn
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
Sean.burstyn@burstynlaw.com
1101 Brickell Avenue
Suite S-700
Miami, Florida 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*
*d/b/a Fontainebleau Miami Beach*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-20251-MOORE/Elfenbein

**FONTAINEBLEAU FLORIDA HOTEL, LLC**,

Plaintiff,

v.

**JACOB SHMUEL BOTACH**, *et al*,

Defendants.
______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on two Notices of Hearing, one filed by Defendant Jacob Shmuel Botach ("Defendant"), ECF No. [55], and one filed by Plaintiff Fontainebleau Florida Hotel, LLC ("Plaintiff"), ECF No. [56]; ECF No. [65].[1] Defendant's Notice of Hearing ("Defendant's Notice"), ECF No. [55], notified the Court that the Parties dispute whether Plaintiff should be required to produce documents responsive to Defendant's Third Request for Production ("Defendant's RFP") Nos. 1–11. *See* ECF No. [55] at ¶1(a). Plaintiff's Notice of Hearing ("Plaintiff's Notice"), ECF No. [65], notified the Court that the Parties dispute whether Defendant should be required to produce the documents responsive to Plaintiff's First Request for Production (Plaintiff's RFP") Nos. 9, 16, and 17. *See* ECF No. [65] at 1-2.

---

[1] Plaintiff filed an Amended Notice of Hearing, ECF No. [65], articulating the same issues as its original Notice of Hearing, ECF No. [56]. Plaintiff notes in the Amended Notice of Hearing that "only Exhibit C has been amended, solely to include three additional documents on which Plaintiff intends to rely at the hearing, and which were not in existence at the time the initial Notice of Hearing was filed on September 15, 2025. Those three additional documents are: (1) Exhibit C.6 – Order denying Defendant's Motion to Dismiss Plaintiff's First Amended Complaint entered September 16, 2025 (ECF No. 57); (2) Exhibit C.7 – Paperless Order denying Defendant's Motion to Strike entered September 18, 2025 (ECF No. 59); and (3) Exhibit C.8 – Email from Defendant's Counsel dated September 18, 2025." *See* ECF No. [65] at n.1.

On September 30, 2025, the Court conducted a hearing via Zoom to address these matters (the "Hearing"). *See* ECF No. [67]. The Court heard argument from both sides concerning Defendant and Plaintiff's Notices. *See* ECF No. [67]. At the Hearing, the Parties made two oral motions: (1) Defendant made an Oral Motion to Compel Documents Responsive to Defendant's RFP Nos. 1-11 ("Defendant's Motion"), ECF No. [83], and (2) Plaintiff made an Oral Motion to Compel Documents Responsive to Plaintiff's RFP Nos. 9, 16, and 17 ("Plaintiff's Motion"), ECF No. [84]. At the Hearing, the Court *sua sponte* raised an additional concern regarding the conduct of Samuel Clifford Feldman, Esq. ("Mr. Feldman"), co-counsel of record for Defendant, based on the documents submitted in Plaintiff's Amended Notice of Hearing, ECF No. [65]. Specifically, the document of concern involved an email exchange between Mr. Feldman, Plaintiff's counsel, and co-counsel for Defendant, which may violate the Florida Rules of Professional Conduct. *See* ECF No. [65-3] at 86-88. At the Hearing, the Court ruled on Plaintiff's Motion to Compel, and took Defendant's Motion to Compel under advisement. To memorialize the oral rulings from the Hearing and to rule on the matter taken under advisement, it is **ORDERED and ADJUGED** as follows:

**A. Plaintiff's Motion to Compel, ECF No. [84]**

For the reasons stated at the Hearing, Plaintiff's Motion to Compel Documents Responsive to Plaintiff's RFP Nos. 9, 16, and 17, **ECF No. [84]**, is **GRANTED**. Defendant **SHALL** produce documents responsive to Plaintiff's RFP Nos. 9, 16, and 17 **on or before October 20, 2025**.

