**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-20251-KUNTZ/Elfenbein

**FONTAINEBLEAU FLORIDA HOTEL, LLC**,

Plaintiff,

v.

**SHMULEY BOTEACH JACOB**
**A/K/A SHMUEL BOTACH**, *et al.*,

Defendants.
_____________________________________________/

# ORDER AFTER DISCOVERY HEARING

**THIS CAUSE** is before the Court on Plaintiff Fontainebleau Florida Hotel, LLC's ("Plaintiff") Notice of In-Person Hearing, ECF No. [314], and Defendant Jacob Shmuel Botach's ("Defendant") Cross-Notice of Discovery Hearing, ECF No. [316] (collectively, the "Notices"). The Notices alerted the Court that the Parties required assistance resolving several discovery disputes concerning Defendant's compliance with the Court's prior discovery Orders, ECF Nos. [289], [303], and [308], and Plaintiff's responses and objections to Defendant's Sixth Request for Production. *See* ECF Nos. [314], [316].

The Court held a discovery hearing on November 5, 2026 (the "Hearing"). *See* ECF No. [313]. At the Hearing, Plaintiff challenged the sufficiency of Defendant's production of financial documents responsive to Plaintiff's Sixth Request for Production (the "Sixth RFP") and Defendant's production of communications with artificial intelligence ("AI") service providers responsive to Plaintiff's Seventh Request for Production (the "Seventh RFP"). Plaintiff also requested that the Court impose coercive sanctions for Defendant's alleged failure to comply with

its prior Orders. Defendant, in turn, challenged Plaintiff's responses and objections to Defendant's Sixth Request for Production.

The Court ruled on several disputes from the bench and stated on the record its reasons for those rulings. The Court took under advisement the disputes concerning the redactions to Defendant's federal tax returns and whether the financial records of World Values Network are in Plaintiff's possession, custody, or control. Having considered the Parties' arguments and the record, the Court memorializes its rulings below.

## I. Plaintiff's Oral Motion to Compel Compliance with the Court's Prior Discovery Orders, ECF No. [318]

For the reasons stated on the record, Plaintiff's Oral Motion to Compel Compliance with the Court's Prior Discovery Orders is **GRANTED in part**, with certain matters **TAKEN UNDER ADVISEMENT**. Specifically, regarding:

1. **Defendant's 2024 and 2025 Income Tax Returns (Sixth RFP No. 2):** Plaintiff contends that Defendant failed to produce complete copies of his federal income tax returns, including all schedules and attachments, and improperly redacted information beyond that permitted by the Court's prior Order. *See* ECF No. [303] at 5–6. Plaintiff further contends that Defendant failed to produce any responsive state income tax returns. Defendant provided the Court with copies of the redacted and unredacted federal returns for an in camera review. The Court **TAKES UNDER ADVISEMENT** the dispute concerning the permissible redactions and omitted portions of Defendant's federal income tax returns. The Court will review the materials submitted in camera and determine whether additional production is required. As to the state income tax returns, Defendant **SHALL**, to the extent he filed state income tax returns for tax years 2024 and 2025, produce them consistent with

the Court's prior Order. If no state income tax returns have been filed for 2024 or 2025, Defendant **SHALL** clearly state so in his supplemental response.

2. **Defendant's Citibank Account Statements (Sixth RFP No. 1):** Plaintiff challenges the extensive redactions to Defendant's Citibank account statements, including redactions concealing all transactions and transfers. Defendant submitted unredacted statements for the Court's in camera review, which the Court reviewed during the Hearing and concluded the redactions were neither proper nor consistent with the Court's prior Order. Accordingly, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce the Citibank account statements without any redactions to the individual transactions.

3. **Defendant's UBS Account Statements (Sixth RFP No. 1):** Plaintiff seeks unredacted copies of Defendant's UBS account statements, including missing monthly statements and statements for the period following October 2025. Defendant maintains that the funds in the account belong to his wife, notwithstanding Defendant's identification on the account statements. For the reasons stated on the record, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce complete statements for the preceding two years, including the missing March 2025 statement and the monthly statements from November 2025 through October 2026.

4. **Defendant's JP Morgan Chase Retirement Account (Sixth RFP No. 1):** Plaintiff seeks two years of statements concerning Defendant's JP Morgan Chase retirement account. At the Hearing, Defendant represented that he would supplement his production upon obtaining the responsive IRA statements. Consistent with Defendant's representation, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce the responsive retirement-account statements for the preceding two years.

