**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-20251-KUNTZ/Elfenbein

**FONTAINEBLEAU FLORIDA HOTEL, LLC**,

Plaintiff,

v.

**SHMULEY BOTEACH JACOB**
**A/K/A SHMUEL BOTACH**, *et al.*,

Defendants.
_______________________________________________/

## ORDER AFTER CONTINUED DISCOVERY HEARING

**THIS CAUSE** is before the Court on Plaintiff Fontainebleau Florida Hotel, LLC's ("Plaintiff") Notice of In-Person Hearing, ECF No. [314], and Defendant Jacob Shmuel Botach's ("Defendant") Cross-Notice of Discovery Hearing, ECF No. [316] (collectively, the "Notices"). The Court previously held a discovery hearing on November 5, 2026, and entered an Order After Discovery Hearing, ECF No. [322], addressing several disputes concerning Defendant's compliance with the Court's prior discovery Orders and Plaintiff's responses to Defendant's Sixth Request for Production.

The Court held a continued discovery hearing on November 9, 2026 (the "Continued Hearing"). *See* ECF Nos. [323] and [326]. At the Continued Hearing, the Parties provided updates concerning Defendant's outstanding financial discovery, the production of communications with artificial intelligence ("AI") service providers, and the financial records of World Values Network. Plaintiff also orally moved for an award of attorney's fees pursuant to Federal Rule of Civil Procedure 37 based on Defendant's repeated failures to comply with the Court's discovery Orders. The Court ruled on several matters from the bench and stated on the record its reasons for those

rulings. Having considered the Parties' arguments and the record, the Court memorializes its rulings below.

**I. Plaintiff's Second Oral Motion to Compel Compliance with the Court's Prior Discovery Orders, ECF No. [327]**

For the reasons stated on the record, Plaintiff's Second Oral Motion to Compel Compliance with the Court's Prior Discovery Orders, **ECF No. [327]**, is **GRANTED in part**, with certain matters **TAKEN UNDER ADVISMENT**. At the Continued Hearing, Plaintiff represented that Defendant had not fully complied with the Court's prior discovery Orders, ECF Nos. [303] and [322], notwithstanding the November 9, 2026, at 9:00 a.m. production deadline. Specifically, Plaintiff identified outstanding UBS account statements, JP Morgan Chase retirement-account statements, state income tax returns, and documents concerning certain Goldman Sachs accounts. Plaintiff further represented that Defendant's recently produced unredacted Citibank statements revealed previously undisclosed financial transactions and accounts.

Defendant's counsel acknowledged that certain documents remained outstanding but represented that counsel had requested the information from Defendant and produced documents as they were received. The Court expressed serious concern regarding Defendant's continued noncompliance with its discovery Orders. As the Court explained at the Continued Hearing, a party may not selectively comply with an order or disregard portions of an order that the party believes are unwarranted. This has been a continued pattern in this case and Defendant has been repeatedly warned. Defendant was previously directed to produce the responsive financial records, and the deadline for doing so has passed. The Court therefore reiterates that Defendant **SHALL** comply with all outstanding production obligations imposed by the Court's prior Orders, including ECF Nos. [303] and [322], **no later than November 12, 2026 at 9 a.m.**,

except to the extent the Court has expressly reserved an issue for further determination as further explained below.

With respect to Defendant's federal and state income tax returns, the Court **TAKES UNDER ADVISEMENT** the disputes concerning the scope of the permissible redactions. The Court previously took under advisement the issue of whether Defendant's redactions to his federal income tax returns were consistent with its prior discovery Orders. *See* ECF No. [322]. At the Continued Hearing, Defendant also requested an in camera review of his state income tax returns, asserting that certain information contained therein was subject redaction consistent with the Court's prior Order. The Court granted Defendant leave to submit those returns to Chambers by email for in camera review. Accordingly, the Court will review Defendant's federal and state income tax returns in camera and resolve the outstanding disputes concerning the appropriateness of the redactions in a subsequent ruling. Nothing in this determination modifies the Court's prior discovery Orders or constitutes a ruling on the propriety of Defendant's objections or redactions.

As to World Values Network, the Court reiterates that its ruling requiring limited production of the organization's financial records to the extent these records are in Defendant's possession, custody, or control remains in effect. *See* ECF No. [303] at 11–14. The Court will not revisit its prior relevance and proportionality determinations. The sole remaining issue is whether Defendant has possession, custody, or control of the responsive documents within the meaning of Federal Rule of Civil Procedure 34(a)(1). Defendant raised this issue for the first time at the November 5, 2026 hearing, arguing that Defendant did not violate the Court's Order as he does not have possession, custody, or control of such records. Plaintiff, in turn, argued that Defendant indeed has possession, custody, or control of the records given his status as Chief Executive Officer and his ability to provide the financial information of World Values Network in support of his

