IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FONTAINEBLEAU FLORIDA HOTEL, LLC
d/b/a FONTAINEBLEAU MIAMI BEACH,

CASE NO. 1:25-cv-20251-JTK

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," and John Does 1-10,

Defendants.
_______________________________________/

**PLAINTIFF FONTAINEBLEAU FLORIDA HOTEL, LLC'S**
**RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTIONS**

**BURSTYN LAW PLLC**

Sean A. Burstyn, Esq.
Florida Bar No. 1028778
Andrei F. Dambuleff, Esq.
Florida Bar No. 1021160
sean.burstyn@burstynlaw.com
andrei.dambuleff@burstynlaw.com
docketing@burstynlaw.com
1101 Brickell Avenue, Suite S-700
Miami, Florida 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*

Plaintiff Fontainebleau Florida Hotel, LLC ("Plaintiff" or the "Hotel") responds to Botach's Objections to and Appeal of Magistrate Judge's Second Order After Discovery Hearing (the "Objections") (ECF No. 309).

**INTRODUCTION**

The Magistrate Judge's October 21, 2026 Order (the "Discovery Order") was entered after a multi-hour hearing and a round of supplemental briefing during which Botach's arguments were presented exhaustively and entertained patiently. The arguments, like the Objections, bordered on frivolity. At bottom, the Discovery Order, entered in aid of the District Court's reopening of discovery related to damages, carefully considered Botach's arguments, rejected them, and ruled that certain categories of Botach's communications or interactions with Artificial Intelligence ("AI") programs are relevant to damages, particularly to the malice, intent-to-harm, and statutory-cap factors of punitive damages. The Discovery Order also ruled that the total set of compelled information was not discoverable earlier because documents were created after the initial close of discovery. (*See* ECF No. 289.) After its entry, Botach took to social media to attack the Discovery Order and the process that produced it as immoral and corrupt. The Objections are the attacks translated into legalese.

The record makes clear what is actually happening here. Botach refused to comply with his counsel's instruction to get his documents ready for the October 30 production deadline. To spare him the consequences of yet another violation of a court order, he cobbled the Objections together under the baseless-in-law hope that doing so would stay the October 30 deadline and buy time until Botach could finally be coaxed into complying. But now the deadline has come and gone, the Objections did not stay his obligations, and the cat is out of the bag. The proof of the Objections' meritlessness is in the Objections themselves. Far from meeting the heavy burden to establish that the Discovery Order is *clearly erroneous* or *contrary to law*, the Objections cite not

a single case reversing a magistrate judge for compelling discovery inside a court-authorized reopening, cite no hearing transcripts, and meander through completely undeveloped *ipse dixit* arguments.

It is more of the same from Botach. The Discovery Order should be affirmed.

## APPLICABLE LEGAL STANDARD[1]

Establishing that a discovery order is contrary to law or clearly erroneous is a "heavy burden," and it is "extremely difficult to justify alteration of the magistrate judge's nondispositive actions." *Doe v. Lynn Univ., Inc.*, 2017 WL 275448 at *1 (S.D. Fla. 2017). "The standard for overturning a Magistrate Judge's Order is a very difficult one to meet." *Nat'l Ass'n for Advancement of Colored People, ex rel. Florida State Conference of Branches of NAACP v. Florida Dep't. of Corr.*, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000). It is an "exacting standard." *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015). Review of a magistrate judge's discovery order is not *de novo*. *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015).

"The 'clearly erroneous or contrary to law' standard is extremely deferential." *Noshirvan v. Couture*, 2025 WL 2383070, at *1 (M.D. Fla. 2025); *Svistina v. Elbadramany*, 2022 WL 5105199, at *2 (S.D. Fla. 2022) (same). "[E]ven to the extent the 'contrary to law' standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused." *Bell v. Chambliss*, 2015 WL 5997053, at *1 n.4 (M.D. Fla. 2015). *See also* Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure § 3069* (2d ed. 1997) ("Regarding legal issues, the language 'contrary to

[1] Plaintiff provides this section because the Objections' Legal Standards section is not accurate in its assertion of plenary review.

law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

"To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 n.92 (11th Cir. 2015). A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bales v. Bright Solar Mktg. LLC*, 2023 WL 2553953, at *1 (M.D. Fla. 2023). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *Anderson v. Bessemer City, N.C.,* 470 U.S. 564, 573-74 (1985).

