IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FONTAINEBLEAU FLORIDA HOTEL, LLC
d/b/a FONTAINEBLEAU MIAMI BEACH,

CASE NO. 1:25-cv-20251-JTK

Plaintiff,

v.

JACOB SHMUEL BOTACH a/k/a
"SHMULEY BOTEACH," and John Does 1-10,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff Fontainebleau Florida Hotel, LLC ("Plaintiff" or "Hotel"), pursuant to Local Rule 5.4, moves for entry of an order directing the Clerk to seal Plaintiff's Motion to Determine Attorneys' Fees and Expenses (the "Fee Motion") and its exhibits, and states as follows:

1. Pursuant to the Court's September 17, 2026 Order on Report and Recommendation (ECF No. 261), which adopted Magistrate Judge Elfenbein's recommendation that Plaintiff be awarded its reasonable attorneys' fees and expenses incurred in litigating its Motion for Sanctions (ECF No. 233 at 46), and Local Rule 7.3(a)(1), the deadline for Plaintiff to file its motion for attorneys' fees and expenses is November 16, 2026.

2. Local Rule 5.4(b)(1) requires a party seeking to file materials under seal to file a motion that sets forth the factual and legal basis for departing from the policy that court filings are public, describes the proposed sealed material with as much particularity as possible without revealing its content, and specifies the proposed duration of the requested sealing.

3. The right of access to judicial records "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in

keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In striking that balance, courts consider, *inter alia*, "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if [the information is] made public," and "the availability of a less onerous alternative to sealing." *Id.* Courts may also deny access where "court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Indeed, "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Id.*

4. This Court has already found that Defendant repeatedly and willfully violated its directive to cease harassing Plaintiff and its counsel and referring to them on social media. (ECF No. 125; ECF No. 261 at 13-17.) Defendant's conduct has continued since the Court's sanctions ruling. (ECF No. 271-3 at 55-111.) The Court has already found that Defendant's attacks threaten "a fair jury trial," including by "attempting to use public pressure to intimidate Plaintiff out of litigating." (ECF No. 263 at 5.) Indeed, he has made a point of frequently harassing Plaintiff and its counsel specifically in relation to legal bills. (*Id.*)

5. Plaintiff's proposed limited sealing amply protects the public interest because Plaintiff does not propose sealing the total hours or the total amount sought. Maintaining the confidentiality of information behind those two figures—*i.e.*, how counsel spent specific hours on a granular level or what specific rates the Hotel negotiates to pay its private attorneys—in no way harms the general public.

6. There are also compelling facts warranting the limited protection sought by this motion. First, Exhibits A-1, A-2, and A-3 contain highly confidential information that warrants protection. The unredacted time entries in Exhibit A-1 reveal the specific legal issues counsel

chose to research and the legal theories counsel pursued. Local Rule 7.3(a) itself recognizes that fee disclosures "are not intended to require the disclosure of privileged, immune, or protected material." Counsel's hourly rates are likewise highly confidential, proprietary business information that counsel does not disclose publicly and that reflects the terms of a private client engagement that includes confidential rates and time descriptions. (Declaration of Sean A. Burstyn (the "Burstyn Fee Declaration") ¶¶ 5-7.) As Local Rule 7.3(b) requires, Plaintiff has already provided Defendant's counsel with these materials, with privileged content redacted, and does not seek to limit counsel's access to them in responding to the Fee Motion. That limited disclosure, made solely to comply with the Local Rules' fee procedures, does not waive the protections that attach to these materials. *See Bakhai v. BDO USA, P.C.*, 2026 WL 1900194 at *4 (S.D. Fla. 2026) (holding that disclosure of billing records in support of a fee motion did not waive attorney-client or work-product protections). And the disclosure should not open the materials to Defendant personally, to the media, or to the public.

7. Second, sealing is necessary to prevent the Court's files from becoming a vehicle for conduct this Court has already prohibited and sanctioned. Defendant has repeatedly made unlawful attacks on Plaintiff and its counsel in relation to their collective work on this case, and is continuing to create a misleading public impression that he is on the verge of bankruptcy because he is out-resourced in this case. This particular Defendant has also made it a habit of trying to chill Plaintiff and its counsel from exercising their rights (as Plaintiff does now by filing this motion) by retaliating against their filings with harassing online posts. For example, after Plaintiff previously moved for sanctions, Defendant posted that Plaintiff's counsel should "stop billing hours and start interviewing criminal defense lawyers," which the Court cited in its sanctions ruling. (ECF No. 261 at 15.) Placing counsel's hourly rates, hours, and task-by-task billing on the

public docket would hand Defendant new material for precisely the kind of attack the Court has prohibited, turning the Court's files into a reservoir for Defendant's public attacks on Plaintiff and its counsel. Sealing this information will reduce the risk that Defendant uses Plaintiff's fees as the basis for further posts violating the Court's directive. The degree and likelihood of that injury weigh heavily against public access. *See Romero*, 480 F.3d at 1246; *Nixon*, 435 U.S. at 598. This is yet another unique circumstance warranting a sealing order in this case.