**B. Defendant's Motion to Compel, ECF No. [83]**

Defendant's RFP Nos. 1–11 seek information related to Plaintiff's financials. *See* ECF No. [55-2] at 5. At the Hearing, Defendant argued that Plaintiff's claims for defamation place at issue whether Defendant's actions harmed Plaintiff's reputation. Defendant further argued that the best

way to assess reputational harm is through financial information. Accordingly, Defendant argued that its RFP Nos. 1-11, seeking Plaintiff's financial information, are necessary to show whether Plaintiff's sustained any reputational damages. Plaintiff conceded that, if Plaintiff were seeking damages based on reputational harm, lost profits, or lost bookings, Plaintiff's financial information would be relevant. Plaintiff, however, asserted that it is not seeking such damages. Instead, Plaintiff clarified that its damages theory is limited to remediation costs — specifically, increased marketing expenditures incurred to counteract alleged defamatory conduct. Plaintiff emphasized that its expert's testimony is confined to those marketing-related damages and does not rely on revenue or profitability data. Plaintiff advised the Court that it intended to seek leave to amend its damages allegations by interlineation to remove any claims for reputational harm and lost profits or bookings by the end of that week. The Court took the matter under advisement until the end of the week to await Plaintiff's proposed amendments of the Complaint by interlineation and to receive a copy of the report prepared by Plaintiff's damages expert, which the Court ordered Plaintiff to submit by October 3, 2025. *See* ECF No. [67].

Plaintiff timely submitted the report of its expert and filed a Notice of Filing Plaintiff's Proposed Amendments to its Complaint in which it sought to formally remove claims for reputational harm and lost profits. *See* ECF No. [73]. The undersigned, however, struck that filing as inconsistent with Federal Rule of Civil Procedure 15 and inconsistent with the undersigned's comments during the Hearing. *See* ECF No. [76] ("If Plaintiff wishes to amend its pleading, by interlineation or otherwise, it must file an appropriate motion for leave to amend in compliance with the Federal Rules of Civil Procedure and Local Rules, not a Notice."). As of the date of this Order, Plaintiff has not filed a motion seeking to amend by interlineation.

Nonetheless, the Court has sufficient information on which to rule based on its review of Plaintiff's damages expert report. The report makes calculations based on the "[r]emedial damages for 3-year marketing campaign to repair the Fontainebleau Miami Beach Hotel's brand and image[.]" Specifically, the analysis in Plaintiff's expert report focuses on Defendant's impact and reach on public audiences generally, media commentary against Plaintiff regarding the subject incident and each media outlet's reach, and Defendant's social media posts and reach regarding the subject incident. Ultimately, Plaintiff's damages expert opines that Plaintiff would have to undertake "a three-year advertising, marketing and public relations campaign separate from any unrelated or routine campaigns, to focus on positive image building and reinforcement for the hotel's inclusivity, luxury, safety and appeal, with a segment dedicated to Jewish audiences in America." To support this opinion, she explains the following:

> it takes at least three messages to correct and/or counterbalance one negative or defamatory one. Marketing studies indicate that to counteract negative impressions (such as a bad review or a crisis event), brands must employ consistent, repeated messaging across multiple channels to rebuild familiarity, trust, and preference. Research points to an optimal ad frequency for positive effects, emphasizing that repeated contact is necessary for lasting recall and attitude change. Public relations campaigns are generally long-term engagements when strategically targeting image-building (or in this case, correcting).

As a result, she opines that the remedial marketing costs will be $1 million in the first year, $750,000 in the second year and $500,000 in the third year.

Based on its review of the report, the Court finds that Plaintiff's expert report is confined to marketing-related damages and does not rely on revenue or profitability data or lost bookings. In light of the foregoing, any evidence related to Plaintiff's financials, as sought in RFP Nos. 1-11, are not relevant to the very limited category of damages that Plaintiff seeks in this case. Therefore, Defendant's Motion to Compel Documents Responsive to Defendant's RFP No. 1-11, **ECF No. [83]**, is **DENIED**. With that said, should Plaintiff in the future take a position contrary

to the representations made at the Hearing regarding its damages and seek damages for harm to its reputation, lost revenue, or cancelled bookings, Defendant may renew its motion at such time.

**C. Referral of Attorney Samuel Clifford Feldman to this Court's Disciplinary Committee**

On the day before the Hearing, Plaintiff supplemented its Notice of Hearing with three additional documents that were not available at the time the original Notice of Hearing was filed. Of significance to the discussion that follows is an email sent by Defendant's attorney, Mr. Feldman, to Plaintiff's counsel that raises serious concerns about Mr. Feldman's professionalism, civility, and adherence to the Rules Regulating the Florida Bar. *See* ECF No. [65-3] at 85-91.