5. **World Values Network Financial Records (Sixth RFP Nos. 3 and 5):** Plaintiff seeks compliance with the Court's prior ruling requiring limited production of World Values Network's financial records. *See* ECF No. [303] at 11–14. Defendant contends that World Values Network is a separate nonprofit organization and that Defendant, although its Chief Executive Officer, does not possess or control the requested records, so he complied with the Court's prior Order. Plaintiff disputes that contention and represents that Defendant previously obtained and produced financial information concerning World Values Network in the form of a spreadsheet in support of his Counterclaim. Plaintiff further represents that Defendant's wife serves as the organization's Chief Financial Officer. The Court **TAKES UNDER ADVISEMENT** the dispute concerning Defendant's possession, custody, or control of World Values Network's financial records under Federal Rule of Civil Procedure 34(a)(1). At the Hearing, Plaintiff agreed to provide Defendant's counsel and the Court with copies of certain World Values Network financial spreadsheets previously produced by Defendant.[1] The Court directed the Parties to exchange that information so Defendant's counsel can investigate the source of the records and his ability to obtain responsive materials. The Court will address this issue further at the continued hearing on November 9, 2026.

6. **Defendant's Personal Property and Insurance Policies (Sixth RFP Nos. 10, 13, and 21):** Plaintiff contends that Defendant has not complied with the Court's prior Order requiring production of personal property insurance policies for the preceding two years. Defendant's counsel represents that they produced the policy provided by Defendant's

[1] It was unclear which defense attorney produced the spreadsheet and when it was produced as none of Defendant's current lawyers have represented him since the inception of this lawsuit and none of the lawyers present at the Hearing knew this information.

insurance agent, consisting of an older policy ending in December 2024, but they are uncertain as to whether additional policies exist for the relevant time period. For the reasons stated on the record, Plaintiff's Oral Motion is **GRANTED**. Defendant **SHALL** produce all responsive personal property insurance policies covering the preceding two years, including any applicable renewal policies for the policy periods beginning in December 2024 and December 2025. To the extent no such policies exist, Defendant **SHALL** clearly state so in his supplemental response. The Court declines at this time to require alternative discovery regarding Defendant's personal property valued at more than $25,000. The Court will revisit that issue, if necessary, after Defendant completes the insurance-policy production.

## II. Plaintiff's Oral Motion Concerning Defendant's AI Communications and Consent to Disclosure of Deletion Logs, ECF No. [319]

Plaintiff next seeks further relief concerning Defendant's compliance with the Court's prior Orders requiring production of certain AI communications responsive to Plaintiff's Seventh RFP. *See* ECF Nos. [289], [303]. Plaintiff represents that the AI service providers have indicated that they maintain deletion logs for accounts but require Defendant's consent before releasing such information. Plaintiff therefore requests that Defendant be directed to consent to the release of his AI account information. Defendant represents that he has obtained account data from ChatGPT and Grok and provided that data to an electronic-discovery vendor for review and production of responsive, nonprivileged materials. Defendant maintains that a broader consent requirement would be unnecessary and potentially duplicative of the work already underway. For the reasons stated on the record, Plaintiff's Oral Motion is **GRANTED in part and DENIED WITHOUT PREJUDICE in part**. Specifically:

1. Defendant **SHALL** complete his review and production of responsive, nonprivileged AI communications consistent with the Court's prior Orders, ECF Nos. [289] and [303]. To the extent Defendant withholds responsive documents based on privilege, he **SHALL** comply with Federal Rule of Civil Procedure 26(b)(5)(A).
2. Defendant **SHALL** provide written consent authorizing the applicable AI service providers to disclose records or logs reflecting whether communications were deleted from Defendant's accounts during the relevant two-year period. This consent is limited to the disclosure of deletion logs.
3. Plaintiff **SHALL** prepare the proposed consent form and provide it to Defendant's counsel by the evening of **November 5, 2026**. Defendant **SHALL** execute the consent and provide it for submission to the applicable AI service providers **no later than November 6, 2026**.
4. If an AI service provider advises that the limited consent is insufficient to obtain the requested deletion logs, the Parties **SHALL** advise the Court at the continued hearing on November 9, 2026. The Court will then determine whether further relief is appropriate. The Court emphasizes that this ruling is intended to address Plaintiff's concern regarding potentially deleted responsive communications without unnecessarily requiring Defendant to repeat the electronic-discovery review already underway. The Court makes no finding that Defendant deleted responsive communications or engaged in spoliation at this time.