prior Counterclaim. At the November 5, 2026 Hearing, the Court advised the Parties that it would take up this issue at the Continued Hearing held on November 9, 2026. To that end, Plaintiff submitted supplemental authority addressing that issue prior to the Continued Hearing. *See* ECF No. [324]. Defendant, however, failed to provide any legal authorities in advance of the Continued Hearing or at the Hearing, even though the Court's Order Setting Discovery Procedures, *see* ECF No. [7], requires that any case law be provided in advance of a discovery hearing and even though the Court expressly advised the Parties that it would take up this issue at the Continued Hearing. Despite Defendant's failure to timely provide any legal authorities, the Court *still* provided Defendant with additional time to submit any legal authority for the Court's consideration on the issue of possession, custody, or control no later than **10:00 a.m. on November 10, 2026**. As of the date of this Order, Defendant has still failed to submit any legal authorities and the time to do has passed. The Court **TAKES UNDER ADVISEMENT** that limited issue and will resolve it in a subsequent written Order.

## II. Plaintiff's Second Oral Motion Concerning Defendant's AI Communications and to Compel Signed Consent Form, ECF No. [328]

For the reasons stated on the record, Plaintiff's Second Oral Motion Concerning Defendant's AI Communications and to Compel Signed Consent Form, **ECF No. [328]**, is **GRANTED**. At the Continued Hearing, Plaintiff represented that Defendant failed to comply with the Court's prior directive requiring him to execute consent forms authorizing his AI service providers to disclose deletion logs. *See* ECF No. [322] at 5–6. Specifically, Plaintiff represented that Defendant materially modified the proposed consent forms, failed to provide the required account-identifying information, omitted the notarization, and transmitted the forms through counsel rather than from the email addresses associated with Defendant's AI accounts. Plaintiff further represented that the AI service providers would not process the consent forms as modified

by Defendant and in the way they were submitted. Specifically, Plaintiff's counsel read into the record an email from in-house counsel from Chat GPT explaining the deficiencies with the submitted consent form.

Defendant acknowledged that he executed consent forms but disputed the necessity of certain information requested by Plaintiff. Defendant also represented that his AI account data had been provided to an electronic-discovery vendor for processing and review, but the data was still being processed and counsel did not yet have access to it. The Court finds that Defendant's prior submission of the consent form did not comply with the requirements necessary for the AI service providers to process the requested authorizations and that Defendant's failure to timely produce the AI account data in his possession, custody, or control continues to violate the Court's prior Orders.

Given Defendant's failure to comply with the Court's prior Orders, including Defendant's failure to produce any responsive AI content records to date, and the imminent close of the discovery period on November 9, 2026, Plaintiff asked the Court to require Defendant to sign a more fulsome consent form for both account data, including the deletion logs, as well as content. To the extent the deletion logs reveal that Defendant did not delete any information from his accounts, Plaintiff argued it would be unnecessary for Defendant's counsel to review any duplicative data; however, to the extent any such account content was deleted, Defendant's counsel would already be in possession of the account information, obviating the need for an additional hearing for a broader consent form. In light of Defendant's failure to comply with the prior Orders, including his modification of the required consent form that, in turn, rendered it useless, and the close of the discovery period on November 9, 2026, the Court agreed with this proposed approach. Accordingly:

1. As discussed at the Continued Hearing, Plaintiff **SHALL** prepare updated consent forms authorizing the applicable AI service providers, including ChatGPT/OpenAI and Grok/xAI, to disclose **all account data and content** associated with Defendant's accounts, including but not limited to available deletion logs, and provide those forms to Defendant's counsel by the evening of **November 9, 2026**.
2. Defendant **SHALL** fully complete and execute the updated consent forms **without altering or qualifying the language required by the Court**. Defendant **SHALL** fill out all requested account-identifying information, including the applicable usernames, email addresses, and user's associated physical addresses, and **SHALL** have the consent forms notarized.
3. **No later than November 12, 2026 at 9 a.m.**, Defendant **SHALL** transmit the completed and notarized consent forms **directly to the applicable AI service providers using the email addresses associated with his respective AI accounts**. Defendant **SHALL NOT** substitute transmission of the consent form to the AI providers from any other email address, including his counsel's email address. Immediately following the submission of the consent forms, Defendant **SHALL** provide proof of such compliance to Defendant's counsel so that his attorneys are ready to confirm such compliance at the Discovery Status Conference set for November 12, 2026 at 2:30 p.m.
4. With respect to Grok/xAI, Defendant **SHALL** also submit the required authorization through the provider's privacy portal at **https://x.ai/privacy-portal**, in addition to transmitting the consent form by email as required by the provider.