"Magistrate judges have broad discretion to resolve non-dispositive discovery disputes." *Kane v. Select Med. Corp.*, 2026 WL 1830900, at *2 (M.D. Fla. 2026). A "magistrate judge, 'having fully managed the pre-trial aspect of [the] case and otherwise being fully informed with the conduct of the parties and non-parties in the discovery process, is in the best position' to resolve" discovery disputes she herself has overseen. *Mad Room, LLC v. City of Miami*, 2023 WL 4571157, at *9 (S.D. Fla. 2023).

## ARGUMENT

The Objections do not begin to approach showing that the Discovery Order defied established law or was an abuse of discretion.

### I. The Magistrate's Determination That Plaintiff Did Not Have Ample Opportunity to Discover Information That Did Not Exist Until After the Close of Discovery Was Not Contrary to Law.

Objection I misunderstands Rule 26(b)(2)(C). That rule does not operate as a *prohibition* on discovery; rather, it facilitates the *limiting* of discovery *if* the court determines that a party had ample opportunity to obtain the information. In other words, *even if* a party had prior ample

opportunity to discover the information at issue in a later discovery request, that still would not mean the party is *forbidden* from obtaining that later discovery. To that end, a decision permitting discovery—in the face of earlier ample opportunities—could not be contrary to law as long as there is *some* limitation to that later-sought discovery. This makes Botach's ask essentially impossible. He cannot establish that the Discovery Order is contrary to law. The only way he would be able to do so would be to entirely rewrite Rule 26(b)(2) and fundamentally change what it says. "Although [d]efendants may have preferred a stricter limitation . . . they are not entitled to one as a matter of law." *Washington v. Bruraker*, 2005 WL 8174663 at *2 (W.D. Va. 2005).

Next, this issue has already been decided. Plaintiff was of course always permitted to seek damages discovery. Thus, the Order ***reopening*** damages discovery necessarily determined that Plaintiff could reach back in time to complete discovery that it was previously permitted to explore but nevertheless did not complete. And in conformity with Rule 26(b)(2), that Order did limit reopened discovery to the topic of damages. Now, as an untimely collateral attack on the months-old District Court Order reopening discovery, Botach attacks the Magistrate Judge's Discovery Order that actually implements the reopening of discovery. It is untenable to (A) accept that discovery is reopened into a previously available topic (*i.e.*, damages); and (B) conclude that Plaintiff cannot pursue that topic because it was previously available. Doing so turns the Order reopening discovery on its head. That Plaintiff previously alleged the existence of some AI content does not change the point—the discovery was always permissible and the District Court reopened discovery.[2]

[2] Plaintiff wishes to note the circumstances that forced the repeated extension and ultimate reopening of the discovery cutoff. Defendant lied to the Court with malingering excuses regarding his inability to be deposed (*e.g.*, stating that debilitating back pain precluded him from traveling to Miami for his deposition only to be found traveling to Miami for a dinner party, ice skating, and kayaking) (*see* ECF No. 121) and gave demonstrably false testimony during each of his depositions. Even during the reopened discovery period, Defendant's misconduct has remained unabated.

Stemming naturally from that, Botach does not cite a single case overturning a magistrate judge's compulsion of some discovery notwithstanding that a party may have had an earlier opportunity to conduct discovery. Based on Plaintiff's own research, the likely reason for that is it has never happened. The Court should not entertain Botach's claim that the Discovery Order is contrary to law on a discovery issue for which magistrate judges have "broad discretion." *Kane v. Select Med. Corp.*, 2026 WL 1830900 at *2 (M.D. Fla. 2026).