8. Next, Plaintiff's counsel has not publicly filed its rates. Plaintiff's counsel also maintains its rates as confidential, and the firm's rates vary across matters. Plaintiff's own rates in this matter are discounted relative to the undersigned's typical rates pursuant to a custom agreement. Where, as here, counsel's rates are not publicly known, courts have permitted billing records containing them to be filed under seal. *See Mine O'Mine, Inc. v. Calmese*, 2012 WL 1279827 at *4 (D. Nev. 2012) (sealing billing records containing negotiated rates that were "competitively sensitive and not publicly known"). Similarly, *Beneficial Blends, LLC v. Cargill*, 2024 WL 4556121 at *3 (M.D. Fla. 2024), permitted redaction of specific confidential pricing terms. That offers a useful analogy: the rate is the law firm's confidential service price, and the request protects only that number.

9. *Mine O'Mine*, like this case, also involved a litigant with a pattern of abusive conduct toward opposing counsel. *Mine O'Mine*, 2012 WL 1279827 at *1, *3. *See also Shark Tech LLC v. Gagnon*, 2024 WL 1145176 at *9 (S.D. Ala. 2024) (sealing billing records in connection with a motion for attorneys' fees that contained privileged information); *S.-Owners Ins. Co. v. MAC Contractors of Florida, LLC*, 2023 WL 3111291 at *1 (M.D. Fla. 2023) (permitting invoices to be filed under seal because they included privileged information); *Nike, Inc. v. Fujian Jialaimeng Shoes Co., Ltd.*, 2020 WL 137382 at *3 (D. Nev. 2020) (invoices showing rates that

were not available to competitors or the public could be filed under seal); *Mouloki v. Epee*, 2017 WL 2791215 at *2, n.2 (N.D. Ill. 2017) (same); *Ferrari Fin. Services, Inc. v. Yoo*, 2025 WL 793653 at *2 (N.D. Tex. 2025) (granting leave to file invoices under seal in connection with moving for fees); *JL Beverage Co., LLC v. Beam, Inc.*, 2014 WL 5017862 at *3 (D. Nev. 2014) (same); *Weatherford Int'l, LLC v. Ameen*, 2025 WL 4089353 at *6 (S.D. Tex. 2025) (same).

10. Plaintiff has maintained the confidentiality of Exhibits A-1, A-2, and A-3, and the unredacted portions of the Fee Motion and Burstyn Fee Declaration disclosing their contents, by designating them with the confidentiality protections of the Stipulated Protective Order. *See* ECF No. 32 ¶¶ 6, 22, 34. Plaintiff designated these materials under the Stipulated Protective Order when it served its draft Fee Motion on Defendant's counsel on October 19, 2026, pursuant to Local Rule 7.3(b).

11. The proposed sealed material consists of: (a) Exhibits A-1 (time entries), A-2 (lodestar summary), and A-3 (expenses) to the Burstyn Fee Declaration, in their entirety; (b) the portions of the Burstyn Fee Declaration disclosing hourly rates; and (c) the corresponding figures in the Fee Motion. Plaintiff is contemporaneously filing public versions of the Fee Motion and Burstyn Fee Declaration redacting only that information. This narrowly tailored approach is the least restrictive means of protecting the information at issue while preserving public access to the remainder of the filing.

12. Plaintiff requests that the sealed material remain under seal until the conclusion of this case, including any appeal, or further order of the Court.

13. A proposed order is enclosed as Exhibit 1.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests entry of an order:

(a) permitting Plaintiff to file under seal the unredacted Fee Motion, the unredacted Burstyn Fee Declaration, and Exhibits A-1, A-2, and A-3 thereto, to remain sealed until the conclusion of this case, including any appeal, or further order of the Court;

(b) providing that any order or report and recommendation on the Fee Motion state the total amount awarded without disclosing individual timekeepers' hourly rates or hours, or, alternatively, that any portion of the order or report and recommendation disclosing that information be filed under seal; and

(c) granting any other relief the Court deems appropriate.

## CERTIFICATE OF CONFERRAL

Plaintiff's counsel and Defendant's counsel conferred by phone and email on November 16, 2026, and Defendant's counsel advised that they were seeking their client's position on the relief requested herein. As of the time of filing, Plaintiff has not obtained Defendant's position on this matter.

Dated: November 16, 2026
Miami, Florida

Respectfully submitted,

**BURSTYN LAW PLLC**

By: */s/ Sean A. Burstyn*
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
1101 Brickell Avenue, Suite S700
Miami, FL 33131
Tel: (305) 204-9808

*Counsel for Plaintiff*
*Fontainebleau Florida Hotel, LLC*

**CERTIFICATE OF SERVICE**

I certify that on November 16, 2026, a true and correct copy of the foregoing was electronically filed on the CM/ECF system, which will serve it via electronic mail to counsel of record.

By: *<u>/s/ Sean A. Burstyn</u>*
Sean A. Burstyn, Esq.