To be more specific, on September 18, 2025 at 5:07 p.m., Plaintiff served its First Set of Request for Admissions, Second Set of Interrogatories, and Third Request for Production of Documents on Defendant. *See* ECF No. [65-3] at 88-89. Within 30 minutes of receiving that email, which simply served discovery requests, Mr. Feldman emailed a three-page non-sensical rant to all counsel of record. *See* ECF No. [65-3] at 86-89. Within three hours of this email, Defendant's other attorneys, Matthew Mainen and John Y. Benford, emailed Plaintiff's counsel to advise that neither of them, their law firms, nor their client (the Defendant) authorized the email from Mr. Feldman. *See* ECF No. [65-3] at 85.

In this email, Mr. Feldman proceeds to demand $100 million from Plaintiff in the next 14 days and thereafter continues to discuss the law of extortion in Florida, suggesting that Defendant will be "adding" their "weird Turnberry overlords and private equity daddies" "'to the chat shortly" so it is

> [t]ime for one of those fat checks they are writing to end up in ourrrr [sic] pockets, not yours. Time for me to EXPOSE, EXPOSE, EXPOSE, Jeffrey Soffer. We recently learned some very interesting thingssss [sic] . . . . Hopefully, your insurance carriers will still cover some aspects of the catastrophe to unfold for your clients. . . . I look forward to reading every single word of every single policy related to every single one of the soon-to-be expanded ensemble of named defendants. . . .

*See* ECF No. [65-3] at 87.

In another portion of Mr. Feldman's email, he makes disparaging remarks toward Plaintiff's counsel, saying:

> Okay, fess up: Which first-year over there stuffed some botched prompt into Lexis Protégé, and put personal touches on to further screw up the already-incorrect output? And what partner overbilled to pretend to review it, and thus missed every single, did not correct any single, of the many aspects of and assumptions within your ridiculously wrong (in light of the law) conclusions? In the unlikely chance those over-billing partners actually did review the first-year's junk . . . . . . Wow. Those optics would be quite worse for y'all.

*See* ECF No. [65-3] at 86.

And throughout the email, Mr. Feldman uses inappropriate language, such as "I'm just a guy that knows when some bastion of Corporate America reallyyyyyyy [sic] *shit the bed*"; "[c]onditions which quite conveniently did not touch on discussion of existing policies and procedures, and updates proven necessary by the incidents suffered by Rabbi Shmuley and many other Jews thanks to your *shit* hotel;" and "[s]ilence about warning our fellow community members of the truth that they were not safe to patronize your overrated (meaning it is poorly rated but its rating should be even poorer), overpriced *shitty* hotel, where you use a lot of questionable tactics to try to juice your bottom-lines." *See* ECF No. [65-3] at 86-89 (emphasis added).

Rule 4-8.4(d) of the Rules Regulating the Florida Bar states that a lawyer shall not "engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants . . . witnesses . . . or other lawyers on any basis . . ." The Comments to Rule 4-8.4 explain that "[t]he proscription extends to any characteristic or status that is not relevant to the proof of any legal or factual issue in dispute. Such conduct, when directed towards litigants, . . . witnesses . . . or other lawyers, . . . subverts the administration of justice and undermines the

public's confidence in our system of justice, as well as notions of equality." Attorneys admitted to practice in the Southern District of Florida must adhere to the Rules Regulating the Florida Bar. *See* S.D. Fla. L. R. 11.1(c) ("The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar. For a violation of any of those cannons in connection with any matter pending before this Court, an attorney may be subjected to appropriate disciplinary action."). Indeed, the Local Rules make clear that "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, *professionalism*, and *civility*." See S.D. Fla. L. R., Intro. Stmt. (emphasis added).

Rule 6(c)(1) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys in the Southern District of Florida states as follows: "Any . . . Magistrate Judge . . . may, in the Judge's discretion, refer in writing to the [Ad Hoc] Committee [on Attorney Admissions, Peer Review, and Attorney Grievance] the name of any attorney . . . whose acts or omissions may violate the Standards for Professional Conduct (See Rule 6(b)(2)(A))." In light of this rule and Mr. Feldman's conduct, the Court hereby refers this matter to the Committee. The Court believes that Mr. Feldman's conduct raises a significant question as to whether his conduct has violated the Standards for Professional Conduct.

**DONE AND ORDERED** in Chambers in Miami, Florida on October 10, 2025.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record