## III. Defendant's Oral Motion to Compel Better Responses to Defendant's Sixth Request for Production, ECF No. [320]

Defendant seeks better responses to his Sixth Request for Production, arguing that Plaintiff improperly withheld documents concerning its claimed damages based on the Court's October 10, 2025 Order. *See* ECF No. [85]. Defendant contends that Plaintiff's claims for lost profits, lost bookings, and reputational harm remain at issue because Plaintiff did not obtain leave to amend

his Complaint by interlineation to withdraw those damages claims as discussed during an earlier discovery hearing held on October 10, 2025, ECF No. [85]. At the Hearing held on November 5, 2026, Plaintiff expressly represented that it will not seek damages for lost profits or lost bookings at trial and therefore will not rely on financial records concerning lost revenue, occupancy, or canceled bookings to establish its damages. Plaintiff clarified, however, that it continues to seek damages associated with its efforts to remediate the alleged reputational harm caused by Defendant's conduct, consisting of expenses associated with online and social-media remediation marketing efforts. However, that is the limited extent of the reputational harm that Plaintiff intends to seek in this matter.

The Court memorializes Plaintiff's representations on the record that Plaintiff will not seek damages for lost profits, lost bookings, or reputational harm other than the remedial marketing costs previously identified. *See* ECF No. [85] at 4. The Court does not, by this Order, amend the operative pleading. Any request to amend the pleadings remains for the District Court. As to Defendant's remaining concerns regarding Plaintiff's discovery responses, including requests concerning surveillance footage and other materials, the Parties represented that they were in the process of discussing a potential compromise. To the extent any discovery issues involving Plaintiff's Responses to Defendant's Sixth Request for Production remain unresolved following their conferral or were otherwise unaddressed at the Hearing due to lack of time, the Court will revisit those issues at the upcoming hearing on November 9, 2026.

## IV. Plaintiff's Oral Motion for the Immediate Imposition of Coercive Sanctions, ECF No. [321]

Finally, Plaintiff requests that the Court impose a daily coercive fine or hold a show cause hearing based on Defendant's alleged failure to comply with the Court's prior discovery Orders. Plaintiff maintains that Defendant's incomplete production and extensive redactions have

prevented meaningful review of his financial condition and frustrated the discovery process. At the Hearing, the Court authorized Plaintiff to file a written motion for civil contempt, seeking contempt-related relief.[2] Any request for contempt sanctions must be presented through an appropriate motion identifying the specific conduct alleged to violate the Court's Orders and the relief requested. If Plaintiff files such a motion, Defendant will have the opportunity to file a response. Accordingly, Plaintiff's Oral Motion for the Immediate Imposition of Coercive Sanctions is **DENIED without prejudice** to Plaintiff filing an appropriate motion.

### V. Discovery Deadlines

For the reasons stated on the record and as further explained above, it is **ORDERED and ADJUDGED** that:

1. Defendant **SHALL** serve all outstanding supplemental discovery responses and produce all documents required by the Court's prior Orders and this Order, to the extent not already produced, no later than **9:00 a.m. on Monday, November 9, 2026**. To the extent the Court has expressly taken certain matters under advisement, it will issue a separate ruling as to those matters with any separate deadlines, as appropriate.
2. The Parties **SHALL** appear in-person at **Courtroom 5 of the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Miami, Florida 33128** for a continued discovery hearing/status conference on **Monday, November 9, 2026, at 3:00 p.m.** At that hearing, the Parties shall be prepared to advise the Court concerning Defendant's compliance with the outstanding production obligations, the status of the AI-provider consent, and any discovery disputes that remain unresolved.

[2] The Order Setting Discovery Procedures does not allow Parties to file written discovery motions unless they first obtain permission from the Court. *See* ECF No. [7] at 2.

3. All other rulings and obligations established by the Court's prior Orders, ECF Nos. [281], [289], [303], and [308], remain in effect.

**DONE and ORDERED** in Chambers in Miami, Florida on November 6, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record