The Court recognizes Defendant's concern that the expanded authorizations may require duplicative review of information already provided to his electronic-discovery vendor. However,

the Court finds that the additional authorizations are warranted in light of Defendant's failure to comply with the more limited procedure previously ordered and given the close of the discovery period. To minimize unnecessary duplication, Defendant need not conduct a second review of the newly obtained account data if the deletion logs establish that no communications were deleted. If the logs reflect deleted communications, Defendant **SHALL** review the additional data to identify and produce responsive, nonprivileged communications not previously produced.

Plaintiff also requests that the Court deem Defendant to have waived any privilege objections concerning the AI communications because Defendant has not produced a privilege log by the Court's deadline. The Court **TAKES UNDER ADVISEMENT** the issue of waiver. However, Defendant must complete his review and identify any responsive communications withheld on privilege grounds. If Defendant withholds documents based on privilege, he **SHALL** provide a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5)(A). The Court will then address any challenges to the privilege assertions, including Plaintiff's waiver argument, if necessary.

### III. Plaintiff's Oral Motion for Attorney's Fees Pursuant to Federal Rule of Civil Procedure 37, ECF No. [329]

At the Continued Hearing, Plaintiff orally moved for an award of attorney's fees incurred in connection with the repeated discovery hearings necessitated by Defendant's failure to comply with the Court's prior Orders. For the reasons stated on the record, Plaintiff's Oral Motion for Attorney's Fees Pursuant to Federal Rule of Civil Procedure 37, **ECF No. [329]**, is **GRANTED**. Federal Rule of Civil Procedure 37(b)(2)(C) provides that when a party fails to obey a discovery order, the Court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award unjust. *See* Fed. R. Civ. P. 37(b)(2)(C).

As stated on the record, the Court finds that Defendant has failed to comply with at least two prior discovery Orders, notwithstanding repeated opportunities to do so. The Court further finds that Plaintiff made good-faith efforts to obtain the required discovery without Court intervention, Defendant's noncompliance was not substantially justified, and no other circumstances make an award of expenses unjust. Although the Court accepts defense counsel's representations that counsel communicated the Court's directives to Defendant and has promptly produced documents upon receipt, those efforts do not excuse Defendant's continued failure to provide the information ordered. Accordingly, Defendant **SHALL** pay Plaintiff's reasonable attorney's fees and expenses incurred in preparing for and attending the November 5 and November 9, 2026 discovery hearings necessitated by Defendant's noncompliance. To determine the reasonable amount of the award:

1. Plaintiff **SHALL** provide Defendant's counsel with an itemized statement of the attorney's fees and expenses sought, including supporting billing records, no later than **November 23, 2026**.
2. Defendant **SHALL** review the submission and advise Plaintiff whether he agrees to the amount requested **no later than December 1, 2026**.
3. The Parties **SHALL** confer in good faith concerning the reasonable amount of the award. If the Parties are unable to reach an agreement, Plaintiff may file an appropriate motion to determine the amount of fees and expenses, supported by the relevant billing records and applicable authority. If such a motion is necessary and filed, Defendant may respond to the reasonableness of the amount requested but the Court has already determined Plaintiff's

entitlement to the award. Plaintiff **SHALL** file either a stipulation as to the amount of the attorney's fees and expenses, if undisputed, or a motion for attorney's fees and expenses, if disputed, **no later than December 11, 2026.**

**IV. Defendant's Oral Motion to Compel Better Responses to Defendant's Sixth Request for Production, ECF No. [320]**

At the Continued Hearing, the Parties advised the Court that they had reached an agreement resolving the remaining disputes concerning Plaintiff's responses to Defendant's Sixth Request for Production. *See* ECF No. [320]. Accordingly, for the reasons stated on the record, Defendant's Oral Motion to Compel Better Responses to Defendant's Sixth Request for Production, **ECF No. [320]**, is **DENIED as moot** in light of the Parties' agreement that no further relief is required concerning those requests.

**V. Discovery Deadlines**

For the reasons stated on the record and as further explained above, it is **ORDERED and ADJUDGED** that:

1. The Court will hold a Second Continued Discovery Status Conference on Thursday, November 12, 2026, at 2:30 p.m., in person at **Courtroom 5 of the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Miami, Florida 33128**. At that conference, Defendant **SHALL** provide a detailed update concerning the status of his AI discovery production, including the review being conducted by his electronic-discovery vendor, as well as his compliance with all other outstanding discovery obligations. **The Court is requiring that a knowledgeable representative from Defendant's electronic-discovery vendor be present at the Second Continued Discovery Status Conference to answer questions from the Court.** The representative may appear in person or via Zoom. *See* ECF No. [325].

2. All prior discovery Orders remain in full force and effect. Although the discovery period expired on November 9, 2026, the expiration of the discovery deadline does not relieve Defendant of, or otherwise excuse, his continuing obligation to comply fully with all outstanding discovery Orders. Defendant shall complete all outstanding discovery obligations and comply with all prior discovery Orders no later than **November 12, 2026, at 9:00 a.m.**

**DONE and ORDERED** in Chambers in Miami, Florida on November 11, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record