The levels of failure in Botach's argument astound. First, he would have to establish that the Magistrate Judge defied law or was manifestly wrong in determining that Plaintiff did not have ample opportunity to discover this same requested information earlier. Second, he would have to show that the Magistrate Judge acted contrary to law or in an abuse of discretion in limiting the AI requests to those concerning Plaintiff, Plaintiff's counsel, and personnel and owners of Plaintiff. Third, he would have to support this claim notwithstanding the wide latitude magistrate judges are afforded in making discovery decisions. Botach does not come close to meeting the "exacting standard" required for reversal.

At the top, the Discovery Order devoted an entire section to Botach's Rule 26(b)(2)(C)(ii) argument, discussed and distinguished *American Key Corp. v. Cole Nat. Corp.,* 762 F.2d 1569, 1578 (11th Cir. 1985), and agreed that a limited reopening does not authorize unrestricted discovery. ECF No. 289 at 15. It then gave reasons for rejecting the objection as applied here. Plaintiff's theory "concerns an alleged continuing course of conduct," and the Discovery Order noted that responsive communications "may have been created after the original discovery period closed." *Id.* at 16. On that basis, the Magistrate Judge "decline[d] to sustain Defendant's blanket objection on the ground that Plaintiff previously could have pursued AI-related discovery." *Id.*

Botach cannot establish that this determination was contrary to law or clearly wrong, especially where he did not even argue, either before the Magistrate Judge or in the Objections,

that the requested AI data was entirely created before the original close of discovery. In other words, in trying to show the Discovery Order's premise was wrong, he does not argue, because he cannot, that the premise was wrong. And his argument that the Magistrate Judge misapplied or ignored the possibility of earlier discovery is just wrong. The consideration, as shown, is right there in the Order. To put a finer point on it, Botach points to no caselaw establishing that relevant information existing after a discovery cutoff *necessitates* that discovery be limited to after the cutoff. Moreover, the Objections' concession that Botach does not dispute that post-December 2025 AI data was properly ordered to be produced shows that there is no basis, much less even argument, that *at least* all such responsive documents must be produced.

The Objections' citation to *American Key Corp.,* 762 F.2d at 1577, does not help Botach. There, the Eleventh Circuit affirmed a denial of reopening discovery where the movant knew, at the time of filing its complaint, of the existence and relevancy of two witnesses but took no steps to depose them for *two and a half years*. The Magistrate Judge obviously did not act contrary to law by permitting discovery of items that did not exist at the close of discovery. Here, "there is new previously unavailable evidence in this case . . . Thus, previously, [p]laintiff did not have ample opportunity to obtain the discovery now sought." *Cent. Baptist Church of Albany Georgia, Inc. v. Church Mut. Ins. Co.*, 2020 WL 13178028 at *4 (M.D. Ga. 2020).

Botach's other cited cases are irrelevant, too. In *Croman Corp. v. United States*, 94 Fed. Cl. 157, 160 (2010), the court denied a motion to reopen discovery. Here, the Magistrate Judge did not reopen discovery; the District Court did so on September 17, 2026. (ECF No. 261 at 22.) Apparently, Botach would like to use *Croman Corp*. to overturn that September 17 Order, not the Discovery Order. *Coquina Investments v. Rothstein*, 2012 WL 3202273, at *1 (S.D. Fla. 2012),

does not help either.[3] There, the court did not make any determination about continuing obligations. *Id.* at *11. And the opinion certainly does not make any holding that a continuing obligation automatically means a party had an earlier opportunity to pursue discovery and therefore could not be entitled to further discovery.

Next, the Magistrate Judge was well correct—not outside allowable discretion, not contrary to law—to determine that the AI data was relevant to damages and therefore within the scope of reopened discovery. Botach really does not argue otherwise; his actual argument—Plaintiff isn't making this up—is that the Court's reopening of discovery related to damages did not expressly authorize, *i.e.,* Judge Moore did not write out word for word in that Order, the *exact* request for production that Plaintiff made, and therefore the Magistrate Judge was clearly wrong to determine that the AI data was relevant to damages. This argument does not require a response, but, as discussed *infra*, relevancy determinations are accorded enormous deference, and the 25-page Discovery Order details exhaustively how and why the requested information is relevant.

Ultimately, Botach "cite[s] no law that the order contradicts and advance[s] no argument that [Magistrate Judge Elfenbein] applied an improper legal standard or set of factors." *Servis One, Inc. v. OKS Group, LLC*, 2022 WL 1399087, at *3 (E.D. Pa. 2022). "[T]he magistrate judge committed no error but was within h[er] wide discretion in making the ruling pertaining to this issue." *Heller v. Logan Acquisitions Corp.*, 2018 WL 6075498, at *4 (M.D. Fla. 2018).

## II. The Objections Themselves Are Contrary to Law in the Argument That Relevancy Is Narrowly Construed.

Objection II raises the remarkable notion that the Magistrate Judge's determination that some of Botach's AI data is relevant was clearly erroneous. This is simply a standard he cannot meet. Like Objection I, Botach cites no caselaw that actually supports his position.

[3] The Objections describe the opinion as being dated May 14, 2012. It was entered on August 3, 2012.

As far as the Hotel can tell, Botach's argument is that the Discovery Order is clearly erroneous or contrary to law because, maybe, some of Botach's AI Communications about the Hotel, the Hotel's counsel, or the Hotel's staff might not show Botach's malicious intent. That is not how relevancy in discovery disputes works, and it is nowhere close to establishing that the Discovery Order is clearly wrong in compelling that production. "[R]elevance under the federal rules is quite broad." *Equal Employment Opportunity Comm'n v. Mia Aesthetics Clinic, ATL, LLC*, 2026 WL 1045366, at *7 (N.D. Ga. 2026). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Akridge v. Alfa Mut. Ins. Co.,* 1 F.4th 1271, 1276 (11th Cir. 2021) (same). Information is relevant if it is "conceivably helpful to plaintiff . . . ." *Griffin v. Internal Revenue Serv. & U.S. Dep't of the Treasury*, 2024 WL 3761599 at *3 (S.D. Fla. 2024).

No reasonable person could be left with the "definite and firm conviction" that the Magistrate Judge clearly got the issue wrong by compelling a set of documents that could, potentially, include a few documents that are not exactly on point. This just is not a real argument.

To the extent Objection II complains that some requests were limited while other requests required production, that is how relevancy determinations work. His argument doesn't compel reversal. In fact, it compels affirming the Discovery Order because it is a concession that the Magistrate Judge carefully considered relevance and, on that basis, sustained some objections to the requests and overruled others. Further to the point, the Court has already ruled that Botach's social-media commentary on the Hotel, its counsel, and its personnel—the categories of AI Communications compelled—are harassing, designed to interfere with this litigation (ECF Nos. 261 at 14 and 263 at 6-7), and "probative of intentionality and malice." (ECF No. 59.) Further still, the "argument" is wholesale speculation that cannot move the needle. Counsel for Botach

repeatedly emphasized that they had not reviewed any of the AI data. *See* Ex. 1, Oct. 26, 2026 Hr'g Tr. at 16:11-17, 200:16-201:17, 202:4-6.

Similarly, Botach's discussion of *Herbert v. Lando*, 441 U.S. 153 (1979), and *Faulk v. Dimerco Express USA Corp.*, 172 F.4th 844 (11th Cir. 2026), accomplishes nothing. It does not show that the Magistrate Judge clearly erred and instead amounts to an irrelevant complaint regarding relevancy that does nothing to show the Discovery Order went outside the bounds of what the law says relevancy is. *Herbert* and *Faulk*, which *support* Plaintiff's position that the AI data is relevant to punitive damages, cannot show that the Discovery Order affirming Plaintiff's position was contrary to law.

## III. Botach Waived Burden and Privacy Arguments, Which Are Discretionary-Level Decisions by a Magistrate Judge Anyway.

Objection III is meritless on one hand and waived on the other. From a general overview, Objection III does not substantively elaborate on or justify its arguments, and what Botach intends to communicate in Objection III is extremely unclear.

To the extent it is construable, Botach appears to argue that the Discovery Order is onerous. This is not an argument that the Magistrate Judge erred, nor is it supported by any evidence. Nor was it an argument presented to the Magistrate Judge, who instructed Botach to raise specific objections at the October 26 Hearing. (ECF No. 281 at 4.) At said hearing, when the Magistrate Judge asked for discussion on the Seventh RFP, Botach did not mention burden at all. (Ex. 1 at 200:6-204:16.) Botach never raised burden in his supplemental briefing. (ECF No. 282.) Botach cannot complain that the Magistrate Judge erroneously considered an argument he did not even make. His cite to *Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1348 (M.D. Fla. 2014), does not help either because there is clearly more than a "hope" that the compelled production will provide "something of relevance." Botach has never denied using AI to create harassing posts, and

the Hotel has repeatedly provided examples of these posts, including during the hearings that led to the Discovery Order. *See* ECF No. 271-3 at 55-111.

At bottom, though, Botach does not explain how the Magistrate Judge erred in compelling production of AI data. Botach presented no affidavit concerning burden on this issue. He made no specific argument regarding burden. The argument in the Objection is stilted and unspecific. And it does not even mention that the Magistrate Judge considered issues of proportionality and burden and limited permitted requests to those that are relevant to this action. (ECF No. 289 at 12, 13, 16.)

Botach did not argue privacy to the Magistrate Judge. He waived that issue. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (holding that district courts are free to ignore arguments raised in an objection that were not raised before the magistrate judge). Even if he did not, he cites no caselaw or statute showing the Discovery Order was in error as to alleged privacy concerns.

## **CONCLUSION**

Defendant simply does not want to comply with the Discovery Order. He thinks it was procured through corruption and has urged third-party custodians of the same data to obstruct justice. *See* ECF Nos. 307-2, 307-3. He filed his Emergency Motion (ECF No. 306) for relief that was denied, but he "won" anyway, because he still has not produced the responsive data despite several additional orders requiring him to do so. Indeed, in subsequent hearings before Magistrate Judge Elfenbein, his counsel admitted that they did not even collect the AI data at the time Botach sought emergency relief or filed the Objections. Ex. 1 at 16:11-17, 200:16-201:17, 202:4-6. The Objections, like the denied Emergency Motion, are transparent efforts to buy time for a defendant who was never going to comply anyway and is banking on browbeating Plaintiff into settling this case before the full scope of his misconduct and destruction of evidence comes to light. *See* ECF No. 269 (requesting a third mediation). In his own words, his goal is to "delay, delay, delay, delay"

(ECF No. 271-3 at 5) while pursuing his "motion for settlement." *Id.* Defendant must start participating in discovery in earnest. Trial is only three months away. The Discovery Order should be affirmed.

Dated: November 13, 2026
Miami, Florida

Respectfully submitted,

**BURSTYN LAW PLLC**

By: /s/ *Andrei F. Dambuleff*
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
docketing@burstynlaw.com
Andrei F. Dambuleff, Esq.
Florida Bar No. 1021160
andrei.dambuleff@burstynlaw.com
1101 Brickell Avenue, Suite S-700
Miami, Florida 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2026, a true and correct copy of the foregoing was electronically filed on the CM/ECF system, which will serve it via electronic mail on all counsel of record.

By: */s/ Andrei F. Dambuleff*
Andrei F. Dambuleff, Esq.